IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VYGON,<br><br>      Plaintiff,<br><br>vs.<br><br>RYMED TECHNOLOGIES, INC.,<br><br>      Defendant. | C.A. No. 08-172-GMS |

**DEFENDANT RYMED TECHNOLOGIES, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

April 17, 2008

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen G. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

Counsel for Defendant
RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry C. Bunsow, Esq.
K.T. Cherian, Esq.
Scott Wales, Esq.
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | NATURE AND STAGE OF PROCEEDINGS | | 1 |
| III. | SUMMARY OF ARGUMENT | | 1 |
| IV. | STATEMENT OF FACTS | | 2 |
| | A. | The Parties | 2 |
| | B. | Background of Dispute | 2 |
| V. | ARGUMENT | | 3 |
| | A. | Legal Standard | 3 |
| | B. | The Action Should Be Dismissed in Favor of the First Filed Suit in the Middle District of Tennessee | 4 |
| | C. | It Would Be An Abuse of Discretion For The Tennessee Court To Transfer the First-Filed Suit to the District of Delaware | 6 |
| VI. | CONCLUSION | | 7 |

# TABLE OF AUTHORITIES

## CASES

*Corixa Corp. v. IDEC Pharmaceuticals Corp.*,
    No. 01-615 GMS, 2002 U.S. Dist. LEXIS 2980, at *4 (D. Del. Feb. 25, 2002) .................. 3

*Crosley Corp. v. Hazeltine Corp.*,
    122 F.2d 925 (3d. Cir. 1941) .................................................................................................. 4

*Genentech v. Eli Lilly & Co.*,
    998 F.2d 931 (Fed. Cir. 1993) .............................................................................................. 4, 5

*MedImmune Inc. v. Genentech Inc.*,
    127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) .............................................................................. 6

*Micron Tech., Inc. v. MOSAID Tech. Inc.*,
    No. 2007-1080, 2008 U.S. App. LEXIS 4387, at *20 (D. Del. Feb. 29, 2008) .................. 6

*Time Warner Cable, Inc. v. USA Video Technology Corp.*,
    520 F. Supp. 2d 579 (D. Del. 2007) ...................................................................................... 3

## I. INTRODUCTION

This motion to dismiss, or in the alternative to transfer, presents a straightforward issue for the Court. Defendant RyMed Technologies, Inc. ("RyMed") filed a suit in the Middle District of Tennessee for declaratory judgment of non-infringement of U.S. Patent No. 5,380,306 ("the '306 patent") ("the Tennessee action"). Plaintiff Vygon ("Vygon") followed with this suit in the District of Delaware, alleging the same cause of action already at issue between the parties in the Tennessee action. As this suit is the mirror image of a cause of action in the first filed suit in Tennessee, it should be dismissed and the dispute between the parties should proceed in the first filed forum: the Middle District of Tennessee.[1]

## II. NATURE AND STAGE OF PROCEEDINGS

This is an action for patent infringement brought by VyGon against RyMed on March 26, 2008, alleging that RyMed's use, manufacture, offer for sale, and sale of products including the InVision-Plus® NEUTRAL® I.V. Connector System infringe the '306 patent. (First Amended Complaint, ¶ 17; D.I. 6). The cause of action asserted in this Delaware action by VyGon is the mirror image of a cause of action between the parties filed by RyMed on October 31, 2007 in the Middle District of Tennessee. (RyMed's Amended Tennessee Complaint, Exh. F to First Amended Complaint; D.I. 6).

## III. SUMMARY OF ARGUMENT

Dismissal of this case is warranted under the first-to-file rule because it is a later-filed, mirror-image action of a cause of action in the first-filed suit pending in the Middle District of Tennessee, involving the same parties, the same patent, and the same relevant facts.

---

[1] Alternatively, RyMed requests the Court to transfer the case to the Middle District of Tennessee to be consolidated with the Tennessee action. However, there is no real reason to transfer this case to Tennessee, as the cause of action here is encompassed in the Tennessee action.

1

IV.     STATEMENT OF FACTS

    A.      The Parties

RyMed is a Delaware corporation with its principal place of business in Franklin, Tennessee located in the Middle District of Tennessee. RyMed specializes in the design, development, and marketing of innovative safety products in the field of intravenous catheter care management. (RyMed's Amended Tennessee Complaint, Exh. F to First Amended Complaint; D.I. 6).

Vygon is a French corporation having a principal place of business at 5-11, rue Adeline, 95440 Ecouen, France. Vygon claims to specialize in the design, development, manufacture, and marketing of medical devices in the field of intravenous connectors. (First Amended Complaint, ¶ 2; D.I. 6).

    B.      Background of Dispute

On September 17, 2007, Vygon's counsel sent a letter to RyMed, alleging that RyMed's InVision-Plus® NEUTRAL® I.V. Connector System, and possibly other products, infringe the '306 patent. (First Amended Complaint, Exh. C; D.I. 6). The letter also stated that "[r]emedies for patent infringement in an action at law include an award of damages and an injunction" and "[j]udicial intervention may be avoided" if RyMed cooperated with Vygon's demands. *Id.*

On October 3, 2007, RyMed's counsel sent a letter to Vygon's counsel in response, expressing RyMed's desire to resolve Vygon's concerns amicably. The letter also stated RyMed's good faith belief that RyMed's product did not infringe the '306 patent and that the patent was invalid. (First Amended Complaint, Exh. D; D.I. 6). On October 16, 2007, RyMed's counsel contacted Vygon's counsel via email in an attempt to further discuss the issue, but Vygon's counsel reiterated its demand that RyMed cease and desist. In addition, Vygon's counsel stated that "Vygon does not wish to pursue a business arrangement with RyMed or deal with RyMed other than through counsel." (First Amended Complaint, Exh. E; D.I. 6).

On October 31, 2007, in response to looming threat of litigation, RyMed filed a complaint in the Middle District of Tennessee ("the Tennessee action"), the district that includes

2

RyMed's principal place of business, against Laboratoires Pharmaceutiques Vygon, seeking a declaratory judgment that it does not infringe, nor has it ever infringed, the '306 patent. (See RyMed's First Amended Tennessee Complaint at ¶17, Exh. F to First Amended Complaint in Delaware; D.I. 6)("RyMed has not infringed and does not infringe any valid and enforceable claim of the '306 patent, either directly, indirectly, literally, or under the doctrine of equivalents."). RyMed also seeks a declaratory judgment that the '306 patent is invalid in the Tennessee action.

RyMed filed an amended complaint on March 25, 2008, adding Vygon as a '306 patent owner defendant. (RyMed's First Amended Tennessee Complaint, Exh. F to First Amended Complaint in Delaware; D.I. 6). The very next day, March 26, 2008, Vygon filed this action against RyMed, alleging that it infringed the '306 patent – *the same cause of action already at issue in the Tennessee action*. Vygon filed its amended complaint, now the operative complaint, on April 11, 2008. (First Amended Complaint; D.I. 6).

V.    **ARGUMENT**

    A.    **Legal Standard**

Under the first-to-file rule, based on and analogous to the doctrine of federal comity, there is a *heavy presumption* that a first-filed case takes precedence over a substantially similar later-filed action. *See Time Warner*, 520 F. Supp. 2d 579, 588 (D. Del. 2007) (stating the first "choice of forum should be upheld unless there are extraordinary circumstances that mandate dismissal or transfer"). The rule indisputably applies when "the cases at issue are 'mirror image' cases where the court is asked to construe the same patents." *Corixa Corp. v. IDEC Pharmaceuticals Corp.*, No. 01-615 GMS, 2002 U.S. Dist. LEXIS 2980, at *4 (D. Del. Feb. 25, 2002). The first-to-file rule promotes "judicial administration and comity among federal courts of equal rank" and should not be lightly disregarded. *Id.* at *7.

In a patent case, the first-to-file rule is governed by the law of the Federal Circuit. *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (finding that first-to-file rule in

3

patent cases is an issue that requires national uniformity). The Federal Circuit consistently applies the first-to-file rule in patent cases. "[A]bsent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Genentech*, 998 F.2d at 938. The second-filed action, particularly if it involves the same parties and the same issues, should be dismissed unless it would be unjust or inefficient to proceed with the first-filed action. *See Time Warner Cable*, 520 F. Supp. 2d at 589 (dismissing second-filed action involving same patent and technology as first-filed action, after finding it would not be unjust or inefficient to allow first-filed action to proceed in first forum).[2] The first-to-file rule applies equally where the first suit is for declaratory judgment of non-infringement of a patent and the second suit is for patent infringement. *Genentech*, 998 F.2d at 938 ("The considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action.").

### B. The Action Should Be Dismissed in Favor of the First Filed Suit in the Middle District of Tennessee

Under controlling Federal Circuit authority, this action should be dismissed in favor of the first filed suit in the Middle District of Tennessee, RyMed's home district. *See Genentech*, 998 F.2d at 938. VyGon's cause of action, that RyMed allegedly infringes the '306 patent, is duplicative of a cause of action already at issue in the Tennessee action. (See RyMed's First Amended Tennessee Complaint at ¶17, Exh. F to First Amended Complaint in Delaware) ("RyMed has not infringed and does not infringe any valid and enforceable claim of the '306 patent, either directly, indirectly, literally, or under the doctrine of equivalents."). As the second-filed action concerning the same patent, the same parties, and the same issues, this case should be dismissed in favor of the first-filed action in Tennessee.

---

[2] The Third Circuit also provides relevant guidance as to application of the first-to-file rule. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941). The Third Circuit adopted the rule nearly sixty years ago, concluding "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *Id.* at 930.

The Federal Circuit has applied the first-filed rule in situations similar to the facts at issue here. In *Genentech v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993), plaintiff Genentech filed a declaratory judgment action against the University of California and Eli Lilly in the Southern District of Indiana requesting, *inter alia*, a judicial declaration that the University's patent was invalid and not infringed. *Genentech*, 998 F.2d at 935. One day later, the University of California filed a patent infringement suit against Genentech, asserting the same patent, in the Northern District of California. *Id.* The University of California then moved to dismiss the first filed declaratory action in the Indiana court, which the Indiana court granted.[3] *Id.* On appeal, the Federal Circuit reversed, holding that it was improper for the Indiana court to dismiss the first-filed declaratory judgment action in favor of a later-filed infringement action. *Id.* at 939.

Following the law of the Federal Circuit, this Court has previously dismissed a second-filed case on similar facts. In *Time Warner Cable, Inc. v. USA Video Technology Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007), the court found that where a patent case filed first in the Eastern District of Texas concerning the same patent, same facts, and same "allegedly infringing products" as the Delaware action, the Texas case was the first-filed case. The Delaware court dismissed the second-filed case, concluding that since the Eastern District of Texas had jurisdiction first over the same subject matter, the Delaware case should be dismissed in favor of the first forum. *Id.* at 589.

The present litigation requires dismissal of Vygon's second-filed Delaware suit, in accordance with the Federal Circuit's decision in *Genentech*. Like Genentech, RyMed first brought a declaratory judgment action against Vygon with respect to the '306 patent in the Middle District of Tennessee, before Vygon filed this case - asserting the same patent and alleging infringement by the same products. This case is nothing more than a mirror image of the pre-existing cause of action already pending in the Middle District of Tennessee. There is no

---

[3] In *Genentech*, the Indiana court dismissed the case on the ground that the University of California was immune, or alternatively that that the court exercised its discretion to decline to take the declaratory judgment action.

5

legitimate basis for proceeding with this action in Delaware. Accordingly, this case should be dismissed.

### C. It Would Be An Abuse of Discretion For The Tennessee Court To Transfer the First-Filed Suit to the District of Delaware

VyGon's counsel has suggested, during the meet and confer process, that the Middle District of Tennessee should transfer the Tennessee action to Delaware. Pursuant to the Federal Circuit's recent decision in *Micron Tech., Inc. v. MOSAID Tech. Inc.*, No. 2007-1080, 2008 U.S. App. LEXIS 4387, at *20 (D. Del. Feb. 29, 2008) however, it would be an abuse of discretion for the District of Tennessee to transfer the first-filed action in Tennessee to Delaware.

The *Micron* case involves the same situation faced here: one party (Micron) filed a declaratory judgment action for non-infringement of a patent (in the Northern District of California), and the patentee (MOSAID) responded by filing a corresponding patent infringement suit in a different court (the Eastern District of Texas).[4] *Micron Tech*, 2008 U.S. App. LEXIS 4387, at *4. The patentee moved to transfer or dismiss the first filed action, which was filed in the district of the patentee's United States operations. *Id.* at *5. The Northern District of California dismissed the first-filed action. *Id.*

On appeal, the Federal Circuit reversed, holding that under the Supreme Court's subsequent decision in *MedImmune Inc. v. Genentech Inc.*, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007), declaratory judgment jurisdiction was proper, and **"it would be an abuse of discretion to transfer the action"** to the jurisdiction of the second filed action. *Micron Tech*, 2008 U.S. App. LEXIS 4387, at *20. Similarly here, it would be an abuse of discretion to transfer the Tennessee action from RyMed's home forum in Tennessee based upon a later filed suit in Delaware by VyGon, a French company. Thus, the first filed action will proceed in Tennessee.

---

[4] The present case presents an even stronger case than in *Micron*. In *Micron*, the identity of patents was not identical between the first and second filed suits. The first suit involved fourteen patents, only eight of which overlapped with the second filed suit. 2008 U.S. App. LEXIS 4387, at *4.

6

## VI.   CONCLUSION

For the foregoing reasons, RyMed respectfully requests that this Court dismiss this case, to avoid duplicative litigation and allow the first-filed action in the Middle District of Tennessee to proceed. Alternatively, RyMed requests that the Court transfer this case to the Middle District of Tennessee, so that the first filed court may determine how to proceed.

April 17, 2008                                                        BAYARD, P.A.

  /s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 29899-4130
rkirk@bayardfirm.com
(302) 655-5000

Counsel for Defendant
RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry C. Bunsow, Esq.
K.T. Cherian, Esq.
Scott Wales, Esq.
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

7

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 17, 2008, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Josy W. Ingersoll, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899


The undersigned counsel further certifies that, on April 17, 2008, copies of the foregoing document were sent by hand to the above local counsel and by first class mail to the following non-registered participant:

Maxim H. Waldbaum, Esquire
Schiff Hardin LLP
900 Third Avenue
New York, New York  10022

                              /s/ Richard D. Kirk (rk0922)
                              Richard D. Kirk

{00817113;v1}