IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VYGON, | |
| Plaintiff, | |
| v. | Civil Action No. 08-172-GMS |
| RYMED TECHNOLOGIES, INC., | |
| Defendant. | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR TRANSFER THE FIRST AMENDED COMPLAINT**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

OF COUNSEL:

Maxim H. Waldbaum
SCHIFF HARDIN LLP
900 Third Avenue
New York, New York 10022
(212) 753-5000

*Attorneys for Plaintiff Vygon*

Dated: May 5, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ..............................................................................................1

NATURE AND STAGE OF PROCEEDINGS ....................................................1

SUMMARY OF ARGUMENT ...........................................................................1

STATEMENT OF FACTS ..................................................................................2

      A.     Introduction .........................................................................2

      B.     Factual Background .............................................................5

ARGUMENT ......................................................................................................7

I.      RYMED'S MOTION TO DISMISS SHOULD BE DENIED .........................7

      A.     Legal Standard ....................................................................7

      B.     Jurisdiction Over This Case Should Be Retained Under The
              Exceptions To The First-To-File Rule...................................8

II.     RYMED'S MOTION TO TRANSFER VENUE SHOULD BE DENIED.....10

      A.     Introduction ......................................................................10

      B.     Legal Standard ..................................................................12

      C.     RyMed's Choice of A Tennessee Forum Should Be Given Little
              Deference..........................................................................13

      D.     The Convenience Of the Parties Justifies Retaining This Action .......14

      E.     The Interests of Justice Weigh In Favor Of
              Retaining Jurisdiction Over This Action ............................14

CONCLUSION ................................................................................................16

# TABLE OF AUTHORITIES

## Cases

Ade Corp. v. KLA-Tencor Corp.,
   138 F. Supp. 2d 565 (D. Del. 2001) ..........................................................................13

Argos v. Orthotec LLC,
   304 F. Supp. 2d 591 (D. Del. 2004) .........................................................................13

Benitec Australia, Ltd., v. Nucleonics, Inc.,
   495 F.3d 1340 (Fed. Cir. 2007),
   cert. denied, __ S. Ct. __, 2008 WL 17750 (U.S. 2008)..............................................9

Corixa Corp. v. IDEC Pharmaceuticals Corp.,
   No. Civ. A01-615-GMS, 2002 WL 265094 (D. Del. Feb. 25, 2002)....................9, 10

Crosley Corp. v. Hazeltine Corp.,
   122 F.2d 925 (3d Cir. 1941) .................................................................................7, 9

EEOC v. Univ. of PA,
   850 F.2d 969 (3d Cir. 1988), aff'd on other grounds, 493 U.S. 182 (1990) ........7, 10

FMC Corp. v. Amvac Chem. Corp.,
   379 F. Supp. 2d 733 (E.D. Pa. 2005)..........................................................10, 13, 14

Genentech, Inc. v. Eli Lilly & Co.,
   998 F.2d 931 (Fed. Cir. 1993) ..............................................................................8, 10

ICU Medical, Inc. v. Rymed Technologies, Inc.,
   No. 07-468, 2008 WL 205307 (D. Del. Jan. 23, 2008),
   reargument denied, (D. Del. Apr. 18, 2008)...................................................passim

Micron Technology, Inc. v. Mosaid Technologies, Inc.,
   518 F.3d 897 (Fed. Cir. 2008) ...............................................................................8, 10

Optical Recording Corp. v. Capitol-EMI Music, Inc.,
   803 F. Supp. 971 (D. Del. 1992) ...............................................................................8, 9

Pacesetter Systems, Inc. v. Medtronics, Inc.,
   678 F.2d 93 (9th Cir. 1982).......................................................................................7

Servian v. Health Data Sciences Corp.,
   Civ. A. No. 92-2693, 1992 WL 174705 (E.D. Pa. July 21, 1992) ..............................7

# TABLE OF AUTHORITIES

Smithkline Corp. v. Sterling Drug, Inc.,
    406 F. Supp. 52 (D. Del. 1975) ..................................................................14, 15

Time Warner Cable, Inc. v. USA Video Tech. Corp.,
    520 F. Supp. 2d 579 (D. Del. 2007) ..............................................................8, 9

Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,
    157 F.R.D. 215 (D. Del. 1993) ............................................................11, 12, 13

Zoetics, Inc. v. Yahoo, Inc.,
    No. 06-108, 2006 WL 1876912 (D. Del. July 6, 2006)...............................13

## Statutes

28 U.S.C. § 1331 ........................................................................................................12

28 U.S.C. § 1338 ........................................................................................................12

28 U.S.C. § 1391(c) ...................................................................................................12

28 U.S.C. § 1400(b)....................................................................................................12

28 U.S.C. § 1404(a)....................................................................................................12

**INTRODUCTION**

Plaintiff Vygon respectfully submits this answering brief in opposition to

Defendant RyMed Technologies, Inc.'s ("Defendant" or "RyMed") motion to dismiss or transfer

this case to the Middle District of Tennessee, where RyMed has brought an action for declaratory

relief (the "Tennessee Action") against Vygon, and against a subsidiary of Vygon, Laboratoires

Pharmaceutiques Vygon ("LPV").

**NATURE AND STAGE OF PROCEEDINGS**

This is an action for patent infringement brought by Vygon against RyMed on

March 26, 2008, alleging that RyMed's InVision-Plus® NEUTRAL® I.V. Connector System

infringes the '306 patent.  *See* D.I.6. (First Amended Complaint, filed April 11, 2008 (the

"Complaint")  & Compl. Ex. A.  In contrast, the Tennessee Action, which was amended on

March 25, 2008,[1] the same day Vygon informed RyMed it would bring this action, additionally

involves another party, LPV, which has no ownership rights in, or connection to, the patent-in-

suit (U.S. Patent No. 5,380,306 ("the '306 patent")), and no connection to the claims at issue or

to Tennessee.  The Tennessee Action also involves an unreleased, uncommercialized product,

which Vygon has never seen, much less accused of infringement.  Vygon moved to dismiss or

transfer the Tennessee Action on April 21, 2008, which motion is pending.

**SUMMARY OF ARGUMENT**

1.    This Court should deny RyMed's motion to dismiss under the well-

established exceptions to the "first-to-file" rule because, *inter alia*, the Tennessee Action was

---

[1] True and correct copies of the First Amended Complaint in the Tennessee Action and
Vygon's Answer and Counterclaim in the Tennessee Action are attached hereto as Exhibits A
and B to the Declaration of Maxim H. Waldbaum ("Waldbaum Decl."), dated May 5, 2008.

filed for the improper purpose of forum shopping, and is being maintained against an improper

party.  Further, the Tennessee Action concerns an alleged future RyMed product, not yet sold or

offered for sale, which Vygon has never seen, much less accused of infringement.  Thus,

RyMed's claim that these two actions are "mirror images" in support of its motion to dismiss the

Tennessee Action, is critically flawed.

        2.      RyMed's motion to transfer also should be denied because only this action

includes the proper parties and the sole appropriate product, is in the only forum where RyMed is

incorporated (and is admittedly more convenient for both parties), and is the situs of another

pending patent infringement action against RyMed on the same product at issue here.

        3.      Alternatively, this Court should stay resolution of RyMed's motion

pending a decision by the Tennessee District Court on Vygon's motion to dismiss or transfer.

## STATEMENT OF FACTS

### A.    Introduction

        By way of background, this is a case of a race to a Tennessee courthouse by the

Defendant, an alleged patent infringer, to sue LPV, a corporation that has no right, title or

interest in the patent-in-suit, and has had no pertinent relations with RyMed.  *See* Waldbaum

Decl. Ex. C (attaching Declaration of Michael Hanania, submitted in the Tennessee Action,

dated April 21, 2008).  As part of its apparent strategy to omit facts relevant to this Court's

analysis, RyMed in its motion makes no mention of LPV or its improper suit against LPV.

Instead, it erroneously claims that the Tennessee Action is a "mirror image" of this action.

RyMed Br. at 1.  Relevant facts RyMed omits, discussed in detail below, include:

      

- The pending *ICU* case in this District before Judge Farnan[2], a patent infringement case involving one of the same accused products as in this case;

- RyMed's inclusion of LPV in the Tennessee Action;

- RyMed's inclusion in the Tennessee Action of an additional, unreleased product also at issue in *ICU*;

- The limited business at RyMed's Tennessee "headquarters" relevant to this case; and

- RyMed's relevant business operations in the geographic area near this District but far from Tennessee.

RyMed objects to this action proceeding, even though Delaware is where RyMed chose to incorporate, where RyMed does business, and where certain of Vygon's U.S. subsidiaries are incorporated. In addition, Vygon's U.S. subsidiaries have principal places of business in nearby Pennsylvania. Indeed, in *ICU*, where RyMed unsuccessfully employed the same tactics, RyMed lost its motion to transfer from Delaware to California, in which it identified California and Mexico as the locations of its main business operations but made little or no mention of Tennessee. RyMed also admitted in *ICU* that it does business nationwide, including in Delaware and Maryland.

In RyMed's Tennessee Action, RyMed accuses both LPV and Vygon of alleging infringement of the patent-in-suit by RyMed's apparently future and unreleased product known as the "InVision-Plus® NEUTRAL® with Modified Boot" (the "Modified Boot"). However, RyMed has not advertised, promoted, sold or offered for sale this product anywhere. Vygon was

---

[2] *ICU Medical, Inc. v. RyMed Technologies, Inc.*, No. 07-cv-468-JJF (D. Del., filed July 27, 2007) (hereinafter referred to as "*ICU*") (docket attached as Waldbaum Decl. Ex. D).

not aware of such product and has not referred to it in any relevant contact with RyMed, much less threatened RyMed with infringement of this product.

Thus, the Tennessee Action is needlessly complicated with (1) an additional, incorrectly added, party (LPV), and (2) claims concerning a non-existent product, over which this Court, or any court, likely has no jurisdiction, both of which will require wasteful motion practice before the Tennessee court. The morass of inconsistencies crafted and maintained by RyMed provides a clear basis for this Court to invoke one or more of its well-settled exceptions to the equitable and discretionary "first-to-file" rule and deny RyMed's motion to dismiss.

With respect to RyMed's motion to transfer, Vygon, a French corporation with its headquarters in Ecouen, France, has no meaningful connection to Tennessee. Rather, its primary connection to the United States is through its subsidiary, Vygon Corp., a Delaware corporation headquartered in Norristown, Pennsylvania, approximately 35 miles from Wilmington, Delaware, as compared to over 800 miles from Nashville, Tennessee. Vygon Corp., in turn, and as discussed below, has a Delaware subsidiary that does business in Norristown and two Pennsylvania subsidiaries approximately 10 miles from Norristown in Horsham.

RyMed, a Delaware corporation, is litigating the *ICU* case in this District relating to the same product (as well as the Modified Boot), and therefore can claim no inconvenience. Thus, the interests of judicial economy would be well-served by denying RyMed's motion to transfer. Further, as a Delaware corporation, RyMed should expect to defend lawsuits there, as recognized by the *ICU* court. *ICU Medical, Inc. v. Rymed Technologies, Inc.*, No. 07-468, 2008 WL 205307, at *3 (D. Del. Jan. 23, 2008), *reargument denied*, (D. Del. Apr. 18, 2008); Waldbaum Decl. Ex. E (attaching Memorandum Order on Reargument). Thus, this is not a case of merely shifting burdens of inconvenience, particularly given the interests of justice analysis.

B.    <u>Factual Background</u>

Plaintiff Vygon is a French corporation with principal places of business in Ecouen, France and at its subsidiaries' headquarters in Pennsylvania.  Compl. ¶ 2; Declaration of Charles Hokanson, dated May 2, 2008 ("Hokanson Decl." ) ¶ 2.  Vygon specializes in the design, development, manufacture and marketing of medical devices in the field of intravenous connectors.  Compl. ¶ 2.

Defendant RyMed is a Delaware corporation with business headquarters for RyMed executives in Franklin, Tennessee.  *See* Compl. ¶ 3.  RyMed alleges that it manufactures, advertises, develops, markets, offers for sale and sells products (including the accused product) nationwide in the field of intravenous catheter care management.  *See id*. ¶ 7.  It appears that RyMed has no manufacturing facilities for the allegedly infringing product in Tennessee.  In *ICU*, RyMed admitted that manufacturing takes place in California and Mexico.  Waldbaum Decl. Ex. F ¶¶ 3-5.  RyMed also has a contractual relationship and does business with a Vygon subsidiary, Churchill Medical Systems, Inc. ("Churchill"), a Pennsylvania corporation in Horsham, Pennsylvania, regarding Churchill's assembly of the product at issue in this case.  The product assembly takes place at Churchill's Dover, New Hampshire manufacturing facility.  *See* Hokanson Decl. ¶ 6.

The technology at issue in this case – and the invention claimed in the '306 patent – relates to a unitary composite connector for a liquid circuit, in particular for medical applications.  Compl. Ex. A.  The inventor listed in the '306 patent is Thierry Brinon, a former Vygon employee who conceived, developed, and reduced to practice the claimed invention in

France.  He assigned the entire right, title and interest in the '306 patent to Vygon.  Compl. Ex. B.  This assignment was recorded in the public assignment records of the United States Patent and Trademark Office ("PTO") on February 1, 1993.  *Id.*  LPV, an improperly named defendant in RyMed's Tennessee Action, never possessed, and does not now possess, any right, title or interest in the '306 patent.  *Id.*; Waldbaum Decl. Ex. C ¶ 5.

On September 17, 2007, Vygon's counsel, in a letter to RyMed ("the September 17 Letter"), alleged that RyMed's InVision-Plus® NEUTRAL® I.V. Connector System and possibly other products, infringed the '306 Patent.  Compl. Ex. C.  Vygon requested that RyMed cease and desist its infringing activities with respect to the '306 Patent.  *Id.*  RyMed responded by letter dated October 3, 2007, refusing to halt its infringing activities.  Compl. Ex. D.  In an effort to resolve the dispute, the parties engaged in subsequent electronic mail correspondence and telephone communication until October 18, 2007.  *See id.* ¶ 12 & Ex. E.

On October 31, 2007, RyMed filed suit against only LPV in the Middle District of Tennessee, and served its first complaint on February 12, 2008, requesting a declaration that the '306 patent is invalid and not infringed.  Waldbaum Decl. Ex. G ¶¶ 19-22.  RyMed also sought declaratory relief in connection with the Modified Boot, but conceded that such product was not yet advertised, promoted, marketed, sold or offered for sale.  *See id.* ¶¶ 9, 13; Waldbaum Decl. ¶ 2.

On or about March 25, 2008, in the spirit of cooperation and to clear up pleadings known by RyMed to be wrong, Vygon's counsel informed RyMed's counsel that LPV owned no right, title or interest in the '306 patent and supplied related documentary support.  Vygon further informed RyMed's counsel that Vygon planned to sue RyMed in Delaware for infringement of the '306 patent.  *See* Waldbaum Decl. ¶ 5 & Ex G.  On March 25, 2008, RyMed amended its

- 6 -

complaint to add Vygon as a Defendant but retained LPV.  *Id.* Ex. A.  In its First Amended

Complaint in the Tennessee Action, RyMed falsely alleges that both LPV and Vygon have

ownership interests in the '306 patent and that Vygon is "d/b/a/ Vygon S.A. and/or Laboratoires

Pharmaceutiques Vygon".  *Id.* Ex. A ¶¶ 3, 10.  One day later, on March 26, 2008, Vygon sued

RyMed for patent infringement in this District.  On April 21, 2008, Vygon and LPV moved to

dismiss or alternatively to transfer the venue of the Tennessee Action.

        For the reasons below, this Court should deny RyMed's motion in its entirety or

stay its decision pending resolution of Vygon and LPV's motion to dismiss or transfer the

Tennessee Action.

## ARGUMENT

## I.    RYMED'S MOTION TO DISMISS SHOULD BE DENIED

### A.    Legal Standard

        Under the first-to-file rule, "the court which first had possession of the action

must decide it."  *Servian v. Health Data Sciences Corp.*, Civ. A. No. 92-2693, 1992 WL 174705,

at *1 (E.D. Pa. July 21, 1992).  However, the well-settled exceptions are "[r]are or extraordinary

circumstances, inequitable conduct, bad faith, and forum shopping . . . all situations where the

court's discretion justifies retention of an action and departure from the 'first filed' rule."  *Id.*

The *Servian* court distinguished the court's holding in *Crosley Corp. v. Hazeltine Corp.*, 122

F.2d 925, 929 (3d Cir. 1941), on which RyMed relies (*see* RyMed Br. at 4), because *Crosley* did

not mention these exceptions.  *See Servian*, 1992 WL 174705, at *1; *see also EEOC v. Univ. of

PA*, 850 F.2d 969, 976 (3d Cir. 1988) ("the first-filed rule 'is not a rigid or inflexible rule to be

mechanically applied . . . .'") (*quoting Pacesetter Systems, Inc. v. Medtronics, Inc.*, 678 F.2d 93,

95 (9th Cir. 1982)), *aff'd on other grounds*, 493 U.S. 182 (1990).

- 7 -

**B.     Jurisdiction Over This Case Should Be Retained Under The Exceptions To The First-To-File Rule**

Vygon has amply demonstrated that the Court should apply an exception to the first-to-file rule here.  First, these two actions are not a "mirror image" of one another, in light of RyMed's suit against LPV and RyMed's claims concerning the Modified Boot in the Tennessee Action.  *See* Discussion at 2-4.  Thus, this Court should reject RyMed's citations to authority that focus, in applying the first-to-file rule, on the "mirror image" attributes of the two actions.  *See* RyMed Br. at 3-6 (*citing Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007); *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897 (Fed. Cir. 2008); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993)).  RyMed's analysis on this point and in general advocates a bright line application of the first-to-file rule (*see* RyMed Br. at 3 & 4 n.2), which, as noted, is contrary to settled case law in this Circuit.

Second, with respect to RyMed's motive in filing the Tennessee Action, RyMed filed it in anticipation of an infringement suit by Vygon based on Vygon's correspondence to RyMed, with such haste that it failed to perform basic and fundamental research required to identify the patent holder in the assignment files of the PTO.  Even after Vygon informed RyMed that LPV was the wrong party (*see* Waldbaum Decl. ¶ 5), RyMed failed to omit LPV from its amended complaint.  Indeed, RyMed did not name the patent owner, Vygon, as a defendant in the Tennessee Action until March 25, 2008, when it amended its Complaint, the day before Vygon sued RyMed in this District.  RyMed filed the Tennessee Action (solely against the wrong party) several months earlier than this action, but that time period reflected the parties' ongoing settlement negotiations and RyMed's dilatory service of process.

Third, retaining this action serves the important interests of judicial efficiency, judicial economy and avoiding conflicting judgments.  In *Optical Recording Corp. v. Capitol-*

- 8 -

*EMI Music, Inc.*, 803 F. Supp. 971, 972-74 (D. Del. 1992), the first-filed action, as here, was a

declaratory judgment action concerning patent infringement. *Id.* at 972. The court first

recognized this Circuit's modification of C*rosley* to include exceptions to the first-filed rule. *Id.*

at 972-73. The *Optical Recording* court had presided over the previous litigation concerning the

same patents and was familiar with the patents and related technology. *Id.* at 973. The court

held that, given the related case, retaining jurisdiction over the second-filed action would "reduce

the expenditure of judicial resources" (*id.* at 974), and explained that that "alone is sufficient . . .

to justify departure from the first-filed rule." *Id.*

As in *Optical Recording*, retaining jurisdiction over this action will serve the

goals of efficiency and judicial economy because it will avoid substantial and costly disputes

concerning LPV and the Modified Boot.[3] Further, given *ICU*, the information concerning the

accused product will be available within this District, which could avoid potentially inconsistent

findings. *See EEOC*, 850 F.2d at 971 ("District Courts have always had discretion to retain

jurisdiction given appropriate circumstances justifying departure from the first-filed rule.").[4]

---

[3] Vygon has moved the district court in the Tennessee Action to dismiss RyMed's claims
with respect to the Modified Boot for lack of subject matter jurisdiction. *See Benitec Australia,
Ltd., v. Nucleonics, Inc.*, 495 F.3d 1340, 1348-49 (Fed. Cir. 2007) (finding no subject matter
jurisdiction over claims for declaratory relief in connection with a future product not accused of
infringement), *cert. denied,* ___ S. Ct. ___, 2008 WL 1775071 (U.S. Apr. 21, 2008); *see also*
Waldbaum Decl. ¶ 2.

[4] Despite this settled law emphasizing a court's discretion to retain jurisdiction over a
second-filed action, RyMed's counsel, in a conference call on March 25, 2008 and in a letter
dated April 14, 2008 (Waldbaum Decl. Ex. H), has threatened Vygon with sanctions if Vygon
does not dismiss this action. *See id.* ¶ 3 & Ex. I (attaching Vygon's response dated April 21,
2008). However, RyMed intentionally misreads its own case law, not surprising for a company
that intentionally sued the wrong defendant after being informed and being provided proof
concerning such error. All of the cases cited in RyMed's letter and its brief (RyMed Br. at 3-4)
emphasize this Court's discretion in exercising jurisdiction whether or not the case is the "first-
filed" action, including discretion to deny a motion to transfer a second-filed action. *See Time
Warner Cable, Inc.*, 520 F. Supp. at 587-89; *Corixa Corp. v. IDEC Pharmaceuticals Corp.*,

Accordingly, this Court should decline RyMed's "invit[ation] . . . to engage in a rather wooden review of the first-to-file rule and its relationship to the instant matter involving alleged . . . infringement . . . [which] eat[s] away at the foundation of the well-established and controlling exceptions to the first-to-file rule." *FMC Corp. v. Amvac Chem. Corp.*, 379 F. Supp. 2d 733, 752 (E.D. Pa. 2005) (*citing EEOC*, 850 F.2d at 972); *cf.* RyMed Br. at 3 & 4 n.2.

## II.   RYMED'S MOTION TO TRANSFER VENUE SHOULD BE DENIED

### A.   Introduction

The traditional section 1404(a) factors discussed, *infra* in Section II.B. – none of which was mentioned, much less addressed, by RyMed in its papers – should be evaluated against the broader perspective that, in *ICU*, RyMed unsuccessfully argued for an exception to

---

No. Civ. A01-615-GMS, 2002 WL 265094, at *2-3 (D. Del. Feb. 25, 2002); *Genentech, Inc.*, 998 F.2d at 936.

Moreover, none of those courts was faced with the situation here, where RyMed sued the wrong party and maintained its suit against the wrong party even after being given public records by Vygon's counsel demonstrating the error. Despite the Tennessee Action being the first-filed as a technical matter, RyMed's conduct should factor into the Court's analysis of RyMed's motion.

RyMed also insists in its letter that the facts in *Micron* are "substantially identical" to those here and require dismissal of this action. *See also* RyMed Br. at 6. However, in *Micron*, the declaratory judgment plaintiff had neither a pending action concerning the same accused product in the same state and District where the infringement action was pending, nor was there evidence that the declaratory judgment plaintiff had failed to bring such facts to such court's attention. *Micron* also did not evaluate the inconvenience to a party that already is litigating in the same jurisdiction concerning the same product. The *Micron* court further did not concern a plaintiff that was incorporated in the state in that same jurisdiction. As discussed, *infra*, settled Delaware law gives strong consideration to the convenience of a Delaware corporation litigating in Delaware and the corporation's expectation of being sued there. Finally, *Micron* concerned a patentee whose principal place of business for its U.S. operations was in the first-filed forum, as opposed to this case, where Vygon has no direct connection to the United States, much less to Tennessee, and the principal place of business for its U.S. subsidiaries is much closer to this District than to Tennessee. *See Micron*, 518 F.3d at 905; *cf.* RyMed Br. at 6 (noting, in support of its motion, that in *Micron* the first-filed case was filed in the patentee's home forum of its U.S. subsidiary, and incorrectly analogizing it to this case, where RyMed is not the patentee).

- 10 -

the first-to-file rule and lost its motion to transfer out of this District to the Central District of

California. *See* Waldbaum Decl. Ex. E. Thus, this Court should take judicial notice of the recent

admissions made by RyMed in *ICU* (none of which is mentioned by RyMed in its papers), as

follows:

- RyMed is incorporated in Delaware and sells its products nationwide. Waldbaum Decl. Ex. J at 2;

- "RyMed manufactures and distributes its products from the Central District of California." *Id.* at 4;

- "RyMed . . . has significant ties to California." Waldbaum Decl. Ex. K at 7;

- "RyMed has never contended that it did not sell its products nationally and that some product may make its way into Delaware." Waldbaum Decl. Ex. J at 4;

- RyMed has a distributor in Salisbury, Maryland, which is located just seven miles from the Delaware border. *Id.*;

- RyMed's main business operations with respect to the product at issue are located in California and Mexico. Waldbaum Decl. Ex. F ¶¶ 2-5;

- "Many of the documents regarding RyMed's manufacturing and distribution activities are located in the Central District of California." Waldbaum Decl. Ex. J at 6; and

- RyMed's own web site reflects that RyMed sells the products at issue nationally, including in Delaware. *See* Waldbaum Decl. Ex. L.

RyMed has effectively admitted that Tennessee is not the focus of its business

operations for purposes of the accused product. Rather, RyMed admits to doing business

nationwide, including in this District and in neighboring states. *See generally Wesley-Jessen*

*Corp. v. Pilkington Visioncare*, *Inc.* 157 F.R.D. 215, 218 (D. Del. 1993) ("As Visioncare is a

substantial corporation that operates in the national market place and as it has developed its

business in anticipation of doing business around the country, it has not been able to identify any unique or unusual burden that this litigation places on its business operations.").

RyMed mentions none of these facts here, and, indeed, misleads the Court by referring only to Tennessee in connection with its business operations, particularly since apparently no business relevant to RyMed's motion is done in Tennessee. RyMed Br. at 2, 3, 6. Accordingly, RyMed cannot claim that litigating in Delaware would inconvenience it relative to litigating in Tennessee or that remaining in Delaware would simply shift the burden of inconvenience from Vygon to RyMed.

**B.** <u>**Legal Standard**</u>

Section 1404(a) provides: "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Here, the Tennessee District Court does not have personal jurisdiction over LPV, or subject matter jurisdiction over the claims against LPV. *See* Waldbaum Decl. ¶ 3 & Ex. C; Discussion at 2-4. Thus, transferring this action to Tennessee to be consolidated with the Tennessee Action will result in continued and wasteful motion practice concerning, *inter alia*, personal and subject matter jurisdiction. However, this case was properly brought in Delaware, where the Court has personal jurisdiction over RyMed, subject matter jurisdiction over the claims at issue, and proper venue. *See* Compl. ¶ 5 (alleging personal jurisdiction); *id.* ¶ 4 (citing 28 U.S.C. §§ 1331, 1338, concerning subject matter jurisdiction); *id.* ¶ 6 (citing 28 U.S.C. §§ 1391(c) and 1400(b), concerning venue).

This Court has broad discretion under section 1404(a), including to deny a motion to transfer venue. *See* Waldbaum Decl. Ex E at 3 (attaching *ICU Medical v. RyMed Tech.*, Mem. Order, dated April 18, 2008). As RyMed argued in its papers in *ICU*, "[t]he general rule that courts will favor the first-filed case . . . is overcome in a Section 1404 analysis where

- 12 -

'considerations of judicial and litigant economy, and the just and effective disposition of disputes, require[] otherwise.'"  Waldbaum Decl. Ex. K at 9.

In *ICU Med.*, 2008 WL 205307, at *2, the court articulated the private and public interest factors applicable to a motion to transfer.  The relevant private interest factors include: (1) "the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, [and] . . . [(3)] the convenience of the parties due to their relative physical and financial condition." *Id.*  The relevant public interest factors include: (1) "the local interest in deciding local controversies in the home forum," *id.*, [and] (2) "the public policies of the two fora." *Id.*

## C.    RyMed's Choice of A Tennessee Forum Should Be Given Little Deference

This Court should give little deference to RyMed's choice of forum in the Tennessee Action because Tennessee is not the location of its main business operations or where the accused product is developed, marketed or sold.  *See FMC Corp.*, 379 F. Supp. 2d at 750 (noting the deference given to a plaintiff which files suit in its "home forum" and explaining that "home forum" refers to "where the company is located and its products are developed").

Further, because RyMed is incorporated in Delaware, it should expect to litigate here.  As the court explained in *Wesley-Jessen Corp.*, 157 F.R.D. at 218:

> [a] . . . reason for finding Visioncare has failed to show that the convenience of the parties and the witnesses favors a transfer of this action from Delaware to California relates to Visioncare's status as a Delaware corporation.   . . . [It] should . . . expect that the corporation may have to respond to litigation both at [its] principal place of business and in their state of incorporation.  Absent some showing of a unique or unexpected burden, these corporations should not be successful in arguing that litigation in [its] state of incorporation is inconvenient.

*Id.; see also ICU Med.*, 2008 WL 205307, at *3; *Zoetics, Inc. v. Yahoo, Inc.,* No. 06-108, 2006 WL 1876912, at *6 (D. Del. July 6, 2006); *Argos v. Orthotec LLC,* 304 F. Supp. 2d 591, 598 (D. Del. 2004); *Ade Corp. v. KLA-Tencor Corp.,* 138 F. Supp. 2d 565, 572-73 (D. Del. 2001).

In contrast, Vygon strongly prefers to remain in this District. Vygon's subsidiaries' U.S. headquarters are located in the Philadelphia area, as compared to approximately 800 miles from Nashville. Vygon has no offices in Tennessee and does not regularly transact product-related business there. Hokanson Decl. ¶ 7.

    **D.**    <u>**The Convenience Of The Parties Justifies Retaining This Action**</u>

The convenience to Vygon is as discussed in the previous Section. With respect to RyMed, it rushed to initiate suit in Tennessee despite the fact that the majority of its employees with knowledge of the accused product are likely located outside Tennessee. Its business operations, including manufacturing and marketing relevant to the accused product and the related patent infringement claims, are nationwide and focused far more in California (where it chose to sue ICU) and Mexico than in Tennessee. Additionally, RyMed regularly transacts business with Churchill, which, as noted, is located in Pennsylvania. Hokanson Decl. ¶ 6.

Likewise, RyMed's failure to mention in *ICU* any Tennessee-related business activities (and its failure to provide any relevant information to this Court concerning its business activities) suggests that no relevant or significant business operations take place there. Further, RyMed apparently will be required to have such employees travel to Delaware for the *ICU* case. RyMed's counsel likely will be in Delaware regularly, facilitating case-related scheduling for both parties. Thus, the convenience to RyMed of litigating in Tennessee is vastly diminished. Denying RyMed's motion to transfer will increase the overall convenience of the parties.

    **E.**    **The Interests of Justice Weigh In Favor Of**
            <u>**Retaining Jurisdiction Over This Action**</u>

"Judicial economy and common sense seem to favor resolving the instant litigation in this Court." *SmithKline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 56 (D. Del. 1975) (*cited in* Waldbaum Decl. Ex. K at 10); *see also FMC Corp.*, 379 F. Supp. 2d at 755;

Discussion at Section B.  Resolution of the parties' claims in this action will involve analyzing and construing claims of the same patent, applying the patent to the only product at issue here, and considering the same patent validity issues as RyMed has raised in the Tennessee Action. *See* Compl. ¶¶ 7, 9, 16-20; *cf.* Waldbaum Decl. Ex. A ¶¶ 7-9.  Both cases will involve the same discovery, documentary evidence and witness testimony.

Further, this case is not a local controversy in which Tennessee has a particular interest, but rather concerns nationwide conduct.  As the Delaware court found, denying RyMed's attempted motion to transfer in its companion case on the same RyMed product, "there is no strong local interest in litigating this action in the Central District of California.  The instant action is a patent infringement case and patent rights generally do not give rise to a local controversy or implicate local interests."  *ICU Med.*, 2008 WL 205307, at *5.

Finally, as RyMed argued in *ICU*, there is a strong public policy in favor of litigating related patent cases (here, this lawsuit and the Tennessee Action, in the event the Tennessee Action is not dismissed) before the same court, which, for the reasons above, should be this Court.  *See* Waldbaum Decl. Ex. K at 10 (citing *SmithKline*, 406 F. Supp. at 56) ("The extreme factual complexity of the underlying issues in [a] patent case implicates an additional reason" to try related patent cases in the same tribunal, as "only one judge need be educated with regard to the intricacies of the patents involved.")).

Thus, following settled law, this Court should deny RyMed's motion to transfer in its entirety.

## **CONCLUSION**

For all the reasons set forth above, Vygon respectfully requests that the Court

deny RyMed's motion to dismiss or transfer in its entirety.

Dated:  May 5, 2008

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


/s/ *Karen E. Keller*
Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

OF COUNSEL:

Maxim H. Waldbaum
SCHIFF HARDIN LLP
900 Third Avenue
New York, New York  10022
(212) 753-5000


*Attorneys for Plaintiff Vygon*

- 16 -

## <u>CERTIFICATE OF SERVICE</u>

I, Karen E. Keller, Esquire, hereby certify that on May 5, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard D. Kirk, Esquire
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19899-5130

I further certify that on May 5, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**

> Scott Wales, Esquire
> Howrey LLP
> 525 Market Street, Suite 3600
> San Francisco, CA  94105
> WalesS@howrey.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Karen E. Keller*
Josy W. Ingersoll (#1088)
*jingersoll@ycst.com*
John W. Shaw (#3362)
*jshaw@ycst.com*
Adam W. Poff (#3990)
*apoff@ycst.com*
Karen E. Keller (#4489)
*kkeller@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600