UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VYGON,<br><br>            Plaintiff,<br><br>      v.<br><br>RYMED TECHNOLOGIES, INC.<br><br>            Defendant. | Civil Action No. 08-172-GMS |

**DECLARATION OF MAXIM H. WALDBAUM IN SUPPORT OF
VYGON'S OPPOSITION TO RYMED'S MOTION TO DISMISS OR TRANSFER**

I, Maxim H. Waldbaum, declare:

1.      I am a partner of the firm Schiff Hardin LLP, attorneys for Plaintiff Vygon in the above-captioned matter.  I am admitted *pro hac vice* in this Court.  I have actual knowledge of the facts set forth herein and, if called as a witness would competently testify thereto.

2.      Upon information and belief, RyMed Technologies, Inc. ("RyMed") has not to date advertised, promoted, marketed, sold or offered for sale the product known as the "InVision-Plus® NEUTRAL® with Modified Boot."  Neither Vygon nor its counsel has seen a prototype or model of this product or evaluated it to determine whether it infringes upon any Vygon patent.

3.      On October 31, 2007, RyMed sued Vygon and Laboratoires Pharmaceutiques Vygon ("LPV") in the Middle District of Tennessee (the "Tennessee Action") and amended its complaint on March 25, 2008.  *See* Exhibit A, attaching a true and correct copy of the First Amended Complaint in the Tennessee Action, without exhibits; Exhibit B, attaching a true and

correct copy of the Answer and Counterclaim of Vygon and LPV in the Tennessee Action, without exhibits.

4.      On April 21, 2008, Vygon and LPV moved to dismiss the Tennessee Action for lack of personal and subject matter jurisdiction. The district court in the Tennessee Action has not yet held any hearing or conference in this action.

5.      On March 25, 2008, prior to receiving the First Amended Complaint in the Tennessee Action or being aware that it was filed, I spoke by telephone with Scott Wales, counsel for RyMed, regarding the Tennessee Action. During the conversation, I explained to Mr. Wales that Vygon and LPV are separate entities, that LPV owned no right, title or interest in the patent-in-suit, and promised to supply documentary support. I also informed Mr. Wales that Vygon would be suing RyMed in this District for infringement of the same patent-in-suit. Mr. Wales threatened Vygon and LPV with sanctions if a complaint was filed against RyMed in this District.

6.      Shortly after the telephone call with Mr. Wales, my colleague Lori D. Greendorfer sent to Mr. Wales by electronic mail print-outs of the listings for LPV and Vygon in the French corporate registry. *See* Exhibit G, attaching true and correct copies of such documents.

7.      Attached as Exhibit C is a true and correct copy of the Declaration of Michel Hanania in Support of Defendants' Motion to Dismiss or Transfer, filed in the Tennessee Action.

8.      Attached as Exhibit D is a true and correct copy of the Docket in *ICU Medical Inc. v. RyMed Technologies Inc.*, No. 07-468 (D. Del.) (current as of May 1, 2008).

9.      Attached as Exhibit E is a true and correct copy of the Memorandum Order Denying RyMed's Motion for Reargument of Memorandum Order Denying Motion to Transfer Venue, *ICU Medical Inc. v. RyMed Technologies Inc.*, No. 07-468 (D. Del. Apr. 17, 2008).

10.      Attached as Exhibit F is a true and correct copy of the Declaration of Dana William Ryan in Support of RyMed's Motion to Transfer Venue, *ICU Medical Inc. v. RyMed Technologies Inc.*, No. 07-468 (D. Del. Oct. 11, 2007).

11.      Attached as Exhibit H is a true and correct copy of a letter from Scott Wales to Maxim Waldbaum, dated April 14, 2008.

12.      Attached as Exhibit I is a true and correct copy of a letter sent from Maxim Waldbaum to Scott Wales, dated April 21, 2008.

13.      Attached as Exhibit J is a true and correct copy of the Reply Brief in Support of RyMed's Motion to Transfer Venue, *ICU Medical Inc. v. RyMed Technologies Inc.*, No. 07-468 (D. Del. Nov. 5, 2007).

14.      Attached as Exhibit K is a true and correct copy of the Opening Brief in Support of RyMed's Motion to Transfer Venue, *ICU Medical Inc. v. RyMed Technologies Inc.*, No. 07-468 (D. Del. Oct. 11, 2007).

15.      Attached as Exhibit L is a true and correct copy of the Declaration of Katherine Nolan-Stevaux in Support of ICU's Opposition To RyMed's Motion to Transfer Venue, *ICU Medical Inc. v. RyMed Technologies Inc.*, No. 07-468 (D. Del. Oct. 29, 2007).

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

_____          May 5, 2008
Maxim H. Waldbaum                                    Date

NY\50327633.1

<u>**CERTIFICATE OF SERVICE**</u>

I, Karen E. Keller, Esquire, hereby certify that on May 5, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard D. Kirk, Esquire
> The Bayard Firm
> 222 Delaware Avenue, Suite 900
> Wilmington, DE 19899-5130

I further certify that on May 5, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> <u>**BY E-MAIL**</u>

> Scott Wales, Esquire
> Howrey LLP
> 525 Market Street, Suite 3600
> San Francisco, CA  94105
> WalesS@howrey.com

> YOUNG CONAWAY STARGATT
>    & TAYLOR, LLP


> /s/ *Karen E. Keller*
> Josy W. Ingersoll (#1088)
> *jingersoll@ycst.com*
> John W. Shaw (#3362)
> *jshaw@ycst.com*
> Adam W. Poff (#3990)
> *apoff@ycst.com*
> Karen E. Keller (#4489)
> *kkeller@ycst.com*
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

|  |  |  |
|---|---|---|
| **RYMED TECHNOLOGIES, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3-07-1077** |
| | ) | |
| **v.** | ) | **Judge Trauger** |
| | ) | |
| **LABORATOIRES** | ) | **JURY TRIAL DEMANDED** |
| **PHARMACEUTIQUES VYGON, AND** | ) | |
| **VYGON** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ―――――――――――――――――――― | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
REGARDING NON-INFRINGEMENT AND INVALIDITY
OF U.S. PATENT NO. 5,380,306**

Plaintiff RYMED TECHNOLOGIES, INC. ("RyMed") alleges:

**PARTIES**

1.     Plaintiff RyMed is a corporation duly organized and existing under the laws of Delaware, having a principal place of business at 137 Third Avenue North, Franklin, Tennessee.

2.     Upon information and belief, Defendant Laboratoires Pharmaceutiques Vygon is a corporation duly organized under the laws of France, having a principal place of business at 5-11, rue Adeline, 95440 Ecouen, France.

3.     Upon information and belief, Defendant Vygon ("Vygon"), d/b/a/ VyGon S.A. and/or Laboratoires Pharmaceutiques Vygon is a corporation duly organized under the laws of France, having a principal place of business at 5-11, rue Adeline, 95440 Ecouen, France.   Hereinafter, Defendant Laboratoires Pharmaceutiques Vygon and Defendant Vygon are referred to jointly as "Defendants."

1

## JURISDICTION

4.     This is an action arising under the patent laws of the United States. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2202.

5.     Upon information and belief, this Court has personal jurisdiction over Defendants because they have established minimum contacts with the forum.  Upon information and belief, Defendants manufacture products that are and have been used, offered for sale, sold, and purchased in Tennessee, including in this District.  Upon information and belief, Defendants, either directly and/or through their distribution networks, place their products within the stream of commerce, which stream is directed at this District.  As such, Defendants have purposefully availed themselves of the privileges and benefits of the laws of the State of Tennessee, and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because upon information and belief, Defendants are  aliens, reside in this District, may be found in this District, are subject to personal jurisdiction in this District, and a substantial part of the events, omissions, and injuries giving rise to RyMed's claims occurred in this District.

## FACTUAL ALLEGATIONS

7.     RyMed specializes in the design, development, and marketing of innovative safety products in the field of intravenous catheter care management.

8.     RyMed created the InVision-Plus® NEUTRAL® I.V. Connector System, which is designed to prevent blood reflux into a catheter lumen when the InVision-Plus® NEUTRAL® is connected to and disconnected from a syringe and/or I.V. set.  This product reduces the possibility of intraluminal thrombotic catheter occlusions, as well as reduces the possibility of intraluminal catheter-related bloodstream infections.

2

9.     RyMed has also designed and created a new product, the InVision-Plus® NEUTRAL® with Modified Boot.  RyMed has taken concrete steps with the intent to manufacture, sell, and offer to sell in the United States the InVision-Plus® NEUTRAL® with Modified Boot.  These steps include:

a.     The completion of all engineering design drawings for the new modified boot;

b.     The completion of all engineering functional testing on the new modified boot;

c.     The completion of all sterilization testing on the new modified boot;

d.     The development of a large captivation production mold of the new modified boot design schedule for completion in the late fourth quarter of 2007; and

e.     The preparation of sales and marketing literature for the new modified boot design;

RyMed expects to offer the InVision-Plus® NEUTRAL® with Modified Boot for sale in the first quarter of 2008.

10.     Upon information and belief, Vygon and/or Laboratoires Pharmaceutiques Vygon is the owner of the entire right, title, and interest in and to United States Patent No. 5,380,306 ("the '306 patent") entitled "Unitary Composite Connector For A Liquid Circuit, In Particular For Medical Applications."  A true and correct copy of the '306 patent is attached hereto as Exhibit **A** to this Complaint.

11.     On September 17, 2007, Defendants' counsel sent a letter to RyMed, alleging that RyMed's InVision-Plus® NEUTRAL® I.V. Connector System (incorrectly identified in the letter as the Invision-Plus Neutral Displacement I.V. Connector System), and possibly other products, infringe the '306 patent.  Defendants asked RyMed to cease and desist its alleged infringement of the '306 patent, "including, without limitation, the

manufacture, use, offer for sale, and sale of RyMed's [InVision-Plus® NEUTRAL® I.V. Connector System] and all other infringing systems and components." Defendants then informed RyMed that "[r]emedies for patent infringement in an action at law include an award of damages and an injunction. Infringing acts committed after the notice given by this correspondence will be willful and may result in an award of increased damages and attorneys fees." A true and correct copy of the September 17, 2007 letter from Defendants to RyMed is attached hereto as Exhibit **B** to this Complaint.

12. On October 16, 2007, RyMed's counsel contacted Defendants' counsel via email to further discuss the issue, but in an email dated October 18, 2007, Defendants' counsel reiterated its demand that RyMed cease and desist its alleged patent infringement. In addition, Defendants' counsel stated that "Vygon does not wish to pursue a business arrangement with RyMed or deal with RyMed other than through counsel." A true and correct copy of the October 16, 2007 email from Rymed's counsel to Defendants' counsel and the October 18, 2007 email from Defendants' counsel in response are attached hereto as Exhibit **C** to this Complaint.

13. Accordingly, RyMed is in the position of either continuing to manufacture, offer to sell, and sell the InVision-Plus® NEUTRAL® I.V. Connector System in the United States under apprehension of suit by Defendants, or abandoning its efforts. As described above, RyMed has also taken ongoing concrete steps with the intent to manufacture, offer to sell and sell in the United States the InVision-Plus NEUTRAL® with Modified Boot. RyMed intends to begin offering the InVision-Plus NEUTRAL® with Modified Boot for sale in the first quarter of 2008. As such, RyMed is in the position of either continuing to pursue its plans with respect to manufacturing, offering to sell, and selling the InVision-Plus® NEUTRAL® with Modified Boot in the United States under apprehension of suit by Defendants, or abandoning its efforts.

14.    This is an actual and justiciable controversy of sufficient immediacy and reality between parties having adverse legal interests to warrant the issuance of a declaratory judgment.

## COUNT ONE

## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '306 PATENT

15.    RyMed realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 14 of this Complaint.

16.    An actual and justiciable controversy exists between RyMed and Defendants as to RyMed's non-infringement of the '306 patent.

17.    RyMed has not infringed and does not infringe any valid and enforceable claim of the '306 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

18.    RyMed has no adequate remedy at law.  The actions and assertions made by Defendants regarding the infringement of the '306 patent have caused, and if not enjoined, will continue to cause, irreparable injury to RyMed.

## COUNT TWO

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '306 PATENT

19.    RyMed realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 18 of this Complaint.

20.    An actual and justiciable controversy exists between RyMed and Defendants as to the invalidity of the '306 patent.

21.    The claims of the '306 patent are invalid and unenforceable for failure to meet one or more of the requirements of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112.

22.    RyMed has no adequate remedy at law.  The actions and assertions made by Defendants regarding infringement of the '306 patent have caused, and if not enjoined, will continue to cause, irreparable injury to RyMed.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff RyMed hereby demands a trial by jury of this action.

### REQUESTED RELIEF

WHEREFORE, RyMed prays for judgment and seeks relief against Defendants as follows:

a.    A judgment declaring that RyMed has not and does not infringe any valid and enforceable claim of the '306 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

b.    A judgment declaring that each and every claim of the '306 patent is invalid and/or unenforceable.

c.    A judgment declaring this case to be an exceptional case within the meaning of 35 U.S.C. § 285, and awarding RyMed its attorneys' fees, costs, and expenses incurred in this action as permitted by law; and

d.    Such other and further relief as the Court may deem just and proper.

Dated:  March 25, 2008

Respectfully submitted,

NEAL & HARWELL, PLC

By: /s/ W. David Bridgers
      W. David Bridgers (BPR # 16603)
150 Fourth Avenue North
Suite 2000
Nashville, TN 37219
(615) 244-1713

Henry C. Bunsow (California State Bar No.
060707)
K. T. Cherian (California State Bar No. 133967)
Scott Wales (California State Bar No. 179804)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California  94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999

Counsel for Plaintiff
RyMed Technologies, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via e-mail on Edward

Ramage, Esq., Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 211 Commerce

Street, Suite 1000, Nashville, TN 37201, eramage@bakerdonelson.com, counsel for

Laboratoires Pharmaceutiques Vygon, this 25th day of March, 2008.

/s/ W. David Bridgers

7

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **RYMED TECHNOLOGIES, INC.,** | |
| **Plaintiff,** | **Case No. 3-07-01077** |
| *v.* | **Judge Trauger** |
| **LABORATOIRES PHARMACEUTIQUES VYGON, and VYGON,** | |
| **Defendants.** | |

### ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Defendant Vygon ("Vygon") by its attorneys, answers the First Amended Complaint ("Complaint") of Plaintiff RyMed Technologies, Inc. (hereinafter, "RyMed" or "Plaintiff"), as follows:

Vygon denies each and every allegation set forth in the Complaint except those allegations that are explicitly admitted herein. Vygon's responses herein are limited to responses on behalf of Vygon only and are not to be construed as responses for, or on behalf of, Defendant Laboratoires Pharmaceutiques Vygon ("LPV") for any purpose. The term "Vygon" refers to the single corporate entity. Unless otherwise expressly noted herein, "Vygon" shall not be defined in accordance with RyMed's inaccurate and misleading definition of "Vygon" as alleged in Paragraph 3 and as alleged by reference in certain other paragraphs of RyMed's Complaint.

## **PARTIES**

1.    Plaintiff RyMed is a corporation duly organized and existing under the laws of the state of Delaware, having a principal place of business at 137 Third Avenue North, Franklin, Tennessee.

**ANSWER**:    Vygon denies the allegations contained in Paragraph 1 except admits that RyMed asserts that it is incorporated in Delaware and has a place of business in Franklin, Tennessee.

2.    Upon information and belief, Defendant Laboratoires Pharmaceutiques Vygon is a corporation duly organized under the laws of France, having a principal place of business at 5-11, rue Adeline, 95440 Ecouen, France.

**ANSWER**:    Vygon admits the allegations in Paragraph 2.

3.    Upon information and belief, Defendant Vygon ("Vygon"), d/b/a/ Vygon S.A. and/or Laboratoires Pharmaceutiques Vygon is a corporation duly organized under the laws of France, having a principal place of business at 5-11, rue Adeline, 95440 Ecouen, France. Hereinafter, Defendant Laboratoires Pharmaceutiques Vygon and Defendant Vygon are referred to jointly as "Defendants."

**ANSWER**:    Vygon denies the allegations in Paragraph 3 and specifically denies the inaccurate and misleading allegation in Paragraph 3 that Vygon is "d/b/a Vygon S.A. and/or Laboratoires Pharmaceutiques Vygon" and further states that all responses herein on behalf of Vygon (not Plaintiff's definition of "Vygon") incorporate by reference such denial.

## <u>JURISDICTION</u>

4.       This is an action arising under the patent laws of the United States.  Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2202.

**<u>ANSWER</u>**:     Vygon denies the allegations contained in Paragraph 4 of the Complaint except admits that Plaintiff purports to assert claims against Vygon under the patent laws of the United States and certain United States statutes.  Vygon further states that, to the extent Paragraph 4 contains legal conclusions, no response is required.

5.       Upon information and belief, this Court has personal jurisdiction over Defendants because they have established minimum contacts with the forum.  Upon information and belief, Defendants manufacture products that are and have been used, offered for sale, sold and purchased in Tennessee, including in this District.  Upon information and belief, Defendants, either directly and/or through their distribution networks, place their products within the stream of commerce, which stream is directed at this District.  As such, Defendants have purposefully availed themselves of the privileges and benefits of the laws of the state of Tennessee, and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

**<u>ANSWER</u>**:     Vygon denies the allegations in Paragraph 5 because RyMed's allegations refer to RyMed's inaccurate and misleading definition of "Vygon" alleged in Paragraph 3 of the Complaint.  Vygon further states that, to the extent Paragraph 5 contains legal conclusions, no response is required.

## VENUE

6.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because upon information and belief, Defendants are aliens, reside in this District, may be found in this District, are subject to personal jurisdiction in this District, and a substantial part of the events, omissions, and injuries giving rise to RyMed's claims occurred in this District.

**ANSWER:**    Vygon denies the allegations in Paragraph 6 because RyMed's allegations refer to its inaccurate and misleading definition of "Vygon" contained in Paragraph 3 of the Complaint. Vygon further states that, to the extent Paragraph 6 contains legal conclusions, no response is required.  Vygon further states that, for the convenience of parties and witnesses and in the interests of justice, this case, if not dismissed, should be transferred with respect to the claims against Vygon, to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a) because, inter alia, Vygon, the true owner of the patent-in-suit since the time the patent was applied for in November 1991, has its United States headquarters in Norristown, Pennsylvania and LPV, a subsidiary of Vygon and an entity separate from Vygon, owns no right, title or interest in the patent-in-suit.  Accordingly, Vygon attaches, as Exhibit A to this Answer, a true and correct copy of the Amended Complaint, without exhibits, filed on April 11, 2008 by Vygon against RyMed in the United States District Court for the District of Delaware (hereinafter referred to as the "Delaware Action").

## FACTUAL ALLEGATIONS

7.    RyMed specializes in the design, development and marketing of innovative safety products in the field of intravenous catheter care management.

**ANSWER**:     Vygon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies them.

8.     RyMed created the InVision-Plus® NEUTRAL® I.V. Connector System, which is designed to prevent blood reflux into a catheter lumen when the InVision-Plus® NEUTRAL® is connected to and disconnected from a syringe and/or I.V. set.  This product reduces the possibility of intraluminal thrombotic catheter occlusions, as well as reduces the possibility of intraluminal catheter-related bloodstream infections.

**ANSWER:**     Vygon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies them.

9.     RyMed has also designed and created a new product, the InVision-Plus® NEUTRAL® with Modified Boot.  RyMed has taken concrete steps with the intent to manufacture, sell and offer to sell in the United States the InVision-Plus®  NEUTRAL® with Modified Boot.  These steps include:

(a)     The completion of all engineering design drawings for the new modified boot;

(b)     The completion of all engineering functional testing on the new modified boot;

(c)     The completion of all sterilization testing on the new modified boot;

(d)     The development of a large captivation production mold of the new modified boot design schedule for completion in the late fourth quarter of 2007; and

(e)     The preparation of sales and marketing literature for the new modified boot design;

RyMed expects to offer the InVision-Plus® NEUTRAL® with Modified Boot for sale in the first quarter of 2008.

**ANSWER:**     Vygon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies them.

10.     Upon information and belief, Vygon and/or Laboratoires Pharmaceutiques Vygon is the owner of the entire right, title and interest in and to United States Patent No. 5,380,306 ("the '306 patent") entitled "Unitary Composite Connector For A Liquid Circuit, In Particular For Medical Applications."   A true and correct copy of the '306 patent is attached hereto as Exhibit A to this Complaint.

**ANSWER:**     Vygon denies the allegations in Paragraph 10 and states that Vygon owns the entire right, title and interest in and to the '306 patent.

11.     On September 17, 2007, Defendants' counsel sent a letter to RyMed, alleging that RyMed's InVision-Plus® NEUTRAL® I.V. Connector System (incorrectly identified in the letter as the Invision-Plus Neutral Displacement I.V. Connector System), and possibly other products, infringe the '306 patent.   Defendants asked RyMed to cease and desist its alleged infringement of the '306 patent, "including, without limitation, the manufacture, use, offer for sale, and sale of RyMed's [InVision-Plus® NEUTRAL® I.V. Connector System] and all other infringing systems and components."   Defendants then informed RyMed that "[r]emedies for patent infringement in an action at law include an award of damages and an injunction. Infringing acts committed after the notice given by this correspondence will be willful and may

result in an award of increased damages and attorneys fees."  A true and correct copy of the September 17, 2007 letter from Defendants to RyMed is attached hereto as Exhibit B to this Complaint.

**ANSWER:**    Vygon denies the allegations in Paragraph 11 except admits that RyMed refers to a letter attached as Exhibit B to the Complaint, which was sent with the authorization of Vygon, and refers the Court to the letter attached as said Exhibit B for its contents.


12.    On October 16, 2007, RyMed's counsel contacted Defendants' counsel via email to further discuss the issue, but in an email dated October 18, 2007, Defendants' counsel reiterated its demand that RyMed cease and desist its alleged patent infringement.  In addition, Defendants' counsel stated that "Vygon does not wish to pursue a business arrangement with RyMed or deal with RyMed other than through counsel."  A true and correct copy of the October 16, 2007 email from RyMed's counsel to Defendants' counsel and the October 18, 2007 email from Defendants' counsel in response are attached hereto as Exhibit C to this Complaint.

**ANSWER:**    Vygon denies the allegations in Paragraph 12 except admits that RyMed refers to an e-mail from Vygon's counsel to RyMed's Counsel attached as Exhibit C to the Complaint which was sent with the authorization of Vygon, that RyMed refers to an e-mail sent from RyMed's counsel to Vygon's counsel, and refers the Court to the e-mails attached as said Exhibit C for their contents.


13.    Accordingly, RyMed is in the position of either continuing to manufacture, offer to sell, and sell the InVision-Plus® NEUTRAL® I.V. Connector System in the United States

under apprehension of suit by Defendants, or abandoning its efforts. As described above, RyMed has also taken ongoing concrete steps with the intent to manufacture, offer to sell and sell in the United States the InVision-Plus® NEUTRAL® with Modified Boot. RyMed intends to begin offering the InVision-Plus® NEUTRAL® with Modified Boot for sale in the first quarter of 2008. As such, RyMed is in the position of either continuing to pursue its plans with respect to manufacturing, offering to sell, and selling the InVision-Plus® NEUTRAL® with Modified Boot in the United States under apprehension of suit by Defendants, or abandoning its efforts.

**ANSWER:** Vygon is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.


14. This is an actual and justiciable controversy of sufficient immediacy and reality between parties having adverse legal interests to warrant the issuance of a declaratory judgment.

**ANSWER:** Vygon denies the allegations contained in Paragraph 14 of the Complaint and, to the extent Paragraph 14 contains legal conclusions, states that no responses to such legal conclusions are required.

<u>**COUNT ONE.**</u>

**DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF THE '306 PATENT**

15. RyMed realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 14 of this Complaint.

**ANSWER:**     Vygon realleges and incorporates by reference its responses to Paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

16.     An actual and justiciable controversy exists between RyMed and Defendants as to RyMed's non-infringement of the '306 patent.

**ANSWER:**     Vygon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies them, and, to the extent Paragraph 16 contains legal conclusions, states that no response is required to such legal conclusions.

17.     RyMed has not infringed and does not infringe any valid and enforceable claim of the '306 patent, either directly, indirectly, literally, or under the doctrine of equivalents.

**ANSWER:**     Vygon denies the allegations in Paragraph 17.

18.     RyMed has no adequate remedy at law.  The actions and assertions made by Defendants regarding the infringement of the '306 patent have caused, and if not enjoined, will continue to cause, irreparable injury to RyMed.

**ANSWER:**     Vygon denies the allegations contained in Paragraph 18 of the Complaint.  Vygon further states that, to the extent Paragraph 18 contains legal conclusions, no response is required.

## **COUNT TWO.**

### **DECLARATORY JUDGMENT OF INVALIDITY OF THE '306 PATENT**

19.     RyMed realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 18 of this Complaint.

**ANSWER:** Vygon realleges and incorporates by reference its responses to Paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20.     An actual and justiciable controversy exists between RyMed and Defendants as to the invalidity of the '306 patent.

**ANSWER:**    Vygon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them, and, to the extent Paragraph 20 contains legal conclusions, states that no response is required to such legal conclusions.

21.     The claims of the '306 patent are invalid and unenforceable for failure to meet one or more of the requirements of patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112.

**ANSWER:**    Vygon denies the allegations contained in Paragraph 21 of the Complaint.  Vygon further states that, to the extent Paragraph 21 contains legal conclusions, no response is required.

22.     RyMed has no adequate remedy at law.  The actions and assertions made by Defendants regarding infringement of the '306 patent have caused, and if not enjoined, will continue to cause, irreparable injury to RyMed.

**ANSWER:**     Vygon denies the allegations contained in Paragraph 22 of the Complaint.  Vygon further states that, to the extent Paragraph 22 contains legal conclusions, no response is required.

## RYMED'S REQUEST FOR RELIEF

**WHEREFORE**, RyMed prays for judgment and seeks relief against Vygon as follows:

> a.  A judgment declaring that RyMed has not and does not infringe any valid and enforceable claim of the '306 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.
>
> b.  A judgment declaring that each and every claim of the '306 patent is invalid and/or enforceable.
>
> c.  A judgment declaring this case to be an exceptional case within the meaning of 35 U.S.C. § 285 and awarding RyMed its attorneys' fees, costs and expenses incurred in this action as permitted by law; and
>
> d.  Such other and further relief as this Court may deem just and proper.

**ANSWER:**     Vygon states that Plaintiff is entitled to none of the relief requested in the foregoing "Wherefore" clause.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

For its affirmative and additional defenses, Vygon alleges as follows:

1.    The Complaint in whole or in part fails to state a claim upon which relief may be granted.

2.    This Court lacks subject matter jurisdiction over RyMed's Complaint.

3.    This Court should dismiss RyMed's Complaint pursuant to the Court's discretion under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

4.    The Complaint should be dismissed or, alternatively, transferred, because Delaware is the more appropriate and convenient venue under 28 U.S.C. § 1404(a).

**WHEREFORE**, Vygon respectfully requests that this Court

1.  Dismiss RyMed's Complaint in its entirety and with prejudice;

2.  Enter judgment in Vygon's favor and against Plaintiff;

3.   Award to Vygon its attorney's fees and costs pursuant to 35 U.S.C. § 285 in connection with Vygon's defense of this Complaint;

4.  Abstain from further proceedings with respect to RyMed's Complaint; and

5.  Grant such other and further relief as this Court deems just and proper.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

Vygon, by its attorneys, as and for its Counterclaim herein against RyMed Technologies, Inc., alleges as follows:

## NATURE OF THE COUNTERCLAIM

1.    By this counterclaim ("the Counterclaim"), Vygon seeks to preserve its rights in this Court to redress RyMed Technologies, Inc.'s ("RyMed") infringement of Vygon's patent

rights despite Vygon's firm conviction that these claims should be adjudicated by the Court in the Delaware Action.

2.     In particular, and as described below, RyMed has unlawfully and willfully used Vygon's patented invention in certain of its intravenous catheter care management products, all in violation of Vygon's rights.

## THE PARTIES

3.     Vygon is a corporation duly organized under the laws of France, having principal places of business at 5-11, rue Adeline, 95440, Ecouen, France and at its United States headquarters, located at 2495 General Armistead Ave, Norristown, Pennsylvania.  Vygon specializes in the design, development, manufacture and marketing of medical devices in the field of intravenous connectors.

4.     RyMed is a corporation duly organized and existing under the laws of the state of Delaware, having a place of business at 137 Third Avenue North, Franklin, Tennessee.  Upon information and belief, RyMed manufactures, advertises, develops, markets, offers for sale and sells products in the field of intravenous catheter care management.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this compulsory counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, upon information and belief, RyMed resides in this District and/or is subject to personal jurisdiction in this District and thus may be found in this District.

## RYMED'S INFRINGEMENT OF VYGON'S PATENT

7.      On January 10, 1995, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,380,306 ("the '306 Patent") entitled "Unitary Composite Connector For A Liquid Circuit, In Particular For Medical Applications" to Mr. Thierry Brinon.  A true and correct copy of the '306 Patent is attached hereto as Exhibit B.

8.      The named inventor on the '306 Patent, Mr. Thierry Brinon, assigned his entire right, title and interest in the '306 Patent to Vygon, which is listed as the assignee on the '306 Patent.  A copy of the assignment is attached hereto as Exhibit C. Accordingly Vygon, as assignee, is the owner of the entire right, title and interest in and to the '306 Patent.

9.      Upon information and belief, RyMed has and continues to manufacture, use, advertise, market, design, offer for sale, and/or sell products, including medical apparatuses, that infringe the '306 Patent.  These products include, but are not limited to, RyMed's InVision-Plus® Neutral® IV Connector.

10.     On September 17, 2007, Vygon's counsel, in a letter to RyMed ("the September 17 Letter"), alleged that RyMed's InVision-Plus® NEUTRAL® I.V. Connector System and possibly other products, infringe the '306 Patent.  A true and correct copy of the September 17 Letter is attached hereto as Exhibit D.  Vygon requested that RyMed cease and desist its

infringing activities with respect to the '306 Patent, including, without limitation, the manufacture, use offer for sale, and sale of RyMed's InVision-Plus® NEUTRAL® I.V. Connector System and all other infringing systems and components. <u>See</u> Ex. D.

11.    RyMed responded to the September 17 Letter by letter dated October 3, 2007 to Vygon's counsel ("the October 3 Letter"), stating that it would not cease and desist from the alleged infringing activities set forth in the September 17 Letter.  A true and correct copy of the October 3 Letter is attached hereto as Exhibit E.

12.    In an effort to resolve the dispute, the parties engaged in subsequent electronic mail correspondence and telephone communication until October 18, 2007 when Vygon, based on RyMed's refusal to cease its infringing activities, terminated such communications by electronic mail dated October 18, 2007. True and correct copies of certain of such correspondence, specifically, an October 16, 2007 e-mail from RyMed's counsel to Vygon's counsel and an October 18, 2007 e-mail from Vygon's counsel in response, are attached hereto as Exhibit F.

13.    Vygon asserts this Counterclaim in this Court to preserve its rights in the event this Court denies Defendants-Counterclaimant's motion to dismiss the Complaint or alternatively to transfer venue to the District of Delaware.  This Counterclaim should not be construed as any acknowledgement that this Court is the proper venue in which to adjudicate RyMed's Complaint.

## COUNT ONE

## RYMED'S INFRINGEMENT OF VYGON'S PATENT

14.     Vygon realleges and incorporates herein by reference the matters alleged in Paragraphs 23-35.

15.     In violation of Vygon's exclusive rights under the patent laws of the United States, 35 U.S.C.§ 271, et seq., RyMed has infringed and continues to infringe the '306 Patent by using, making, offering for sale, and selling products that embody the invention described and shown in the '306 Patent, including without limitation, the InVision-Plus® NEUTRAL® I.V. Connector System.  Upon information and belief, RyMed also has contributed to and induced infringement of the '306 Patent, and continues all such infringing activities.

16.     Upon information and belief, RyMed's infringement of the '306 Patent has been and continues to be willful and deliberate.

17.     As a direct and proximate consequence of RyMed's infringing activities and practices, Vygon has suffered, and will continue to suffer, substantial damages, in an amount to be proven at trial, for which it is entitled to relief under 35 U.S.C. § 284.

18.     RyMed's conduct also has caused, and will continue to cause Vygon, irreparable harm, for which there is no adequate remedy at law and for which Vygon is entitled to injunctive relief under 35 U.S.C. § 283.  RyMed's infringing conduct is likely to continue unless it is enjoined from such conduct by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, as a result of the unlawful and infringing acts of RyMed as set forth herein, Vygon prays for the entry of judgment from this Court:

A.      Declaring that Vygon is the owner of the '306 Patent and that the '306 Patent was duly and legally issued, is valid, and is enforceable;

B.      Declaring that RyMed has directly infringed, contributorily infringed, and/or induced infringement and continues to so infringe, one or more of the claims of the '306 Patent;

C.      Declaring that RyMed has willfully infringed one or more of the claims of the '306 Patent;

D.      Preliminarily and permanently enjoining RyMed, and all persons in concert and participation with RyMed, including RyMed's subsidiaries, affiliates, successors, assigns, officers, employees and agents, pursuant to 35 U.S.C. § 283, from infringing, contributing to the infringement of, and inducing infringement of the '306 Patent, and specifically from directly or indirectly making, using, selling or offering for sale, any products or services embodying the invention of the '306 Patent during the life of the claims of the '306 Patent;

E.      Awarding damages to Vygon in an amount adequate to compensate Vygon for RyMed's infringement of the '306 Patent, including disgorgement of RyMed's profits and an accounting of all such profits or gains derived from RyMed's infringing activities and violations of law;

F.      Ordering RyMed to deliver to Vygon, for destruction at Vygon's option, all products that infringe the '306 Patent;

G.      Awarding to Vygon treble damages pursuant to 35 U.S.C. § 285 by reason of RyMed's infringement of the '306 Patent;

H.      Deeming this case to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Vygon to an award of its reasonable attorney's fees, expenses and costs, including an assessment of interest in this action; and

I.      Awarding such other and further relief as the Court may deem just and proper, including without limitation a ruling that if RyMed's First Amended Complaint is not dismissed, it should be transferred, along with Vygon's Counterclaim, to the District of Delaware.

 Dated:  April 21, 2008

                                        Respectfully submitted,

                                        s/W. Edward Ramage/
                                        W. Edward Ramage (TN Bar No. 16261)
                                        Baker, Donelson, Bearman, Caldwell & Berkowitz
                                        211 Commerce Street, Suite 1000
                                        Nashville, Tennessee 37201

                                        Maxim H. Waldbaum, Admitted *pro hac vice*
                                        Schiff Hardin LLP
                                        900 Third Avenue
                                        New York, New York  10022
                                        Telephone: 212.753.5000
                                        Facsimile: 212.753.5044

                                        *Counsel for Defendant Vygon*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon the following counsel of record via the Electronic Case Filing system of the United States District Court for the Middle District of Tennessee  to:

W. David Bridgers
Neal & Harwell, PLC
150 Fourth Avenue North
Suite 2000
Nashville, TN 37219

Henry C. Bunsow
K.T. Cherian
Scott Wales
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105

this 21st day of April, 2008.

<u>s/W. Edward Ramage /</u>
W. Edward Ramage

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| RYMED TECHNOLOGY INC., | Civil Action No. 3:07-cv-01077 |
| Plaintiff, | Judge Trauger |
| -against- | |
| LABORATOIRES PHARMACEUTIQUES VYGON, AND VYGON, | |
| Defendants. | |

**DECLARATION OF MICHEL HANANIA IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

I, Michel Hanania, declare that

1    I am the manager of Laboratoires Pharmaceutiques Vygon ("LPV"), a French Corporation headquartered at 5-11, rue Adeline, 95440 Ecouen, France. I have actual knowledge of the facts set forth herein and, if called as a witness would competently testify thereto.

2.    LPV is a licensed pharmacy under French law (Public Health Department registration number 826), and is a wholly-owned subsidiary of Vygon.

3.    The main business activity of LPV is the sterilization of Vygon products. The customers of LPV are mainly French pharmacists, who elect to work with LPV for its pharmaceutical designation. LPV assists Vygon in the sale of Vygon products by obtaining the necessary administrative pharmaceutical accreditations.

4.    LPV does no business in the United States. LPV does not have any offices, employees, outside sales representatives, or any other meaningful contact within the United States.

5.    LPV does not have, and has never had, any right, title, or interest in United States Patent No. 5,380,306 (the "patent-in-suit"), and was not involved in the development of any invention claimed in the patent or any related invention. LPV has similarly not been involved in the design, marketing, or manufacture of any product based upon the patent-in-suit.

6.    LPV has had no contact with RyMed Technologies, Inc. concerning the patent-in-suit or any of RyMed's allegations in this case, at any time.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Name: Michel Hanania                    Date    April 21st, 2008

2

EXHIBIT D

- **Query**    **Reports ▼**    **Utilities ▼**    • **Logout**

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00468-JJF

ICU Medical Inc. v. RyMed Technologies Inc.

Assigned to: Judge Joseph J. Farnan, Jr.

Cause: 35:271 Patent Infringement

Date Filed: 07/27/2007

Jury Demand: Both

Nature of Suit: 830 Patent

Jurisdiction: Federal Question

## Plaintiff

**ICU Medical Inc.**                          represented by   **Richard L. Horwitz**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
Email: rhorwitz@potteranderson.com
*LEAD*
*ATTORNEY*
*ATTORNEY TO*
*BE NOTICED*

**Diana Luo**
Pro Hac Vice
Email: dluo@mofo.com
*ATTORNEY TO*
*BE NOTICED*

**James H. Pooley**
Pro Hac Vice
Email: jpooley@mofo.com
*ATTORNEY TO*
*BE NOTICED*

**Katherine Nolan-Stevaux**
Pro Hac Vice
Email: knolanstevaux@mofo.com

*ATTORNEY TO*
*BE NOTICED*

### Kenneth Laurence Dorsney
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
302-984-6087
Email: kdorsney@potteranderson.com
*TERMINATED:*
*02/29/2008*
*ATTORNEY TO*
*BE NOTICED*

### Kimberly N. Van Voorhis
Pro Hac Vice
Email: kvanvoorhis@mofo.com
*ATTORNEY TO*
*BE NOTICED*

### Marc D. Peters
Pro Hac Vice
Email: mdpeters@mofo.com
*ATTORNEY TO*
*BE NOTICED*

V.

## Defendant

**RyMed Technologies Inc.**    represented by    **Richard D. Kirk**
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
Email: bankserve@bayardlaw.com
*LEAD*
*ATTORNEY*
*ATTORNEY TO*
*BE NOTICED*

## Counter Claimant

**RyMed Technologies Inc.**          represented by   **Richard D. Kirk**
(See above for address)
*LEAD*
*ATTORNEY*
*ATTORNEY TO*
*BE NOTICED*

V.

## <u>Counter Defendant</u>

**ICU Medical Inc.**          represented by   **Richard L. Horwitz**
(See above for address)
*LEAD*
*ATTORNEY*
*ATTORNEY TO*
*BE NOTICED*

**Diana Luo**
(See above for address)
*ATTORNEY TO*
*BE NOTICED*

**James H. Pooley**
(See above for address)
*ATTORNEY TO*
*BE NOTICED*

**Katherine Nolan-Stevaux**
(See above for address)
*ATTORNEY TO*
*BE NOTICED*

**Kenneth Laurence Dorsney**
(See above for address)
*TERMINATED:*
*02/29/2008*
*ATTORNEY TO*
*BE NOTICED*

**Kimberly N. Van Voorhis**
(See above for address)
*ATTORNEY TO*
*BE NOTICED*

**Marc D. Peters**
(See above for address)
*ATTORNEY TO*
*BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/27/2007 | 1 | COMPLAINT filed with Jury Demand against RyMed Technologies Inc. - Magistrate Consent Notice to Pltf. ( Filing fee $ 350, receipt number 148322.) - filed by ICU Medical Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Civil Cover Sheet # 6 Acknowledgement of Consent Form)(els) (Entered: 07/30/2007) |
| 07/27/2007 | 2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (els) (Entered: 07/30/2007) |
| 07/27/2007 | | Summons Issued as to RyMed Technologies Inc. on 7/27/2007. (els) (Entered: 07/30/2007) |
| 07/30/2007 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) 5,685,866; 5,873,862; 5,928,204; 6,572,592; (els) (Entered: 07/30/2007) |
| 07/30/2007 | 4 | Return of Service Executed by ICU Medical Inc.. RyMed Technologies Inc. served on 7/27/2007, answer due 8/16/2007. (Horwitz, Richard) (Entered: 07/30/2007) |
| 08/01/2007 | 5 | STIPULATION TO EXTEND TIME August 16, 2007 to September 17, 2007 - filed by RyMed Technologies Inc.. (Kirk, Richard) (Entered: 08/01/2007) |
| 08/08/2007 | | Case assigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb) (Entered: 08/08/2007) |
| 08/09/2007 | 6 | MOTION for Pro Hac Vice Appearance of Attorney James Pooley, Marc D. Peters, Kimberly N. Van Voorhis, Diana Luo and Katherine Nolan-Stevaux of Morrison & Foerster, LLP - filed by ICU Medical Inc.. (Dorsney, Kenneth) (Entered: 08/09/2007) |

| 08/14/2007 | | SO ORDERED D.I. 6 MOTION for Pro Hac Vice Appearance of Attorney James Pooley, Marc D. Peters, Kimberly N. Van Voorhis, Diana Luo and Katherine Nolan-Stevaux of Morrison & Foerster, LLP filed by ICU Medical Inc. Signed by Judge Joseph J. Farnan, Jr. on 8/14/2007. (lec) (Entered: 08/15/2007) |
|---|---|---|
| 08/31/2007 | 7 | Second STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT SEPTEMBER 17, 2007 TO OCTOBER 17, 2007 by RyMed Technologies Inc.. (Kirk, Richard) (Entered: 08/31/2007) |
| 09/05/2007 | | SO ORDERED D.I. 7 Stipulation filed by RyMed Technologies Inc. Signed by Judge Joseph J. Farnan, Jr. on 9/5/2007. (lec) (Entered: 09/05/2007) |
| 09/05/2007 | | SO ORDERED D.I. 5 STIPULATION TO EXTEND TIME August 16, 2007 to September 17, 2007 filed by RyMed Technologies Inc.. Signed by Judge Joseph J. Farnan, Jr. on 9/5/2007. (lec) (Entered: 09/05/2007) |
| 09/19/2007 | 8 | MOTION for Pro Hac Vice Appearance of Attorney Henry C. Bunsow, K.T. Cherian, and Scott Wales - filed by RyMed Technologies Inc.. (Kirk, Richard) (Entered: 09/19/2007) |
| 10/11/2007 | 9 | NOTICE of MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a) by RyMed Technologies Inc. (Kirk, Richard) (Entered: 10/11/2007) |
| 10/11/2007 | 10 | MOTION to Change Venue / *DEFENDANT RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a)* - filed by RyMed Technologies Inc.. (Kirk, Richard) (Entered: 10/11/2007) |

| 10/11/2007 | 11 | OPENING BRIEF in Support re 10 MOTION to Change Venue */DEFENDANT RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404 (a)        /RYMED TECHNOLOGIES, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a)*        filed by RyMed Technologies Inc..Answering Brief/Response due date per Local Rules is 10/29/2007. (Kirk, Richard) (Entered: 10/11/2007) |
| 10/11/2007 | 12 | DECLARATION re 10 MOTION to Change Venue */DEFENDANT RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404 (a)        /DECLARATION OF DANA WILLIAM RYAN IN SUPPORT OF RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. 1404(a)*        by RyMed Technologies Inc.. (Kirk, Richard) (Entered: 10/11/2007) |

| 10/11/2007 | 13 | DECLARATION re 10 MOTION to Change Venue / *DEFENDANT RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404 (a)          /DECLARATION OF KATHARINE L. ALTEMUS IN SUPPORT OF RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a)* by RyMed Technologies Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L)(Kirk, Richard) (Entered: 10/11/2007) |
| 10/12/2007 | 14 | ANSWER to Complaint with Jury Demand, COUNTERCLAIM against ICU Medical Inc. by RyMed Technologies Inc.. (Attachments: # 1 certificate of service)(Kirk, Richard) (Entered: 10/12/2007) |
| 10/24/2007 | 15 | STIPULATION extending time for responsive briefing regarding defendant's Motion to Transfer Venue by ICU Medical Inc.. (Horwitz, Richard) (Entered: 10/24/2007) |

| 10/29/2007 | 16 | ANSWERING BRIEF in Opposition re 10 MOTION to Change Venue /DEFENDANT RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a) filed by ICU Medical Inc..Reply Brief due date per Local Rules is 11/8/2007. (Dorsney, Kenneth) (Entered: 10/29/2007) |
|---|---|---|
| 10/29/2007 | 17 | DECLARATION re 16 Answering Brief in Opposition, to Rymed's Motion to Transfer Venue (Declaration of Katherine Nolan-Stevaux) by ICU Medical Inc.. (Attachments: # 1 Exhibit A-H)(Dorsney, Kenneth) (Entered: 10/29/2007) |
| 10/29/2007 | 18 | DECLARATION re 16 Answering Brief in Opposition, to Rymed's Motion to Transfer Venue (Declaration of Matthew Gingo) by ICU Medical Inc.. (Attachments: # 1 Exhibit A-B)(Dorsney, Kenneth) (Entered: 10/29/2007) |
| 10/29/2007 | 19 | DECLARATION re 16 Answering Brief in Opposition, to Rymed's Motion to Transfer Venue (Declaration of Alison Burcar) by ICU Medical Inc.. (Attachments: # 1 Exhibit A-I# 2 Certificate of Compliance J-L# 3 Exhibit M# 4 Exhibit N)(Dorsney, Kenneth) (Entered: 10/29/2007) |

| | | |
|---|---|---|
| 10/30/2007 | | SO ORDERED, re 15 Stipulation filed by ICU Medical Inc., Set Briefing Schedule: re 10 MOTION to Change Venue / *DEFENDANT RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a)* . Answering Brief due 10/29/2007.Reply Brief due 11/5/2007.. Signed by Judge Joseph J. Farnan, Jr. on 10/30/07. (dab) (Entered: 10/30/2007) |
| 11/01/2007 | 20 | ANSWER to Counterclaim *[PLAINTIFF ICU MEDICAL, INC.'S REPLY TO RYMED'S COUNTERCLAIMS WITH DEFENSES]* by ICU Medical Inc..(Dorsney, Kenneth) (Entered: 11/01/2007) |
| 11/05/2007 | 21 | REPLY BRIEF re 10 MOTION to Change Venue / *DEFENDANT RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a)* filed by RyMed Technologies Inc.. (Kirk, Richard) (Entered: 11/05/2007) |
| 11/07/2007 | | ORAL ORDER that the November 9, 2007 Motion Day Hearing regarding D.I. 10 MOTION to Change Venue / *DEFENDANT RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a)* filed by RyMed Technologies Inc. is CANCELLED. The motion will be decided on the papers submitted. Ordered by Judge |

| | | Joseph J. Farnan, Jr. on 11/07/2007. (dlk) (Entered: 11/07/2007) |
|---|---|---|
| 11/14/2007 | | SO ORDERED, re 8 MOTION for Pro Hac Vice Appearance of Attorney Henry C. Bunsow, K.T. Cherian, and Scott Wales filed by RyMed Technologies Inc.. Signed by Judge Joseph J. Farnan, Jr. on 11/14/07. (bkb) (Entered: 11/14/2007) |
| 12/14/2007 | 22 | Letter to The Honorable Joseph J. Farnan, Jr. from Richard D. Kirk, Esquire regarding Recently issued order in related case that bears on RyMed's Motion to Transfer (D.I.10). (Kirk, Richard) (Entered: 12/14/2007) |
| 12/14/2007 | 23 | Letter to The Honorable Joseph J. Farnan, Jr. from Richard L. Horwitz regarding December 14, 2007 letter from Richard D. Kirk - re 22 Letter. (Horwitz, Richard) (Entered: 12/14/2007) |
| 01/23/2008 | 24 | MEMORANDUM ORDER - denying re 10 MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404 (a). Signed by Judge Joseph J. Farnan, Jr. on 1/23/08. (rwc) (Entered: 01/23/2008) |
| 02/06/2008 | 25 | MOTION for Reconsideration / *Defendant RyMed Technologies, Inc.'s Motion for Reargument of Memorandum Order Denying Motion to Transfer Venue* - filed by RyMed Technologies Inc.. (Attachments: # 1 Certificate of Service)(Kirk, Richard) (Entered: 02/06/2008) |

| 02/06/2008 | 26 | MEMORANDUM in Support re 25 MOTION for Reconsideration /Defendant *RyMed Technologies, Inc.'s Motion for Reargument of Memorandum Order Denying Motion to Transfer Venue* filed by RyMed Technologies Inc..Answering Brief/Response due date per Local Rules is 2/25/2008. (Attachments: # 1 Appendix A# 2 Certificate of Service)(Kirk, Richard) (Entered: 02/06/2008) |
| --- | --- | --- |
| 02/06/2008 | 27 | NOTICE of Motion by RyMed Technologies Inc. re 25 MOTION for Reconsideration /Defendant *RyMed Technologies, Inc.'s Motion for Reargument of Memorandum Order Denying Motion to Transfer Venue* (Attachments: # 1 Certificate of Service)(Kirk, Richard) (Entered: 02/06/2008) |
| 02/06/2008 | 28 | DECLARATION re 25 MOTION for Reconsideration / *Defendant RyMed Technologies, Inc.'s Motion for Reargument of Memorandum Order Denying Motion to Transfer Venue* by RyMed Technologies Inc.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Certificate of Service)(Kirk, Richard) (Entered: 02/06/2008) |

| 02/06/2008 | 29 | DECLARATION re 25 MOTION for Reconsideration / *Defendant RyMed Technologies, Inc.'s Motion for Reargument of Memorandum Order Denying Motion to Transfer Venue* by RyMed Technologies Inc.. (Attachments: # 1 Certificate of Service)(Kirk, Richard) (Entered: 02/06/2008) |
| --- | --- | --- |
| 02/25/2008 | 30 | ANSWERING BRIEF in Opposition re 25 MOTION for Reconsideration /*Defendant RyMed Technologies, Inc.'s Motion for Reargument of Memorandum Order Denying Motion to Transfer Venue* filed by ICU Medical Inc..Reply Brief due date per Local Rules is 3/6/2008. (Dorsney, Kenneth) (Entered: 02/25/2008) |
| 02/25/2008 | 31 | DECLARATION re 30 Answering Brief in Opposition, *[DECLARATION OF KIMBERLY VAN VOORHIS IN SUPPORT OF ICU'S OPPOSITION TO RYMED'S MOTION FOR REARGUMENT]* by ICU Medical Inc.. (Attachments: # 1 Exhibit A-F)(Dorsney, Kenneth) (Entered: 02/25/2008) |

| 02/25/2008 | 32 | DECLARATION re 30 Answering Brief in Opposition, *[DECLARATION OF ALISON D. BURCAR IN SUPPORT OF ICU'S OPPOSITION TO RYMED'S MOTION FOR REARGUMENT]* by ICU Medical Inc.. (Attachments: # 1 Exhibit A)(Dorsney, Kenneth) (Entered: 02/25/2008) |
| --- | --- | --- |
| 02/25/2008 | 33 | DECLARATION re 30 Answering Brief in Opposition, *[DECLARATION OF GREG PRATT IN SUPPORT OF ICU'S OPPOSITION TO RYMED'S MOTION FOR REARGUMENT]* by ICU Medical Inc.. (Attachments: # 1 Exhibit A-C)(Dorsney, Kenneth) (Entered: 02/25/2008) |
| 02/29/2008 | 34 | NOTICE of [Notice of Withdrawal of Attorney] by ICU Medical Inc. (Dorsney, Kenneth) (Entered: 02/29/2008) |
| 02/29/2008 | | CORRECTING ENTRY: Attorney Kenneth L. Dorsney terminated per DIN #34. (nms) (Entered: 03/03/2008) |
| 03/05/2008 | | ORAL ORDER: The March 7, 2008 Motion Day Hearing in this matter is CANCELLED. The Court will decide the Motion on the papers submitted. Ordered by Judge Joseph J. Farnan, Jr. on 03/05/2008. (dlk) (Entered: 03/05/2008) |
| 03/26/2008 | 35 | Letter to Honorable Joseph J. Farnan, Jr. from Richard L. Horwitz regarding requesting a date for a scheduling conference. (Horwitz, Richard) (Entered: 03/26/2008) |
| 03/28/2008 | 36 | Letter to The Honorable Joseph J. Farnan, Jr. from Richard D. Kirk, Esquire regarding Response to Mr. Horwitz's March 26, 2008 letter (D.I. 35) - re 35 Letter. (Kirk, Richard) (Entered: 03/28/2008) |

| 04/18/2008 | 38 | MEMORANDUM ORDER DENYING 25 MOTION for Reconsideration of Defendant RyMed Technologies, Inc.'s Motion for Reargument of Memorandum Order Denying Motion to Transfer Venue filed by RyMed Technologies Inc.. Signed by Judge Joseph J. Farnan, Jr. on 4/18/2008. (nms) (Entered: 04/22/2008) |
| --- | --- | --- |
| 04/21/2008 | 37 | Letter to The Honorable Joseph J. Farnan, Jr. from Richard L. Horwitz, Esquire regarding the hearing on ICU's motion to stay or dismiss the second filed California litigation. (Horwitz, Richard) (Entered: 04/21/2008) |
| 04/30/2008 | 39 | MOTION for Pro Hac Vice Appearance of Attorney Laura L. Kohut of Kohut & Kohut LLP - filed by ICU Medical Inc.. (Horwitz, Richard) (Entered: 04/30/2008) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 05/01/2008 11:25:53 | | |
| **PACER Login:** | sh1299 | **Client Code:** | 23001-1700 |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00468-JJF Start date: 1/1/1970 End date: 5/1/2008 |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ICU MEDICAL, INC.,                     :
                                       :
          Plaintiff,                   :
                                       :
     v.                                : Civil Action No. 07-468-JJF
                                       :
                                       :
RYMED TECHNOLOGIES, INC.,              :
                                       :
          Defendant.                   :

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion For
Reargument of Memorandum Order Denying Motion to Transfer Venue
(D.I. 25).  For the reasons discussed, the Motion will be denied.

### BACKGROUND

On July 27, 2007, Plaintiff, ICU Medical, Inc. ("ICU"),
filed this patent infringement action alleging Defendant, RyMed
Technologies, Inc. ("RyMed"),  had infringed four U.S. patents
held by ICU: U.S. patents 5,685,866 ("the '866 patent"),
5,873,862 ("the '862 patent"), 5,928,204 ("the '204 patent"), and
6,572,592 ("the '592 patent"). ICU is incorporated in Delaware,
and its principal place of business is in San Clemente,
California.   Defendant, RyMed Technologies, Inc. ("RyMed"), is
incorporated in Delaware with its principal place of business in
Franklin, Tennessee.

On October 28, 2007, RyMed filed an action in the Central
District of California seeking a declaratory judgment that the
four patents asserted by ICU in this litigation are not infringed

by RyMed's current product, or its new modified boot valve
product, and that the four patents asserted by ICU in this
litigation are invalid; and damages for federal and state
trademark infringement, Lanham Act violations, federal and state
unfair competition, tortious interference with contract, and
tortious interference with prospective economic advantage (the
"declaratory judgment action").  On October 29, 2007, RyMed filed
a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the
Central District of California.  (D.I. 10).  The Court issued a
Memorandum Order denying RyMed's Motion on January 23, 2008.
(D.I. 24.)  RyMed subsequently filed the pending motion for
reargument. (D.I. 25.)

**LEGAL STANDARD**

Although not explicitly provided for in the Federal Rules of
Civil Procedure, Local Rule 7.1.5 provides for the filing of
reargument motions.  <u>See</u> D. Del. L.R. 7.1.5. The decision to
grant a motion for reargument lies within the discretion of the
district court; however, such motions should only be granted
sparingly.

**DISCUSSION**

By its Motion, RyMed contends that it is entitled to
reargument because the Court "misapprehended or overlooked
certain key factors," including the complexity of prior
litigation in the Central District of California regarding three

2

of the four patents at issue here, as well as RyMed's non-infringement claim for its new modified boot valve product and other causes of action found only in the California action. (D.I. 26 at 1.) RyMed further contends that a "recently discovered" "key third party witness" is "unwilling to travel to Delaware for trial, but is within the subpoena power of the Central District of California." (Id. at 3.) RyMed contends that this "new information... significantly shifts the balance of private and public interest factors in favor of RyMed." (Id. at 1.)

Section 1404(a) vests district courts with broad discretion to determine whether convenience and fairness considerations weigh in favor of a transfer. Stewart Organization Inc. v. Ricoh Corp., 487 U.S. 22 (1988). In its determination that a transfer was not appropriate, the Court considered the six private interests and six public interests identified in Jumara v. State Farm Insurance Co., 55, F.3d 873, 879-80 (3d Cir. 1995), and concluded that RyMed did not meet its burden of demonstrating that these factors strongly favored transfer so as to overturn ICU's choice of forum. By its motion, RyMed largely reiterates its earlier contentions that the Court did not find persuasive.

Rymed suggests that ICU's decision to file this action in Delaware was motivated by nefarious intentions. On the other hand, ICU challenges the veracity of the "new evidence" set forth by RyMed. Veracity aside, the Court finds the reluctance of one

3

third-party witness to travel to Delaware is not substantial
enough to change the Court's decision.  Accordingly, the Court
will deny RyMed's Motion for Reargument.


    NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion
For Reargument of Memorandum Order Denying Motion to Transfer
Venue (D.I. 25) is **DENIED**.


April __18__, 2008                           UNITED STATES DISTRICT JUDGE

4

EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ICU MEDICAL, INC.,                          )
                                            )
                    Plaintiff,              )          C.A. No. 1: 07-00468-JJF
                                            )
        v.                                  )
                                            )
RYMED TECHNOLOGIES, INC.,                   )
                    Defendant.              )

## DECLARATION OF DANA WILLIAM RYAN IN SUPPORT OF RYMED TECHNOLOGIES, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

I, Dana William Ryan, declare that

1.      The facts set forth below in this declaration are based upon my personal knowledge, and if called as a witness, I could and would testify competently to those facts.

2.      I am currently the Director and Chairman of the Board of Directors of RyMed Technologies, Inc. ("RyMed"). RyMed Technologies, Inc., founded in 1994, specializes in the development and marketing of innovative safety products in the field of intravenous catheter care management.

3.      The components of RyMed's products are manufactured at Accellent Endoscopy in Upland, California; A.C. Hoffman in Riverside, California; and Hi-Tech Rubber in Anaheim, California. Those components are then assembled and packaged in Mexico.

4.      RyMed sells its products, including its InVision-Plus® NEUTRAL® I.V. Connector System, through a distributor, Medical Specialties Distributors, located in City of Industry, California.

1

5.     RyMed's products are currently sold to six hospitals in California: (1) Doctors Hospital in Modesto, California; (2) Good Samaritan Hospital in San Jose, California; (3) Mills Peninsula Hospital in Burlingame, California; (4) Veterans Affairs Medical Center in San Francisco, California; (5) Feather River Hospital in Paradise, California; and (6) Sutter Roseville Medical Center in Roseville, California.

6.     RyMed does not have any manufacturing facilities, distributors, or hospital accounts within the state of Delaware.

7.     RyMed does not engage in any research or development activities within the state of Delaware.

8.     RyMed does not maintain any facilities or employ any personnel within the state of Delaware.  RyMed does not maintain storage facilities within the state of Delaware. RyMed does not store files, records, or other documents within the state of Delaware. RyMed does not keep business mail drops, bank accounts, or telephone numbers within the state of Delaware.

9.     Over the past year, RyMed has designed a new InVision-Plus® commercial product, the InVision-Plus® Neutral® with Modified Boot.  RyMed will begin offering the InVision-Plus® Neutral® with Modified Boot for sale in the first quarter of 2008.  To that end, RyMed has taken a series of steps to begin commercialization, advertising, and sales.  Those steps include:

   a.   The completion of all engineering design drawings for the new modified boot;

   b.   The completion of all engineering functional testing on the new modified boot;

   c.   The completion of all sterilization testing on the new modified boot;

   d.   The development of a large cavitation production mold of the new modified boot design scheduled for completion in the late fourth quarter of 2007; and

   e.   The preparation of sales and marketing literature for the modified boot design.

2

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

_Dana William Ryan_

Dana William Ryan

Executed in Williamson County, Franklin, Tennessee on October 10, 2007.

3

# EXHIBIT G

**Greendorfer, Lori D.**

| | |
|---|---|
| **From:** | Greendorfer, Lori D. |
| **Sent:** | Tuesday, March 25, 2008 3:48 PM |
| **To:** | 'WalesS@howrey.com' |
| **Cc:** | Waldbaum, Maxim H. |
| **Subject:** | Vygon |
| **Attachments:** | Scan001.PDF |

Dear Scott,

Here are the documents we mentioned during our call concerning Vygon.

Regards,
Lori

**Lori D. Greendorfer | Schiff Hardin LLP**
900 Third Avenue, 24th Floor
New York, New York 10022

**Direct:**  212.745.0814
**Fax:**     212.753.5044
**Email:**   Lgreendorfer@schiffhardin.com



# Registre National du Commerce et des Sociétés

**Fiche d'identité**
RCS : **325241750**
**VYGON**
**5-11 Rue Adeline**
**95440 ECOUEN**

Forme juridique : **SA à directoire**
Activité : **331B - Fabrication d'appareils médico-chirurgicaux**

Date de création : **1982**
Date d'immatriculation : **29/10/1987**
Greffe : **Pontoise**
N°de gestion : **87B01620**
Capital : **20 394 000 Euros**
Nationalité : **France**
Nombre d'établissements : **1**

## Les dirigeants
▪ **REGNAULT** Stephane Nicolas
   Né(e) le 07/12/1961 à LE RAINCY (93)
   Président du directoire

▪ **PARKETR** Ambroise Athanase Edouard
   Né(e) le 16/08/1963 à UCCLE BELQIQUE
   Président du conseil de surveillance

## Les établissements
▪ 5-11 Rue Adeline
   **95440 ECOUEN**
   331B - Fabrication d'appareils médico-chirurgicaux

**Informations RNCS**



# Registre National du
# Commerce et des Sociétés

**Fiche d'identité**
RCS : **728202557**
**SOCIETE DES LABORATOIRES PHARMACEUTIQUES VYGON**
**6 Rue de Paris**
**95440 ECOUEN**

Forme juridique : **Société par actions simplifiée**
Activité : **851K - Laboratoires d'analyses médicales**

Date de création : **1972**
Greffe : **Pontoise**
N°de gestion : **72B00255**
Capital : **39 000 Euros**
Nationalité : **France**
Nombre d'établissements : **1**

### Les dirigeants
- **HANANIA** Michel
  Né(e) le 06/11/1960 à MARSEILLE 01 (13)
  Président directeur général

### Les établissements
- 6 Rue de Paris
  **95440 ECOUEN**
  851K - Laboratoires d'analyses médicales

# EXHIBIT H



525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Scott Wales**
Partner
**T** 415.848.4900
**F** 415.848.4999
waless@howrey.com
File 07462.0003.000000

April 14, 2008

**VIA E-MAIL**

Maxim H. Waldbaum
SCHIFF HARDIN LLP
900 Third Avenue
New York, NY 10022

       Re:   <u>Rymed Technologies, Inc. v. VyGon, et al.</u>

Dear Mr. Waldbaum:

    I write to memorialize our discussion on March 28, 2008, concerning the above-referenced matter. As we indicated to you during the conference, there is no basis for VyGon's countersuit in Delaware which alleges the same cause of action already at issue in the Middle District of Tennessee. Under well established principles of the first to file rule, the Delaware action must be dismissed in favor of the Tennessee action. *See, e.g., Genetech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993); *Corixa Corp. v. IDEC Pharm. Corp.*, No. 01-615, 2002 U.S. Dist. LEXIS 2980 (D. Del. Feb. 25, 2002); *Time Warner Cable, Inc. v. USA Video Technology Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007).

    Your suggestion that you will seek to have the Middle District of Tennessee transfer the first filed action to Delaware likewise has no merit. As we indicated to you during the call, the Federal Circuit's recent decision in *Micron Tech, Inc. v. MOSAID Tech, Inc.*, 2008 U.S. App. LEXIS 4387 (Fed. Cir., Feb. 28, 2008), precludes transfer. In substantially identical circumstances, wherein a party filed a declaratory judgment action for non-infringement of a patent and the patentee responded by filing its own action in a different court alleging infringement, the Federal Circuit held that "it would be an abuse of discretion to transfer the [first filed] action." *Id.* at *20.

    It is in both parties' interests to avoid unnecessary motion practice. As there is no basis for VyGon's Delaware action, we repeat our request that you immediately dismiss it. If RyMed is forced to have the Delaware action dismissed by motion, it will have no choice but to seek its attorneys' fees and costs.

                Very truly yours,

                Scott Wales

SW:dlk

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MADRID  MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US:21153924_1

# EXHIBIT I



900 THIRD AVENUE, 23RD FLOOR
NEW YORK, NEW YORK 10022
*t* 212.753.5000
*f* 212.753.5044
www.schiffhardin.com

Maxim H. Waldbaum
212-745-0815
mwaldbaum@schiffhardin.com

April 21, 2008

Scott Wales, Esq.
Howrey LLP
525 Market Street, Ste. 3600
San Francisco, California 94105-2708

Re:    RyMed Technologies v. Vygon

Dear Mr. Wales:

Thank you for your letter dated April 14 concerning our March 28th conversation. We have reviewed the *Micron* decision as well as the other Federal Circuit and Delaware District Court decisions cited in your letter. Given the district court's discretion to decline to hear the Tennessee action or transfer it to Delaware, which is emphasized in each of the cases you cite (consistent with settled law), we are surprised that you would threaten to seek sanctions if Vygon declines to voluntarily dismiss the Delaware action. We are not surprised that your threat to seek sanctions is unsupported by a citation to any court, much less citation to a court that has found sanctions in a case like ours.

With respect to your claim that the facts of *Micron* are identical to those here, we disagree, note that there are several material distinctions, and that such distinctions will be addressed in our soon to be filed motion to dismiss or transfer the Tennessee action. Of course, *Micron* did not concern a case where, as here, the declaratory judgment plaintiff sued a defendant (LPV) with no connection to the United States, much less the forum state, and no connection to the patent-in-suit (even after being informed of that fact) such that requiring that defendant to litigate in Tennessee – or any forum, for that matter – would be inconsistent with the substance and the spirit of the Declaratory Judgment Act.

As you are aware, we discussed your suit against LPV during a March 25 conversation, long after a prior call to your co-counsel Mr. Gordon in February, pointing out your errors, and followed up on March 25 with corporate documents demonstrating your error in suing LPV - - even though those documents are publicly available, as are the assignment documents in the USPTO files demonstrating Vygon as the only patent owner.



Scott Wales, Esq.
April 21, 2008
Page 2

        Even if the Court does not outright dismiss LPV, it likely will consider in its
discretionary analysis the equities of RyMed's choice to continue to sue the wrong party in these
circumstances, delaying any attempt to move the Tennessee action forward in any meaningful
way.

        Please do not hesitate to contact us if you have any questions.


                                        Sincerely,

                                        Maxim H. Waldbaum

MHW:lc

# EXHIBIT J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ICU MEDICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-468-JJF |
| | ) | |
| RYMED TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT RYMED TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Richard D. Kirk
Stephen B. Brauerman
THE BAYARD FIRM
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

Attorneys for Defendant
RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry C. Bunsow
K.T. Cherian
Scott Wales
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

674913-1

# <u>TABLE OF CONTENTS</u>

I.    THE PRIVATE INTEREST FACTORS STRONGLY FAVOR
TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA
BECAUSE THAT FORUM IS MORE CONVENIENT FOR RYMED,
ICU, AND POTENTIAL WITNESSES. ................................................................... 2

II.    THE PUBLIC INTEREST FACTORS STRONGLY FAVOR
TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA
BECAUSE THERE IS BOTH PRIOR AND PENDING LITIGATION
IN THAT FORUM INVOLVING THE PATENTS AT ISSUE IN
THIS CASE. ................................................................................................ 6

    A.    The Central District of California's Extensive Prior Analysis of
the Patents Favors Transfer. ................................................................ 6

    B.    It Would Be Inefficient To Litigate This Dispute Separately
From the Comprehensive Dispute Between the Parties
Currently Pending in the Central District of California. ................................ 8

III.    CONCLUSION. ........................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Bank of America v. S.I.P. Assets, LLC*,
  Case No. CIVA 07-159 GMS, 2007 WL 2698192, at *3 (D. Del. Sept.
  11, 2007).................................................................................................................................10

*Brunswick Corp. v. Precor Inc.*,
  No. 00-691-GMS, 2000 WL 1876477, at * 2 (D. Del. Dec. 12, 2000)...................................3

*Cashedge, Inc. v. Yodlee, Inc.*,
  No. Civ.A.06-170-JJF, 2006 WL 2038504, at * 2 (D. Del. July 19,
  2006)...........................................................................................................................................10

*ICU Med., Inc. v. Alaris Med. Sys., Inc.*,
  Case No. CV-04-00689-MRP (C.D. Cal.) ................................................................................8

*IKOS Systems, Inc. v. Cadence Design Systems, Inc.*,
  No. Civ. A.02-1335-GMS, 2002 WL 31414136 (D. Del. 2002) .............................................3

*In re Volkswagen of America, Inc.*,
  Case No. 07-40058, 2007 WL 3088142 (5th Cir. Oct. 24, 2007) .......................................6, 7

*Jumara v. State Farm Ins. Co.*,
  55 F. 3d 873, 879 (3d Cir. 1995) .............................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
  127 S. Ct. 764, 771 (1997) .......................................................................................................9

*RyMed Tech., Inc. v. ICU Med., Inc.*,
  Case No. SACV07-1199 DOC MLGx (C.D. Cal.) ...................................................................9

*SanDisk Corp. v. STMicroelectronics, Inc.*,
  480 F.3d 1372, 1381 (Fed. Cir. 2007)......................................................................................9

*SAS of Puerto Rico, Inc. v. Puerto Rico Telephone Company*,
  833 F. Supp. 450 (D. Del. 1993) ..............................................................................................3

*Sherwood Med. Co. v. IVAC Med. Sys., Inc.*,
  Civil Action No. 96-305 MMS, 1996 WL 700261 (D. Del. Nov. 25,
  1996)........................................................................................................................................3, 5

*SmithKline Corp. v. Sterling Drug, Inc.*,
  406 F. Supp. 52, 56 (D. Del. 1975) ..........................................................................................7

*Zoetics, Inc. v. Yahoo!, Inc.*, Case No. Civ.A. 06-108-JJF, 2006 WL 1876912,
  at *5 (D. Del. July 6, 2006) ......................................................................................................5

## **<u>STATUTES</u>**

28 U.S.C. § 1404(a)...........................................................................................................................2, 3

In its Opposition to Defendant RyMed Technologies, Inc.'s ("RyMed's") Motion to Transfer, Plaintiff ICU Medical, Inc. ("ICU") attempts to confuse the issues before the Court and create disputes where they do not exist. ICU does so in an effort to disguise its own forum shopping — the filing of this case across the country from its home district in the Central District of California which has already analyzed and issued rulings on claim construction, invalidity and noninfringement for the patents ICU now asserts against RyMed.

The real issue before the Court is simple: whether based on the largely undisputed facts before the Court, it is more convenient for the parties, and whether the interests of justice would be better served, if this action were litigated in Delaware or in the Central District of California.

On the Delaware side of the ledger, the facts demonstrate that:

- Both parties are incorporated in Delaware; and

- ICU filed this action in Delaware.

On the California side of the ledger are the following facts:

- ICU's alleged inventions occurred in the Central District of California;

- ICU's principal place of business is in the Central District of California; neither party has a significant place of business in Delaware;

- RyMed has manufacturing facilities in the Central District of California, but none in Delaware;

- RyMed sells its products in California through a distributor located in the Central District of California, but has no distributors in Delaware;

- ICU's listed inventor resides in the Central District of California;

- Key third-party witnesses, including the attorneys who prosecuted the patents, are subject to trial subpoena only in the Central District of California; there are no identified witnesses in Delaware;

- ICU's documents and many of RyMed's manufacturing and distribution documents

are located in the Central District of California, whereas no relevant documents of
either party are located in Delaware;

- The Central District of California has already issued rulings relating to construction,
non-infringement, and invalidity of three of the four patents at issue;

- The Central District of California, and particularly Judge Pfaelzer, is thoroughly
familiar with the technology at issue in this case; and

- Another, comprehensive case is currently pending between the parties in the Central
District of California, asserting claims of non-infringement of ICU's patents with
respect to two RyMed products — not just the one challenged in this case — and
charging ICU with additional breaches of the Lanham Act, contractual interference
and unfair competition.

Weighing these undisputed facts, it is clearly more convenient and in the interests of justice
if this action were transferred to the Central District of California and litigated there along with the
pending case brought by RyMed.  Accordingly, the Court should transfer this action to the Central
District of California under 28 U.S.C. § 1404(a).

**I.      THE PRIVATE INTEREST FACTORS STRONGLY FAVOR TRANSFER TO THE
CENTRAL DISTRICT OF CALIFORNIA BECAUSE THAT FORUM IS MORE
CONVENIENT FOR RYMED, ICU, AND POTENTIAL WITNESSES.**

ICU raises many issues, relating to where RyMed is subject to litigation and whether RyMed
intended its products to be sold in Delaware, which have nothing to do with the matter before the
Court.  ICU Medical Inc.'s Opposition to RyMed's Motion to Transfer Venue ("Opposition Brief"),
D.I. 16, at 3-5.  RyMed does not dispute that this Court may exercise personal jurisdiction over it
and that venue is proper in this forum because RyMed is incorporated in Delaware and sells its
products nationwide.

As RyMed pointed out in its Opening Brief, however, incorporation in Delaware is not
enough to prevent transfer under 28 U.S.C. § 1404(a) when, as here, an alternate forum, the Central
District of California, is more convenient and would better serve the interests of justice.  *See*
Defendant RyMed Technologies, Inc.'s Opening Brief in Support of Its Motion to Transfer Venue

2

Pursuant to 28 U.S.C. § 1404(a) ("Opening Brief"), D.I. 11, at 13; *see also SAS of Puerto Rico, Inc. v. Puerto Rico Tel. Co.*, 833 F. Supp. 450, 453 (D. Del. 1993); *Brunswick Corp. v. Precor Inc.*, No. 00-691-GMS, 2000 WL 1876477, at * 2 (D. Del. Dec. 12, 2000); *IKOS Sys., Inc. v. Cadence Design Sys., Inc.,* No. Civ.A.02-1335-GMS, 2002 WL 31414136, at *1 (D. Del. Oct. 21, 2002) (transferring action despite the fact that both parties were incorporated in Delaware); *Sherwood Med. Co. v. IVAC Med. Sys., Inc.*, Civil Action No. 96-305 MMS, 1996 WL 700261 (D. Del. Nov. 25, 1996) (transferring case, despite the fact that both parties were incorporated in Delaware, where the plaintiff developed and invented the patents in the transferee district and the key witnesses resided there).

Five of the six private interest factors courts consider when determining whether to grant a motion to transfer under Section 1404(a) weigh heavily in favor of transferring this action to the Central District of California.[1]  *See Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879 (3d Cir. 1995).  ICU obviously prefers to litigate this dispute in Delaware, away from its home district in the Central District of California.  But the Central District of California is where the claims predominantly arise — certainly as compared with Delaware.  Thus, the four patents were invented in the Central District of California.  RyMed manufactures its allegedly infringing product in the Central District of California and sells it in California through a distributor located in the Central District.  By contrast, RyMed has no manufacturing facilities or distributors in Delaware.

ICU makes the surprising claim that "Delaware is also significantly more convenient than" the Central District of California.  Opposition Brief at 7.[2]  In doing so, ICU ignores the fact that its

---

[1] Those six private interest factors are:

> (1) the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial condition, (5) the convenience of the expected witnesses, but only so far as the witnesses may be unavailable for trial in a certain forum, and (6) the location of books and records, to the extent that these books and records could not be produced in a certain forum.  *See Jumara*, 55 F.3d at 879.

[2] ICU's assertion that its location within the Central District of California is irrelevant to the Court's analysis is contrary to both the plain language of 28 U.S.C. § 1404(a), which explicitly allows provides for a transfer "[f]or the convenience of the parties[,]" as well as established Third Circuit case law.  *See* Opposition Brief at 5-6 n.9; *see also Jumara*, 55 F.3d at 879.

own headquarters and principal place of business are in the Central District of California — not Delaware — and that the sole listed inventor of the patents at issue works in the Central District of California. It further ignores the fact that RyMed manufactures and distributes its products from the Central District of California, and has no such corresponding activities in Delaware. *See* Ryan Decl. ¶ 3.[3]  Finally, primary counsel for both RyMed and ICU are located in California. The convenience of the parties heavily weighs in favor of litigation in the Central District of California.

ICU offers two irrelevant arguments in response. First, it suggests that Delaware is more convenient for RyMed because Delaware is closer to RyMed's home state of Tennessee than is California. Opposition Brief at 6. This argument might have some bearing if one of the parties were moving to transfer the case to Tennessee; the argument has no bearing on the issue before the Court of whether Delaware or California is the more convenient forum. It also ignores RyMed's substantial business activities in California, and virtual lack of activity in Delaware.

Second, besides the fact of incorporation, the biggest connection ICU can point to between RyMed and Delaware is that RyMed has a distributor in Salisbury, <u>Maryland</u>. Opposition Brief at 4. RyMed has never contended that it did not sell its products nationally and that some product may make its way into Delaware. But ICU's repeated harping that while RyMed has no distributors in Delaware, it does have one in Maryland (*see id.* at 1, 4, 15), proves RyMed's *lack* of meaningful business activity in Delaware.

As far as the convenience of the expected witnesses, ICU has not identified even one witness who resides in Delaware. By contrast, there is no dispute that the inventor, George Lopez, and the two attorneys who prosecuted the patents reside in the Central District of California. Three other third party witnesses residing in the Central District — Messrs. Kerr, Arnold and Hyun — have relevant information on the issues of inventorship and conception of the patents in suit.

ICU responds with the half-hearted statement that counsel "know[s] of no reason why any of ICU's patent attorneys who may be properly called as witnesses in this case cannot testify either by

---

[3] The Ryan Declaration cited to herein is the Declaration of Dana William Ryan in Support of RyMed Technologies, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), D.I. 12, which was filed on October 11, 2007.

deposition or if necessary at trial." Nolan-Stevaux Decl. ¶ 3.[4]  Aside from being incompetent

testimony about another person's intent, this statement commits to absolutely nothing.  There is

only one way to guarantee that a key third party witness will testify live at trial — the person must

be subject to the Court's subpoena power.  Witnesses living in California will not be subject to this

Court's subpoenas.  *See Sherwood*, 1996 WL 700261, at *4-5 (resolving the Section 1404 motion in

favor of transfer since five potential critical witnesses were not subject to the Delaware court's

subpoena power, but could be subpoenaed in the transferee district).[5]  Moreover, by any analysis, it

is clearly more *convenient* for witnesses to testify in their home district and state.

The Fifth Circuit recently emphasized this very point.  The plaintiff argued and the district

court agreed that although the proposed Texas witnesses were not within the 100-mile subpoena

power of the Eastern District of Texas, the fact that they still could be compelled to testify at trial

(subject to reasonable compensation) allowed the court to discount the witness inconvenience factor

in a Section 1404 analysis.  *See In re Volkswagen of America, Inc.*, Case No. 07-40058, 2007 WL

3088142 (5th Cir. Oct. 24, 2007).  Reversing and ordering the case transferred, the Fifth Circuit

observed that compelling witnesses to testify in another forum is still inconvenient for the witnesses

and still "weighs in favor of transfer."  *Id.* at *7.  Similarly, even if RyMed could somehow be

assured that the key third party witnesses residing in California would testify at trial in Delaware

several years hence, it nonetheless is much more convenient for the witnesses to testify in their

home district.  Again, this factor weighs in favor of transfer.

As to the final private interest factor of location of books and records, even ICU admits that

its documents will come primarily from its headquarters in the Central District of California.

Opposition Brief at 9.  It offers no evidence that any of the documents in the case will derive from

---

[4] The Nolan-Stevaux Declaration cited to herein is the Declaration of Katherine Nolan-Stevaux in Support of ICU's Opposition to RyMed's Motion to Transfer Venue, D.I. 17, which was filed on October 29, 2007.

[5] This Court recently agreed that the defendant "bears no burden to show that the witness it plans to subpoena would be 'reluctant' to testify. 'It is sufficient . . . [that] the witness is not subject to the Court's subpoena power.'"  *Zoetics, Inc. v. Yahoo!, Inc.*, Case No. Civ.A. 06-108-JJF, 2006 WL 1876912, at *5 (D. Del. July 6, 2006) (citing *Nilsson*, 2001 U.S. Dist. LEXIS 25570, at *8).  The transfer motion in *Zoetics* was denied because, unlike here, the other private and public interest factors weighed in favor of retaining the Delaware venue.

Delaware. Of course, because RyMed does not maintain any facilities or employ any personnel in Delaware (Ryan Decl. ¶¶ 7-8), it stores no relevant documents in Delaware. Instead, many of the documents regarding RyMed's manufacturing and distribution activities are located in the Central District of California.

ICU invites this Court to discount the factor as to the location of the records, because the documents can be electronically transferred from California to Delaware. While this is undoubtedly so, the inconvenience analysis under Section 1404 still demonstrates that this factor favors transfer. Again, the Fifth Circuit in the *In re Volkswagen* case considered and rejected the same argument advanced by ICU. Just because it may be less inconvenient to transfer documents electronically rather than physically, "does not render this factor superfluous." *In re Volkswagen*, 2007 WL 3088142, at *7. Location of documents in the district where transfer is proposed "does weigh in favor of transfer, although its precise weight may be subject to debate." *Id.*

In the end, the only private interest factor that supports ICU's attempt to try this case in Delaware is its decision to file this suit in Delaware. However, "[w]hile an adverse party has the right to designate the forum of its choice, that choice must still be measured by the standards of section 1404(a) should it appear that plaintiff's choice is inappropriate on grounds of convenience to parties and witnesses or in the 'interests of justice.'" *SmithKline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 56 (D. Del. 1975). Each of the other five private interest factors favors transferring the case to the Central District of California. This conclusion is reinforced by the fact that the last time ICU filed suit for infringement of three of these patents, it selected its home district in California as the most convenient forum.

## II. THE PUBLIC INTEREST FACTORS STRONGLY FAVOR TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA BECAUSE THERE IS BOTH PRIOR AND PENDING LITIGATION IN THAT FORUM INVOLVING THE PATENTS AT ISSUE IN THIS CASE.

### A. The Central District of California's Extensive Prior Analysis of the Patents Favors Transfer.

The public interest factors weigh heavily in favor of transfer to the Central District of California because a transfer would promote judicial economy, conserve this Court's valuable

judicial resources, and minimize litigation expenses for both RyMed and ICU.[6]  Over the past year and a half, Judge Pfaelzer of the Central District of California has issued claim construction, invalidity, and noninfringement rulings relating to three out of the four patents at issue in this action.  *See ICU Med., Inc. v. Alaris Med. Sys., Inc.*, Case No. CV-04-00689-MRP (C.D. Cal.); *see also* Opening Brief at 4-5, 15-16; Altemus Decl. Exs. A-D.[7]  Because ICU admits that the four patents share a common specification and are effectively the same patent, the Central District of California has, in essence, already presided over extensive litigation involving the disclosed inventions of *all four* patents asserted here.  Opposition Brief at 1, 14.  As such, it would be more efficient and the interests of justice would be better served if this Court transferred this action to the Central District of California, where Judge Pfaelzer is already thoroughly familiar with the technology and the patents.

ICU's attempt to minimize the prior *Alaris* case is remarkably unpersuasive.  ICU argues that there is little overlap between the issues in the *Alaris* action and this action.  Opposition Brief at 13-14.  In *Alaris*, however, Judge Pfaelzer construed three of the four patents at issue here and issued summary judgment orders relating to validity of the patents.  Judge Pfaelzer's claim construction and validity rulings required an extensive understanding of the specification of the patents and the file histories.  The claim construction and invalidity issues presented in *Alaris* undoubtedly will be relevant in this action as well.

ICU's contention that this case should not be transferred because the technology is "simple" is irrelevant.  Opposition Brief at 14.  The Court should not expend its precious judicial resources when another court has already completed this same learning curve, and indeed has considered and

---

[6] The public interest factors include:

> (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *Jumara*, 55 F.3d at 879-80.

[7] The Altemus Declaration referred to herein is the Declaration of Katharine L. Altemus in Support of RyMed Technologies, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), D.I. 13, which was filed on October 11, 2007.

ruled on the very same technology and patents.  From the perspective of maximizing judicial efficiency, minimizing the litigation expenses of the parties, and eliminating the possibility of conflicting rulings, transfer of this action to the Central District of California is the only logical conclusion.

**B.     It Would Be Inefficient To Litigate This Dispute Separately From the Comprehensive Dispute Between the Parties Currently Pending in the Central District of California.**

The comprehensive action currently pending between the parties in the Central District of California strongly favors transfer to that district.  *See RyMed Tech., Inc. v. ICU Med., Inc.*, Case No. SACV07-1199 DOC MLGx (C.D. Cal.) (the "California Action").  Transferring this action to the Central District of California so that it may proceed alongside the California action will promote judicial economy and conserve the judicial system's resources.  The California Action will resolve all of the disputes between RyMed and ICU; but the Delaware action cannot.

In the California Action, RyMed seeks declaratory judgment that the four patents in suit here are invalid and not infringed by RyMed's soon-to-be-released InVision Plus® Neutral® with Modified Boot product, in addition to RyMed's current InVision Plus® Neutral® product.[8]  *See* Altemus Decl. Ex. H.  RyMed additionally seeks damages for ICU's federal and state trademark infringement, Lanham Act violations, federal and state unfair competition, tortious interference with contract, and tortious interference with prospective economic advantage.  *See id.*  RyMed needs to have all the issues raised in the California Action promptly addressed and decided, and it properly filed suit to do so.

---

[8] ICU's contention that the Central District of California does not have subject matter jurisdiction over RyMed's claims relating to its InVision Plus® Neutral® with Modified Boot product is contrary to Supreme Court and Federal Circuit law.  *See* Opposition Brief at 12.  In *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (1997), the Supreme Court held that in order for a court to have jurisdiction over a declaratory judgment action, "the dispute be definite and concrete[,]" and "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  In *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007), the Federal Circuit further stated that "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do."  RyMed established in its Complaint that the Central District of California has subject matter jurisdiction over the InVision Plus® Neutral® with Modified Boot claims.  *See* Altemus Decl. Ex. H ¶¶ 29-31.

ICU ignores that the issues raised in the California Action are considerably broader than raised by this Delaware case.  Instead, ICU attempts to make much of the fact that RyMed filed the case in the Central District of California after the filing of this suit.  The general rule that courts will favor the first-filed case, however, is overcome in a Section 1404 analysis where "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require[] otherwise."  *Bank of America v. S.I.P. Assets, LLC*, Case No. CIVA 07-159 GMS, 2007 WL 2698192, at *3 (D. Del. Sept. 11, 2007).

It is significant to note that ICU's opposition papers do not propose any particular action with respect to the California Action.  Apparently, ICU would have this action and the California Action move forward simultaneously, with the parties litigating both cases at the same time and this Court and the Central District of California expending judicial resources to address many of the same issues.  This is not convenient for either RyMed, ICU, or the witnesses, nor is it in the interests of judicial economy.  This Court has confirmed that litigating related cases concurrently is not in the interests of justice.  *See Cashedge, Inc. v. Yodlee, Inc.*, No. Civ.A.06-170-JJF, 2006 WL 2038504, at * 2 (D. Del. July 19, 2006) ("Where related lawsuits exist, 'it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court.'") (internal quotations and citation omitted).  Therefore, because the related California Action will resolve all of the disputes between RyMed and ICU, and not just a portion, the Court should transfer this action to the Central District of California.

III.    **CONCLUSION.**

It would clearly be more convenient for both parties if this action were transferred to the Central District of California.  The existence of both prior and pending litigation in the Central District of California involving the patents at issue in this case also demonstrates that the interests of justice would be better served if this action were transferred to that forum.  Accordingly, RyMed respectfully requests that the Court grant its motion to transfer venue pursuant to 28 U.S.C. § 1404(a) and transfer this action to the Central District of California.


November 5, 2007                              THE BAYARD FIRM

                                             /s/ Richard D. Kirk(rk0922)
                                             Richard D. Kirk
                                             Stephen B. Brauerman
                                             222 Delaware Avenue, Suite 900
                                             Wilmington, Delaware  19899-5130
                                             rkirk@bayardfirm.com
                                              (302) 655-5000
                                             Counsel for Defendant,
                                             RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry Bunsow, Esquire
K.T. Cherian, Esquire
Scott Wales, Esquire
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
(415) 848-4900

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ICU MEDICAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C. A. No. 07-468-JJF |
| | § | |
| RYMED TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DEFENDANT RYMED TECHNOLOGIES, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

October 11, 2007

THE BAYARD FIRM

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Defendant,
RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry Bunsow, Esquire
K.T. Cherian, Esquire
Scott Wales, Esquire
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

# **TABLE OF CONTENTS**

I.     NATURE AND STAGE OF PROCEEDINGS ..................................................1

II.    SUMMARY OF ARGUMENT ..............................................................2

III.   STATEMENT OF FACTS ..................................................................3

       A.   The Parties ......................................................................3

       B.   ICU's Claim In This Case...................................................4

       C.   Prior Litigation of the Patents in Suit ................................4

       D.   Pending Related Case in the Central District of California ............5

       E.   Location of Relevant Witnesses...........................................6

       F.   The Parties' Connections to the Central District of California.........7

       G.   RyMed's Lack of Connection to Delaware ...........................8

IV.    ARGUMENT....................................................................................8

       A.   Legal Standards................................................................8

       B.   Transfer Is Warranted Under the Statutory Requirements Of
            28 U.S.C. 1404(a). .......................................................9

            1.   Private Interests Favor Transfer to the Central
                 District Of California. ...........................................11

                 a.   The Parties' Choice of Forum...............................11

                 b.   The Locus of the Claims Favor Transfer ................12

                 c.   The Convenience of the Parties Favors
                      Transfer ..........................................................12

                 d.   The Convenience of the Witnesses Favors
                      Transfer ..........................................................13

                 e.   Ease of Access to Sources of Proof Favors
                      Transfer ..........................................................14

            2.   Public Interests Favor Transfer to The Central
                 District of California ...........................................15

                 a.   Judicial Economy Favors Transfer to the
                      Central District of California ..............................15

                 b.   Delaware Court Congestion Favors Transfer .........16

# TABLE OF AUTHORITIES

## CASES

*Affymetrix, Inc. v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998)............................................................................ passim

*Brunswick Corporation v. Precor Incorporated*,
  No. 00-691-GMS, 2000 WL 1876477 (D. Del. 2000)................................... 10, 12, 13, 16

*Cashedge, Inc. v. Yodlee, Inc.*,
  No. Civ.A.06-170-JJF, 2006 WL 2038504 (D. Del. 2006) ...................................... passim

*Continental Casualty Co. v. American Home Assurance Co.*,
  61 F. Supp. 2d 128 (D. Del. 1999)................................................................................ 9, 14

*IKOS Systems, Inc. v. Cadence Design Systems, Inc.*,
  No. Civ. A.02-1335-GMS, 2002 WL 31414136 (D. Del. 2002) ............................... 13, 17

*Jumara v. State Farm Insurance Company*,
  55 F. 3d 873, 879 (3rd Cir. 1995)..................................................................... 8, 9, 11, 15

*Nilssen v. Osram Sylvania, Inc.*, No. Civ.A.00-695-JJF, 2001 WL 34368395
  (D. Del. 2001) ................................................................................................... 11, 14, 16

*Pall Corporation v. Bentley Laboratories, Inc.*,
  523 F. Supp. 450 (D. Del. 1981)......................................................................................... 13

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981), *reh'g denied*, 455 U.S. 928 (1982).................................................. 8

*SAS of Puerto Rico, Inc. v. Puerto Rico Telephone Company*,
  833 F. Supp. 450 (D. Del. 1993)......................................................................................... 13

*SmithKline Corp. v. Sterling Drug, Inc.*,
  406 F. Supp. 52 (D. Del. 1975)............................................................................ 10, 11, 15

*Solomon v. Continental American Life Ins. Co.*,
  472 F.2d 1043 (3rd Cir. 1973) .......................................................................................... 16

*Van Dusen v. Barrack*,
  276 U.S. 612 (1964)............................................................................................................ 8

## STATUTES

28 U.S.C. § 1391(c) ............................................................................................................. 8, 9

28 U.S.C. § 1400(b) ................................................................................................................. 8

28 U.S.C. § 1404(a) .................................................................................................... 2, 7, 9, 16

          c.     California Retains an Interest In Adjudicating
                  Local Disputes In Local Fora...................................................................17

V.     CONCLUSION...............................................................................................................18

672931-1

## TABLE OF AUTHORITIES

### CASES

*Affymetrix, Inc. v. Synteni, Inc.,*
  28 F. Supp. 2d 192 (D. Del. 1998)................................................................ passim

*Brunswick Corporation v. Precor Incorporated,*
  No. 00-691-GMS, 2000 WL 1876477 (D. Del. 2000).................................... 10, 12, 13, 16

*Cashedge, Inc. v. Yodlee, Inc.,*
  No. Civ.A.06-170-JJF, 2006 WL 2038504 (D. Del. 2006) ........................................ passim

*Continental Casualty Co. v. American Home Assurance Co.,*
  61 F. Supp. 2d 128 (D. Del. 1999)................................................................ 9, 14

*IKOS Systems, Inc. v. Cadence Design Systems, Inc.,*
  No. Civ. A.02-1335-GMS, 2002 WL 31414136 (D. Del. 2002) ................................ 13, 17

*Jumara v. State Farm Insurance Company,*
  55 F. 3d 873, 879 (3rd Cir. 1995) .................................................................... 8, 9, 11, 15

*Nilssen v. Osram Sylvania, Inc.,* No. Civ.A.00-695-JJF, 2001 WL 34368395
  (D. Del. 2001) ................................................................................................ 11, 14, 16

*Pall Corporation v. Bentley Laboratories, Inc.,*
  523 F. Supp. 450 (D. Del. 1981)..................................................................... 13

*Piper Aircraft Co. v. Reyno,*
  454 U.S. 235 (1981), *reh'g denied,* 455 U.S. 928 (1982)................................... 8

*SAS of Puerto Rico, Inc. v. Puerto Rico Telephone Company,*
  833 F. Supp. 450 (D. Del. 1993)..................................................................... 13

*SmithKline Corp. v. Sterling Drug, Inc.,*
  406 F. Supp. 52 (D. Del. 1975)....................................................................... 10, 11, 15

*Solomon v. Continental American Life Ins. Co.,*
  472 F.2d 1043 (3rd Cir. 1973) ....................................................................... 16

*Van Dusen v. Barrack,*
  276 U.S. 612 (1964)........................................................................................ 8

### STATUTES

28 U.S.C. § 1391(c) ........................................................................................ 9

28 U.S.C. § 1400(b) ....................................................................................... 9

28 U.S.C. § 1404(a) ........................................................................................ 2, 8, 9, 18

672931-1

## I.     NATURE AND STAGE OF PROCEEDINGS

On July 27, 2007, Plaintiff ICU Medical, Inc. ("ICU") chose to sue RyMed Technologies, Inc. ("RyMed") in the District of Delaware for alleged infringement of four ICU patents. In doing so, ICU conveniently ignored the fact that three of those patents were previously litigated by ICU in its home district, the Central District of California. Specifically, Judge Mariana Pfaelzer of the Central District of California has already construed claims and issued summary judgment orders on validity and/or infringement of three of the four patents at issue in a prior case brought by ICU Medical against Alaris Medical Systems, *ICU Medical, Inc. v. Alaris Medical Systems, Inc.*, Case No. CV-04-00689 (C.D. Cal.).[1] In the interest of judicial economy, this case should be transferred to the Central District of California so that it may proceed before Judge Pfaelzer.

Moreover, the location of ICU's principal place of business, RyMed's manufacturing facilities, key witnesses, and relevant documents and events also weigh heavily in support of transfer to the Central District of California as well. Instead of filing this case in the Central District of California, however, ICU chose an inconvenient and unrelated forum for this action. Neither party maintains a place of business in Delaware. Indeed, ICU's principal place of business is in the Central District of California. ICU's patented technology was conceived, reduced to practice, and developed as a commercial product in those facilities in California. Third party witnesses with relevant knowledge germane to issues of inventorship, conception of the claimed inventions, and prosecution of the asserted patents, reside within the Central District of California. None of these witnesses is subject to the subpoena power of the District of Delaware.

---

[1] The fourth patent here is from the same patent family as the three litigated before Judge Pfaelzer.

Further, RyMed's three manufacturing facilities for components of the alleging infringing product are located in the Central District of California. RyMed sells the accused product through distributors located in California to six hospitals located in California. RyMed has no distributors in Delaware, nor does it sell its products to hospitals in Delaware.

Finally, RyMed has recently filed an action against ICU in the Central District of California for: (1) declaratory judgment that the four patents asserted by ICU in this Delaware action are not infringed by RyMed's current product or its soon to be released new product; (2) declaratory judgment that the four patents are invalid; (3) federal trademark infringement; (4) California state false advertising; and (5) unfair competition claims (which must be adjudicated under California state law). Judicial economy favors litigating the claims in the California action and in the present case together in the most convenient forum—the Central District of California.

In short, the geographical center of this lawsuit is the Central District of California. The private interest factors (the convenience of the parties and the witnesses) and public interest factors (practical considerations, judicial economy, and speedier resolution of the dispute), as well as 28 U.S.C. § 1404, warrant transfer of venue in this case to the *most* convenient forum: the Central District of California, where this case could have, and should have, been filed.

## II.    SUMMARY OF ARGUMENT

1.    Transfer of this case to the Central District of California is warranted under 28 U.S.C. § 1404(a) because venue could have been brought in that district, and that district is the most convenient forum for the parties and the witnesses.

2.    The private interest factors to be considered in forum transfer motions (the convenience of the parties and the witnesses) favor transfer to the Central District of California because that forum will be more convenient for both parties, as well as for the witnesses residing within the subpoena power of the Central District, such as the sole identified inventor, the

672931-1

attorneys who prosecuted by the patents before the U.S. Patent and Trademark Office, and other non-party witnesses with relevant information regarding inventorship and conception of the inventions.

3.      The public interest factors to be considered in forum transfer motions (practical considerations, judicial economy, and speedier resolution of the dispute) favor transfer to the Central District of California.  Judge Pfaelzer of the Central District of California has already invested substantial judicial resources in understanding the patented technology at issue here, in construing the patents, and in analyzing and issuing orders with respect to validity and infringement of the patents.  Moreover, a case is currently pending between the parties in the Central District of California involving the same parties and patents, a federal trademark infringement claim, as well as state claims arising from events which occurred in the Central District of California, which must be adjudicated under California state law.  Judicial economy is best served by having one court hear all related disputes between these two parties relating to the same technology.

## III.    STATEMENT OF FACTS

### A.    The Parties

Plaintiff ICU Medical, Inc. ("ICU") is a Delaware corporation with its principal place of business in San Clemente, California in the Central District of California.  Complaint, ¶ 1.  As such, ICU has transacted business in the Central District of California, contracted to supply goods or services in that district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of the State of California.

RyMed Technologies, Inc. ("RyMed") is a Delaware corporation with its principal place of business in Franklin, Tennessee.  Complaint, ¶ 2.

### B.     ICU's Claim In This Case

ICU filed this action against RyMed on July 27, 2007, alleging that RyMed's

development, manufacture, importation, sale, and/or offer for sale of its products, including but

not limited to its InVision-Plus valve, infringes claims of four patents currently owned by ICU:

U.S. patents 5,685,866 ("the '866 patent")[2], 5,873,862 ("the '862 patent"), 5,928,204 ("the '204

patent"), and 6,572,592 ("the '592 patent").  Complaint, ¶¶ 7-10, 12, 16, 20, and 24.  RyMed has

not yet filed an answer to that complaint.[3]

### C.     Prior Litigation of the Patents in Suit

The patented and accused technologies at issue all relate to a minimum fluid

displacement needleless connector that interfaces with vascular access device and/or catheter.

These same patented technologies—indeed, the same four patents—have been litigated

extensively in California within the past few years.

In 2004, ICU sued Alaris Medical Systems ("Alaris") for infringement of three of the

four patents in suit here (the '866, the '862, and the '592 patents).  Claims of those patents have

now been litigated before Judge Pfaelzer of the Central District of California.  *ICU Medical, Inc.

v. Alaris Medical Systems, Inc.*, Case No. CV-04-00689-MRP.  On July 17, 2006, Judge Pfaelzer

issued an order construing several claim terms from the '866, the '862, and the '592 patents

likely to be important to this pending Delaware action, including: (1) "spike"; (2) "preslit

orifice"/ "seal being preslit"; (3) "compressed state/position"/ "decompressed state/position"; (4)

---

[2] ICU's complaint incorrectly identifies U.S. patent 5,865,866 (entitled "Method for controlling stresses in a formed glass sheet") as a patent issued on November 11, 1997 to ICU.  Complaint, ¶ 7.  The complaint appears to contain a typographical error, as ICU owns U.S. patent 5,685,866, issued November 11, 1997.  For the purposes of this motion only, RyMed will assume that ICU is asserting claims of U.S. patent 5,685,866 (entitled "Medical Valve and method of use") against RyMed, and will refer to this patent as the '866 patent.

[3]  The parties have stipulated to an extension of time until October 17, 2007 for RyMed's response to ICU's complaint.  D.I. 5; D.I. 7.

"fills essentially completely"; and (5) "bearing against said wall structure near said opening to seal said opening." Ex. A.[4]  Shortly thereafter, Judge Pfaelzer granted summary judgment of noninfringement of certain claims and invalidated several claims of the '592 patent.  Ex. B; Ex. C.  Judge Pfaelzer issued final judgment in favor of Alaris on September 21, 2007.  Ex. D.

Judge Pfaelzer remains actively involved in patent cases involving the technology of this case.  On September 4, 2007, Judge Pfaelzer granted alleged infringer ICU summary judgment of non-infringement of U.S. patent 5,730,418, a patent claiming similar technology as the patents in suit (*i.e.*, a minimum fluid displacement needleless connector that interfaces with a vascular access device and/or catheter).  *Medegen MMS, Inc. v. ICU Medical, Inc.*, Case No. SA CV-06-619-MRP-AN (CDCA); Ex. E.[5]

### D.    Pending Related Case in the Central District of California

The same technology and the same patents (the '866, the '862, the '592, and the '204 patents) asserted in this Delaware action are currently the subject of pending related litigation filed by RyMed on October 10, 2007 against ICU in ICU's home district, the Central District of California.  Ex. H.[6]  Although RyMed presently offers for sale only one product alleged to infringe in ICU's Delaware Complaint (the InVision-Plus® NEUTRAL® I.V. Connector System), RyMed has developed another product (the InVision-Plus® NEUTRAL® with Modified Boot) and has taken concrete steps to offer it for sale in January 2008.  Ryan Decl., ¶ 9.  RyMed's

---

[4] Unless otherwise noted, exhibits refer to exhibits to the Declaration of Katharine L. Altemus In Support of RyMed Technologies, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Altemus Decl.").

[5] In 2001, ICU asserted and litigated the remaining patent in this Delaware action (the '204 patent) against B. Braun Medical in the Northern District of California before Judge Charles R. Breyer. *ICU Medical, Inc. v. B. Braun Medical, Inc.*, Case No. C01-3202-CRB (N.D. Cal.).  Judge Breyer issued an order construing claim terms of the '204 patent on November 27, 2002. Ex. F.  This case settled during trial, and was dismissed on April 20, 2005. Ex. G.

[6] RyMed concurrently filed a Notice of Related Cases and Notice of Pendency of Other Actions or Proceedings with the Central District of California, notifying the Court of this action in Delaware.  Ex. I.

Central District of California complaint seeks declaratory judgment that the four patents in suit

here are invalid and not infringed by the soon to be released Modified Boot product as well as

RyMed's current InVision Plus® product. *Id.*

RyMed's Central District of California complaint additionally seeks damages for federal

and state trademark infringement, Lanham Act violations, federal and state unfair competition,

tortious interference with contract, and tortious interference with prospective economic

advantage. Ex. H. Each of these counts is grounded in events occurring in the Central District

of California. Specifically, RyMed's trademark allegations are based on ICU's infringement of

RyMed's NEUTRAL® trademark through ICU's use of the mark on ICU product literature and

advertisements distributed in many states (including California). Ex. H, ¶¶ 13-16, 80-119. ICU

has also actively misled consumers by distributing misleading product literature designed to

suggest the document originated from RyMed. Ex. H, ¶¶ 17-20, 120-130. These activities,

presumably initiated in ICU's Central District headquarters, are likely to deceive customers

wishing to purchase RyMed's products, by falsely suggesting that ICU's products are connected

with or related to RyMed's products.

### E.    Location of Relevant Witnesses

RyMed knows of no relevant witnesses to this action who reside in Delaware. On

information and belief, however, several witnesses with relevant, discoverable information in

this litigation do reside within the Central District of California. For example, the named

inventor of the four patents at issue, George A. Lopez, appears to reside in Corona del Mar,

California. Several other individuals, not employed by either party, who are believed to have

relevant information regarding inventorship of the patents at issue and conception of the claimed

inventions, reside within the Central District of California, including Marshall Kerr (Oceanside,

CA), Dave Arnold (Mission Viejo, CA) and Dan Hyun (Brea, CA). Additionally, attorneys from

Knobbe Martens Olson & Bear LLP who prosecuted the patents in suit, are located within the Central District of California and are likely to have information regarding prosecution of the patents, inventorship and conception. None of these witnesses resides within the subpoena power of the District Court of Delaware, and none can be guaranteed to appear at trial. All of these witnesses, however, are within the subpoena power of the court for the Central District of California.

**F.    The Parties' Connections to the Central District of California**

ICU is headquartered in San Clemente, within the Central District of California. The overwhelming majority of the events leading to this suit and the related pending action in the Central District of California occurred in the Central District. Because the sole inventor of the asserted patents worked, and continues to work at ICU's San Clemente facility, the documents and evidence related to the validity of those patents are located in that District. In addition, witnesses to the conception and reduction to practice of the patented technologies, including current and former employees of ICU, resided, and likely still reside in the Central District of California.

RyMed likewise has significant ties to California. First, RyMed manufactures components of its products at three facilities within the Central District of California: Accellent Endoscopy (Upland, CA), A.C. Hoffman (Riverside, CA), and Hi-Tech Rubber (Anaheim, CA). Ryan Decl., ¶ 3. Second, RyMed sells the allegedly infringing product through a distributor located within the Central District of California, Medical Specialties Distributors (City of Industry, CA). Ryan Decl., ¶ 4. The allegedly infringing product is sold to six hospitals in California: Doctors Hospital (Modesto), Good Samaritan Hospital (San Jose), Mills Peninsula Hospital (Burlingame), Veterans Affairs Medical Center (San Francisco), Feather River Hospital (Paradise), and Sutter Roseville Medical Center (Roseville). Ryan Decl., ¶ 5.

7

### G.    RyMed's Lack of Connection to Delaware

RyMed is incorporated in Delaware.  However, RyMed does not maintain any facilities or employ any personnel in Delaware.  Ryan Decl., ¶ 8.   RyMed neither manufactures nor sells products to hospitals in Delaware.  Ryan Decl., ¶ 6.   RyMed does not conduct any research or development in Delaware.  Ryan Decl., ¶ 7.   RyMed stores no relevant files, records, or other documents in Delaware, and does not maintain any storage facilities in Delaware.  Ryan Decl., ¶ 8.  Finally, RyMed keeps no business mail drops, bank accounts, or telephone numbers in Delaware.  Ryan Decl., ¶ 8.

## IV.    ARGUMENT

### A.    Legal Standards

28 U.S.C. § 1404(a) authorizes a district court to transfer a civil action:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a); *Jumara v. State Farm Insurance Co.*, 55 F. 3d 873, 879 (3d Cir. 1995). Section 1404(a) was designed to allow easy change of venue within the unified federal system. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981), *reh'g denied*, 455 U.S. 928 (1982).  The purpose of the transfer provision is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 276 U.S. 612, 616 (1964) (internal citations omitted).  The Court should grant this motion if: (i) venue is proper in the Central District of California; and (ii) "the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.

Section 1404(a) allows a district court to transfer an action to any forum where the action properly could have been brought.  "Any civil action for patent infringement may be brought in

the judicial district where the defendant resides[.]"  28 U.S.C. § 1400(b); *see* 28 U.S.C. § 1391(c)

("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to

reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

commenced.").

The Court normally grants deference to the plaintiff's choice of forum, and consequently,

the movant bears the burden of showing that the balance of interests favors transferring venue.

*Continental Casualty Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del.

1999); *Jumara*, 55 F.3d at 878.  Courts apply a flexible standard, applying broad discretion on a

case-by-case basis during its examination of "all relevant factors to determine whether, on

balance, the litigation would more conveniently proceed and the interests of justice [would] be

better served by a transfer to a different forum."  *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d

192, 196-197 (D. Del. 1998) (internal citation omitted).

The decision whether to transfer venue turns on an analysis weighing two sets of factors:

(1) private factors affecting the convenience of the litigants; and (2) public interest factors

affecting the convenience of the forum.  *Jumara*, 55 F. 3d at 879; *Cashedge, Inc. v. Yodlee, Inc.*,

No. Civ.A.06-170-JJF, 2006 WL 2038504, at * 1 (D. Del. 2006), Ex. J.

**B.**     **Transfer Is Warranted Under the Statutory Requirements of 28 U.S.C. §**
           **1404(a).**

A court may transfer venue if (1) the case could have been filed initially in the proposed

transferee forum, and (2) the transfer promotes the convenience of the parties and the interests of

justice.  28 U.S.C. § 1404(a).

With respect to the first condition, for purposes of venue, "a defendant that is a

corporation shall be deemed to reside in any judicial district in which it is subject to personal

jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).  RyMed manufactures

and sells its products in the Central District of California. Ryan Decl., ¶ 3, 4. The headquarters of ICU are located in Irvine, California. Complaint, ¶ 1. Venue, then, is indisputably proper in the Central District of California. This action could have, and should have, been brought in that district.

With respect to the second condition, as detailed below, transfer of this case to the Central District of California would promote the convenience of the parties and the interests of justice. A related case involving the same parties, the same patents, and similar technology is already pending in the Central District of California. Ex. H; Ex. I; *see also Cashedge,* 2006 WL 2038504, at *2 (D. Del. 2006) (quoting *Brunswick Corp. v. Precor Inc.*, No. 00-691-GMS, 2000 WL 1876477, at * 3 (D. Del. 2000)) ("Where related lawsuits exist, 'it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court'").

Furthermore, Judge Pfaelzer of the Central District of California has already invested considerable effort during the recently concluded *Alaris* litigation to analyze and construe three of the patents asserted in this Delaware action. This Court recognizes "the strong public policy favoring the litigation of related claims before the same tribunal." *SmithKline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 55 (D. Del. 1975). Here, justice is best served by having the one judicial officer already knowledgeable about the technology, Judge Pfaelzer, try both the pending Central District of California case and Delaware District case, thereby maximizing judicial economy and eliminating potentially conflicting rulings.

Finally, transfer of this case to the Central District of California is substantially more convenient to the parties. The parties, the third party witnesses, the underlying events of conception and inventorship of the asserted patents, and development of the allegedly infringing product are all connected to the Central District of California. None have connections to Delaware. *See Cashedge,* 2006 WL 2038504, at *2.

1.    **Private Interests Favor Transfer to the Central District of California.**

As part of the analysis to determine whether to transfer venue under section 1404(a), the

Court weighs several private interest factors:

> (1) the plaintiff's forum preference as evidenced by his or her original
> choice, (2) the defendant's preference, (3) whether the claim arose
> elsewhere, (4) the convenience of the parties due to their relative physical
> and financial condition, (5) the convenience of the expected witnesses, but
> only so far as  the witnesses may be unavailable for trial in a certain
> forum, and (6) the location of books and records, to the extent that these
> books and records could not be produced in a certain forum.

*Jumara*, 55 F.3d at 879; *Cashedge,*  2006 WL 2038504, at *2; *Nilssen v. Osram Sylvania, Inc.,*

No. Civ.A.00-695-JJF, 2001 WL 34368395, at *1 (D. Del. 2001).

These factors weigh substantially in favor of transferring to the Central District of

California, the center of gravity in this action.

### a.    The Parties' Choice of Forum

"While an adverse party has the right to designate the forum of its choice, that choice

must still be measured by the standards of section 1404(a) should it appear that plaintiff's choice

is inappropriate on grounds of convenience to parties and witnesses or in the 'interests of

justice." *SmithKline*, 406 F. Supp. at 56 (applying this rationale to transfer of venue for an

appeal of the Board's decision in a patent interference). "Where the forum selected by [a]

plaintiff is connected with neither the plaintiff nor . . . the subject matter of the lawsuit, meeting

the burden of showing sufficient inconvenience to tip the 'balance' of convenience 'strongly in

favor of [the] defendant' will ordinarily be less difficult." *Affymetrix,* 28 F. Supp. 2d at 198-99.

Here, the convenience to parties and witnesses and the interests of justice in transferring

this action to the Central District of California far outweigh ICU's mere preference for the

District of Delaware.  RyMed's connection to Delaware is merely its incorporation within the

state.  ICU's connections to Delaware also appear to be limited to its incorporation, as ICU's

11

founder and the sole inventor of the patents in suit, Dr. George Lopez, resides within the Central

District of California, and ICU itself is headquartered in that district. Ex. K; Complaint, ¶ 1.

The Central District of California, on the other hand, reflects (1) the locus of the events leading

to this dispute, (2) the locus of the evidence and witnesses necessary to resolve this dispute, (3)

the judicial expertise (Judge Pfaelzer) in the particular patents at issue, and (4) a pending case

involving the same parties and similar or related issues. Accordingly, ICU's forum choice

should be accorded little weight.

### b.    The Locus of the Claims Favor Transfer

"[T]he transfer of a case will generally be regarded as less inconvenient to a plaintiff if

the plaintiff has not chosen . . . a forum where the alleged wrongful activity occurred."

*Brunswick*, 2000 WL 1876477, at *2 (refusing to give much deference to plaintiff's chosen

forum where the design and manufacture of the patented and accused infringing products

occurred outside of Delaware). Here, the majority of the activity related to ICU's claims has

occurred in the Central District of California. *See supra* at 6-7. The sole inventor of the patents

in suit, Dr. Lopez, founded ICU within the Central District of California. Ex. K. His research

and development activities leading to the patents in suit presumably occurred at ICU's facilities

in that same District. RyMed manufactures and distributes its accused product in that same

district. Ryan Decl., ¶¶ 4, 5.

### c.    The Convenience of the Parties Favors Transfer

Physically, Delaware is equally inconvenient for each of the parties. As in

*Affymetrix*,

> [Neither] of the parties maintain any facilities or employ any personnel in
> Delaware. They manufacture none of their products (accused or otherwise) and
> conduct none of their research or development here. Moreover, they maintain no
> warehouses or other storage facilities in Delaware. Additionally, they store no
> relevant files, records, or other documents in the District. Finally, none of them
> keeps any mail drops, bank accounts, or telephone numbers in Delaware.

*Affymetrix,* 28 F. Supp. 2d at 194.  The parties' lack of connection with the District of

Delaware makes Delaware an inconvenient forum for both parties, as both parties will be

forced to expend time and expense deposing witnesses outside the chosen forum, and

preparing for trial at a location distant from the locus of witnesses and other sources of

evidence.  These activities will be easier for each party if the suit is grounded in the

geographical center of the dispute: the Central District of California.

ICU will presumably justify its choice of forum because both parties are

incorporated in Delaware.  If however, as shown herein, "an alternative forum would be

more convenient and would better serve the interests of justice because that forum, and

only that forum, has substantial connections with the litigation, incorporation in Delaware

alone will not necessarily prevent transfer." *SAS of Puerto Rico, Inc. v. Puerto Rico Tel.

Co.*, 833 F. Supp. 450, 453 (D. Del. 1993); *see also Brunswick*, 2000 WL 1876477, at *2

(transferring action despite the fact that both parties were incorporated in Delaware);

*IKOS Systems, Inc. v. Cadence Design Systems, Inc.,* No. Civ.A.02-1335-GMS, 2002 WL

31414136, *1 (D. Del. 2002) (transferring action despite the fact that both parties were

incorporated in Delaware); *Pall Corp. v. Bentley Labs., Inc.*, 523 F. Supp. 450, 452  (D.

Del. 1981) (transferring action despite the plaintiff being incorporated in Delaware).

### d.    The Convenience of the Witnesses Favors Transfer

The presence of several key witnesses in the Central District of California, and the

convenience to those witnesses in appearing for trial where they reside, strongly weighs

in favor of transferring venue to that district.

> The convenience of the witnesses is the most important factor in venue transfer
> analysis.  The convenience of a witness is only relevant, however, 'to the extent
> that the witness may actually be unavailable for trial in one of the fora.'  A party
> need not allege that a witness definitely will be unavailable for trial; rather, it is
> sufficient for purposes of venue transfer analysis if the witness is not subject to a

> court's subpoena power. However, witnesses employed by the parties are not considered by a court conducting venue transfer analysis because the parties are obligated to procure the presence of their own employees at trial.

*Nilssen*, 2001 WL 34368395, at *2-3 (internal citations omitted); *see also Cashedge,* 2006 WL 2038504, at *2.

RyMed knows of no relevant witnesses to this action who reside in Delaware. Several witnesses with relevant, discoverable information to this action, including as discussed above: the two prosecuting attorneys; and Messrs. Arnold, Hyun, and Kerr, reside within the Central District of California. The convenience of these witnesses clearly favors trying this case in the Central District of California. Each of these witnesses is within the subpoena power of the Court for the Central District of California and are not subject to subpoena in Delaware.[7]

e.    **Ease of Access to Sources of Proof Favors Transfer**

Because ICU maintains its principal place of business in the Central District of California, and the sole inventor of the patents in suit worked and still works at that location, relevant documents (*e.g.*, lab notebooks, engineering design information, etc.), and design prototypes are likely stored in California. Likewise, because the events leading to the non-patent claims of RyMed's Central District of California Complaint are grounded in events that occurred at ICU's headquarters in California, individuals with relevant information regarding ICU's alleged trademark violations and unfair competition are likely based at its Southern California facility. Access to these sources of proof will be easier logistically and less expensive if both related actions are litigated together in the Central District of California.

---

[7] *See Continental Casualty,* 61 F. Supp. 2d at 132, citing to *Penwalt Corp. v. Purex Industries, Inc.,* 659 F. Supp. 287, 291 (D. Del. 1986) ("It is desirable to hold trial at a place where the personal attendance of witnesses through the use of subpoena power can be reasonably assured.").

## 2.    Public Interests Favor Transfer to the Central District of California

Public interest factors to be weighed in a determination of whether to transfer venue include:

> (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80.  The public interest factors strongly support transfer of venue to the Central District of California.[8]

### a.    Judicial Economy Favors Transfer to the Central District of California

Practical considerations make litigation of this case in the Central District of California less expensive, more expeditious, and easier than continuing this suit in the District of Delaware. First, the patents at issue in this suit have already been the subject of substantial litigation before Judge Pfaelzer in the Central District of California, including claim construction and rulings relating to the validity and infringement of the patents.  Indeed,

> "the extreme factual complexity of the underlying issues in [a] patent case implicates an additional reason . . . to justify transfer of this case, namely that 'only one judge need be 'educated' with regard to the intricacies of the patents involved.'"

*SmithKline Corp.*, 406 F. Supp. at 56.  Transfer of this action to the Central District of California, where it presumably will be assigned to Judge Pfaelzer, maximizes judicial efficiency and minimizes expenses to the parties.[9]

---

[8] RyMed does not dispute that ICU or RyMed can satisfy an adverse judgment, so the enforceability of the judgment (factor 1) should not weigh in the transfer analysis.  Likewise, no public policy considerations (factor 5) weigh in favor of, or against, transfer, and since this is not a diversity case, factor 6 does not apply.

[9] On October 10, 2007, RyMed filed its Complaint (Ex. H) in the Central District of California.  RyMed concurrently filed a Notice of Related Cases and Notice of Pendency of Other Actions or Proceedings with the Central District of California, notifying the Court of this action in Delaware.  Ex. I.

Second, the patented technology at issue within this suit is the same technology at issue in RyMed's declaratory judgment action currently pending in the Central District of California. Ex. H. "If related cases are pending in the district to which transfer is sought, such fact weights in favor of the transfer." *Nilssen*, 2001 WL 34368395, at *4. "Where related lawsuits exist, 'it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court.'" *Cashedge*, 2006 WL 2038504, at *2 (quoting *Brunswick*, 2000 WL 1876477, at *3). Consolidating these two actions within one forum will reduce the parties' costs and allow for simultaneous scheduling of potentially duplicative events in the two litigations if they were allowed to proceed in separate forums.

In short, the Central District of California, and Judge Pfaelzer in particular, having already expended considerable judicial effort to understand both this technology and the patents protecting this technology, are well situated to maximize judicial economy by presiding over this action.

### b. Comparative Time to Resolution Favors Transfer

In addition, the relative congestion of dockets in respective potential fora and the speed at which litigation occurs in potential venues is a rational and legitimate concern in evaluating whether to transfer venue. *Affymetrix*, 28 F. Supp.2d at 206. The most recently available federal judicial caseload statistics from the Administrative Office of the United States Courts indicate that transfer of this case to the Central District of California would serve the interests of justice by achieving a speedier resolution of the disputes between ICU and RyMed. *Cf. id.* (citing *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973) for the appropriateness of using judicial statistical data to evaluate whether transfer would serve the interests of justice). The Central District of California appears to dispose of filed cases faster (median time in months from filing to disposition is 8.7 months) than Delaware (median time in

672931-1

months from filing to disposition is 17.9 months).  Ex. L.  Likewise, cases advance to trial more rapidly in the Central District of California (median time from filing to trial is 19.7 months) than in Delaware (median time from filing to trial is 30.0 months).  *Id.*

> **c.** **California Retains an Interest in Adjudicating Local Disputes in Local Fora**

In the case currently pending in the Central District of California, RyMed pleads several causes of action to which California state law must be applied, including trademark infringement, tortious interference, and unfair competition.  Many of the circumstances and events underlying these causes of action occurred in the Central District of California, and California retains an interest in deciding local controversies in California courts.  Conversely, patent disputes themselves are national or international concerns, so Delaware has no local interest in retaining the patent dispute currently docketed there.  *IKOS Systems,* 2002 WL 31414136, at *1.  Therefore, the Central District of California's interest in adjudicating its local disputes favors transfer of the related Delaware case to the Central District of California.

## V.    CONCLUSION

Judge Pfaelzer's familiarity with the patents at issue in this action, the currently pending suit between the parties in the Central District of California, the convenience of the parties and witnesses, and judicial economy strongly tip the balance in favor of transfer to the Central District of California.  The Court should therefore transfer this action to that forum pursuant to 28 U.S.C. § 1404(a).

October 11, 2007                                  THE BAYARD FIRM

                                                  /s/ Richard D. Kirk(rk0922)
                                                  Richard D. Kirk
                                                  Stephen B. Brauerman
                                                  222 Delaware Avenue, Suite 900
                                                  Wilmington, Delaware  19899-5130
                                                  rkirk@bayardfirm.com
                                                   (302) 655-5000
                                                  Counsel for Defendant,
                                                  RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry Bunsow, Esquire
K.T. Cherian, Esquire
Scott Wales, Esquire
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
(415) 848-4900

672931-1

# EXHIBIT L

CONTACT

**Corporate Headquarters**

**RyMed Technologies, Inc.**
137 Third Avenue North
Franklin, TN 37064
Phone: 615-790-8093
FAX: 615-790-8984
e-mail: info@rymedtech.com

**Sales and Marketing**

**Brandon Ryan**
**National Sales Manager**
137 Third Avenue North
Franklin, TN 37064
Phone: 615-790-8093
FAX: 615-790-8984
e-mail: bryan@rymedtech.com

**Paul Rovinsky**
**Territorial Manager**
*(Florida)*
1554 Tally Circle
Oviedo, FL 32765
Phone: 407-288-5614
e-mail: provinsky@rymedtech.com

**Scott Chase**
**Territorial Manager**
*(Tennessee, Kentucky,
Alabama, Mississippi*
503 Ashlawn Court
Nashville, TN 37215
Phone: 615-364-6916
e-mail: schase@rymedtech.com

**Courtney Bryant**
**Territorial Manager**
*(North Carolina, Virginia, West Virginia,
Maryland, Delaware)*

**Craig Turner**
**National Sales Training Manager**
137 Third Avenue North
Franklin, TN 37064
Phone: 615-790-8093
FAX: 615-790-8984
e-mail: cturner@rymedtech.com

**Scott Kaiser**
**Territorial Manager**
*(Texas, Louisiana)*
Austin, TX
Phone: 512-577-6815
e-mail: skaiser@rymedtech.com

**Anthony Lepetic**
**Territorial Manager**
*(Missouri, Arkansas,
Central/Southern Illinois)*
St. Louis, MO
Phone: 314-363-2820
e-mail: alepetic@rymedtech.com

10/24/2007

http://www.rymedtech.com/html/body_contact.htm

Raleigh, NC
Phone: 919-607-3183
e-mail: cbryant@rymedtech.com

**Lydia Jarvis**
**Clinical Training Specialist**
Raleigh, NC
Phone: 740-407-3121
e-mail: ljarvis@rymedtech.com

**Customer Service/Technical Assistance**

**RyMed Technologies, Inc.**
6000 W. Wm. Cannon Drive
Building B, Suite 300
Austin, TX 78749
Technical Assistance: 512-301-7334
e-mail: tech@rymedtech.com
Customer Service: 512-301-1949
e-mail: customerservice@rymedtech.com

**For Investor Relations**

Contact: Dana Wm. Ryan, President and CEO
e-mail: info@rymedtech.com
Telephone: 615-790-8093

© 2007 RyMed Technologies, Inc. All rights reserved 06/07
Web Site Design by ACT 2, Inc.

CONTACT