# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| VYGON, | |
| Plaintiff, | |
| vs. | C.A. No. 08-172-GMS |
| RYMED TECHNOLOGIES, INC., | |
| Defendant. | |

**DEFENDANT RYMED TECHNOLOGIES, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS
OR IN THE ALTERNATIVE TO TRANSFER**

May 15, 2008

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen G. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

Counsel for Defendant
RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry C. Bunsow, Esq.
K.T. Cherian, Esq.
Scott Wales, Esq.
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

## <u>TABLE OF CONTENTS</u>

Page

I.    INTRODUCTION ...................................................................................................1

II.   THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED UNDER THE
      FIRST-TO-FILE RULE...........................................................................................2

      A.    Federal Circuit Law Controls..................................................................2

      B.    Vygon Cannot Meet Its Heavy Burden of Showing That This Action
            Should Not Be Dismissed Under the First-to-File Rule. .........................3

            1.    The First-To-File Rule Applies Where, As Here, the Second-Filed
                  Action Is Subsumed Within the First-Filed Action. ....................3

            2.    There Is No § 1404(a) Motion to Transfer Pending Here; The Issue
                  of Transfer for Convenience Should Be Decided By the First-Filed
                  Court. ..............................................................................6

            3.    The Convenience of the Parties and Witnesses and the Interests of
                  Justice Favor Litigating This Dispute in Tennessee. ...................7

                  a.    The Facts Here Are Similar to *Micron*, Where The Federal
                        Circuit Held It Would Be an Abuse of Discretion to
                        Transfer the First-Filed Case to the Second-Filed Court...............7

                  b.    The Connections to Tennessee Are Far Stronger than the
                        Connections to Delaware. ................................................9

                  c.    Vygon Fails to Show that Judicial Economy Favors
                        Delaware over Tennessee. ..............................................10

      C.    EQUITIES DO NOT FAVOR MAKING THIS CASE AN EXCEPTION
            TO THE FIRST-TO-FILE RULE.........................................................12

III.  CONCLUSION...................................................................................................16

## TABLE OF AUTHORITIES

Pages

### CASES

*Bank of Am., N.A. v. S.I.P. Assets, LLC,*
    C.A. No. 07-159-GMS, 2007 U.S. Dist. LEXIS 67107, at *8 (D. Del. Sept. 11,
    2007) ............................................................................................................... 7

*Citigroup Inc. v. City Holding Co.,*
    97 F. Supp. 2d 549 (S.D.N.Y. 2000)............................................................... 8

*Crosley Corp. v. Hazeltine Corp.,*
    122 F.2d 925 (3d Cir. 1941)....................................................................... 4, 7

*Daimler-Chrysler Corp. v. GMC,*
    133 F. Supp. 2d 1041 (N.D. Ohio 2001) ........................................................ 6

*Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County,*
    542 F. Supp. 1317 (S.D.N.Y. 1982)............................................................... 7

*Elecs. for Imaging, Inc. v. Coyle,*
    394 F.3d 1341 (Fed. Cir. 2005)...................................................................... 9

*FMC Corp. v. AMVAC Chemical Group,*
    379 F. Supp. 2d 733 (D. Del. 2005) ............................................................ 14

*Genentech v. Eli Lilly & Co.,*
    998 F.2d 931 (Fed. Cir. 1993).............................................................. 3, 6, 9

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.,*
    179 F.R.D. 264 (C.D. Cal. 1998) ................................................................... 5

*Martin v. Graybar Elec. Co.,*
    266 F.2d 202 (7th Cir. 1959) ......................................................................... 3

*MedImmune, Inc. v. Genentech Inc.,*
    549 U.S. 118 (2007)..................................................................................... 10

*Micron Tech., Inc. v. MOSAID Techs., Inc.,*
    518 F.3d 897 (Fed. Cir. 2008).......................................................... 4, 5, 9, 13

*Miteq Inc.. v. Comtech Telecom. Corp.,*
    2003 U.S. Dist. LEXIS 1015, *3 (D. Del. Jan. 23, 2003)............................... 7

*Optical Recording Corp. v. Capitol-EMI Music, Inc.,*
    803 F. Supp. 971 (D. Del. 1992)................................................................. 14

ii

*SanDisk Corp. v. STMicroelectronics, Inc.,*
    480 F.3d 1372 (Fed. Cir. 2007)............................................................... 9

*Servian v. Health Data Sciences Corp.,*
    Civ. A. No. 92-2693, 1992 WL 174705 (E.D. Pa. Jul. 21, 1992).................................... 14

*Smith v. M'Iver,*
    *22 U.S. (9 Wheat.) 532, 6 L. Ed. 152 (1824)* ................................................. 7

*Time Warner Cable, Inc. v. USA Video Tech. Corp.,*
    520 F. Supp. 2d 579 (D. Del. 2007)........................................................... 3, 7

*Ward v. Follet Corp.,* 158 F.R.D.
    645 (N.D. Cal. 1994)............................................................................. 5

*West Gulf Mar. Ass'n v. ILA Deep Sea Local 24,*
    751 F.2d 728 (5th Cir. 1985) ............................................................... 4

## STATUTES

28 U.S.C. § 1404(a) ............................................................................... 2, 7

## RULES

Fed. R. Civ. P. 19................................................................................... 12

## I.    INTRODUCTION

Defendant RyMed Technologies, Inc. ("RyMed") respectfully submits this reply brief in support of its motion to dismiss, or in the alternative to transfer this action, pursuant to the first-to-file rule (D.I. 7). The issue before the Court is a straightforward application of the first-to-file rule:

- A first-filed action is pending in the Middle District of Tennessee with a cause of action that is the mirror image of the cause of action at issue here, meaning Plaintiff Vygon's later-filed cause of action filed here is subsumed within the Tennessee action;
- The first-to-file rule thus applies under Federal Circuit precedent;
- There are no extraordinary circumstances or countervailing reasons not to apply the first-to-file rule in this action – indeed, it would be counter to Federal Circuit precedent not to apply the first-to-file rule;
- Even if there were extraordinary circumstances regarding whether to apply the first-to-file rule, under controlling precedent, that decision is to be made by the first-filed court in the Middle District of Tennessee;
- Consequently, this case should be dismissed or transferred to the Middle District of Tennessee for disposition.

Vygon's revisionist construction of this dispute as a "race to a Tennessee courthouse" is as untrue as it is irrelevant. On September 17, 2007, Vygon demanded that RyMed "cease and desist from all acts of infringement." RyMed attempted to resolve the dispute, but Vygon refused to negotiate. RyMed was then left with no choice but to bring the action in Tennessee in October, 2007. Despite ongoing discussions between the parties' attorneys, Vygon waited almost <u>five months</u> after RyMed filed suit in Tennessee to bring this action in Delaware.

Vygon's contention that the first-to-file rule should not be applied here because this action is not identical to the Tennessee action misconstrues the first-to-file rule. The two actions do not have to be identical. Vygon's cause of action here is a mirror image of a cause of action

already at issue in Tennessee, and as a result, this case is subsumed within the first-filed

Tennessee action.    That is all that is required.

Vygon confusingly spends the remainder of its opposition brief arguing that this case

should not be transferred to the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a).

*See* Vygon Opp. Brf. at 10-15.  But no § 1404(a) motion to transfer is pending in this action.

Moreover, where the first-to-file rule applies (as here), it is the role of the *first-filed* court to

decide where the litigation should go forward.  As such, it is up to the Middle District of

Tennessee, not this Court, to weigh the factors in a § 1404(a) transfer analysis.[1]  Therefore,

Vygon's lengthy discussion of the § 1404(a) transfer factors is irrelevant.  *See id*.  Nevertheless,

RyMed addresses these factors below, and demonstrates that the convenience of the parties and

witnesses, as well as the interests of justice, weigh heavily against litigating this dispute in

Delaware instead of in the first-filed action in Tennessee.

Finally, left with no legal basis to argue why this second-filed Delaware action should not

be dismissed under the first-to-file rule, Vygon unfortunately resorts to misrepresentations and

baseless attacks on RyMed in an effort to argue that equities somehow make this case an

exception to the first-to-file rule.  Vygon's allegations are simply untrue and its overblown

rhetoric should be ignored.  If the Court is inclined to entertain Vygon's equities argument,

however, RyMed addresses Vygon's allegations at the end of this reply brief.

## II.    THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED UNDER THE FIRST-TO-FILE RULE.

### A.    Federal Circuit Law Controls

In a patent case, the first-to-file rule is governed by the law of the Federal Circuit.

*Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (finding that first-to-file rule in

patent cases is an issue that requires national uniformity).  Vygon, however, ignores Federal

---

[1] Indeed, the Middle District of Tennessee will be performing the § 1404(a) transfer analysis
when deciding Vygon's currently pending motion to transfer the Tennessee action to this Court.

Circuit precedent, and instead cites to non-binding inapposite cases. *See, e.g.,* Vygon Opp. Brf. at 7, 9-10.

**B.    Vygon Cannot Meet Its Heavy Burden of Showing That This Action Should Not Be Dismissed Under the First-to-File Rule.**

"[A]bsent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Genentech*, 998 F.2d at 938; *see also Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 588 (D. Del. 2007) (the first "choice of forum should be upheld unless there are extraordinary circumstances that mandate dismissal or transfer"). "[T]he rule favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience, is supported by '[reasons] just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits.'" *Genentech*, 998 F.2d at 938 (quoting *Martin v. Graybar Elec. Co.*, 266 F.2d 202, 205 (7th Cir. 1959)).

Vygon essentially argues that the first-to-file rule should not be applied here because the Delaware action is not identical to the Tennessee action. *See* Vygon Opp. Brf. at 8-9. As discussed below, this argument has no merit.

**1.    The First-To-File Rule Applies Where, As Here, the Second-Filed Action Is Subsumed Within the First-Filed Action.**

Vygon misconstrues the first-to-file rule as requiring the second-filed action to be <u>identical</u> to the first action. Not only does such a rigid requirement not exist, it would lead to preposterous results where the same causes of action are litigated in multiple jurisdictions.[2] *See Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 903-04 (Fed. Cir. 2008) (noting that

_____

[2] Vygon incorrectly contends that RyMed "claims that the Tennessee Action is a 'mirror image' of this action." Vygon Opp. Brf. at 2. As is clearly set forth in RyMed's opening papers, however, RyMed asserts that the *cause of action* here is the mirror image of *a cause of action* in the Tennessee action. The Tennessee action subsumes this action, and thus, the first-to-file rule applies.

the relationship between two competing lawsuits can be "easily manipulated"; "If, as in this case, a patent holder could simply name another defendant or add a few additional claims to the later filed infringement, then the Supreme Court's more lenient standard for the declaratory judgment plaintiff would lose its primary intended effect."). As the Third Circuit has acknowledged, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of **the subject** must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941) (emphasis added). *See also West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 728 (5th Cir. 1985); *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 270 (C.D. Cal. 1998); *Ward v. Follet Corp.*, 158 F.R.D. 645, 648-49 (N.D. Cal. 1994).

Here, the causes of action pled in Delaware by Vygon is that:

> "*RyMed has infringed and continues to infringe the '306 Patent by using, making, offering for sale, and selling products that embody the invention described and shown in the '306 patent, including the InVision-Plus® NEUTRAL® I.V. Connector System[.]*"

This cause of action is subsumed within the Tennessee action. *Compare* First Amended Complaint (D.I. 6) ¶ 17, *with id.* at Ex. F ¶ 17 ("RyMed has not infringed and does not infringe any valid and enforceable claim of the '306 patent, either directly, indirectly, literally, or under the doctrine of equivalents."). Therefore, the cause of action asserted here is already at issue in the Tennessee action. It cannot be litigated in both jurisdictions. The first-to-file rule applies.

Thus, Vygon's argument that its Delaware patent infringement cause of action is not *identical* to the Tennessee action because Vygon allegedly has not asserted that RyMed's InVision-Plus® NEUTRAL® with Modified Boot product infringes is irrelevant. The subject of the entire Delaware action is subsumed within the Tennessee action. That is all that is required

4

to apply the first-to-file rule.[3]

Moreover, Vygon's cause of action in this Delaware action does in fact accuse the InVision-Plus® NEUTRAL® with Modified Boot of infringement.[4]  Specifically, Vygon accuses RyMed's "*InVision-Plus® NEUTRAL® I.V. Connector System*" of infringement.  The InVision-Plus® NEUTRAL® with Modified Boot is an *InVision-Plus® NEUTRAL® I.V. Connector System*.  Declaration of Dana William Ryan in Support of Defendant RyMed Technologies, Inc.'s Reply Brief in Support of its Motion to Dismiss or in the Alternative to Transfer ("Ryan Decl.") ¶ 4.[5]

Thus, Vygon's cause of action here is indeed a mirror-image of a cause of action in Tennessee, i.e., whether the "*InVision-Plus® NEUTRAL® I.V. Connector System*" infringes the '306 patent.  Indeed, Vygon admits that "[b]oth cases will involve the same discovery, documentary evidence and witness testimony."  Vygon Opp. Brf. at 15.

---

[3] Vygon's attempt to distinguish the *Genentech* and *Micron* Federal Circuit cases because they are allegedly mirror image cases is immaterial.  *See* Vygon Opp. Brf. at 8.  Moreover, Vygon is simply wrong.  Neither *Micron* nor *Genentech* are mirror image cases.  In *Micron*, 518 F.3d at 900, fourteen patents were at issue in the first-filed California case, only eight of which overlapped with the second-filed Texas action.  The Texas action included four patents not at issue in the California Micron case.  *See Micron*, 518 F.3d at 900.  In *Genentech*, the first-filed action included claims of patent non-infringement, inequitable conduct, false representations, patent misuse, and state law tort claims.  The second-filed action only asserted patent infringement.  *See Genentech*, 998 F.2d at 935.

[4] Without any factual basis for doing so, Vygon claims that "RyMed has not advertised, promoted, sold or offered for sale [the Modified Boot] product anywhere."  Vygon Opp. Brf. at 8.  Vygon is once again incorrect.  The InVision-Plus® NEUTRAL® with Modified Boot has been advertised in literature since June of 2006, and it is offered for sale and sold in the United States.  Ryan Decl. ¶ 4.

[5] Moreover, even if the InVision-Plus® NEUTRAL® product with Modified Boot was not currently at issue in Delaware (which it is), RyMed would obviously counterclaim that *none* of its products infringe (if this case were to stay in Delaware) and thus the InVision-Plus® NEUTRAL® product with Modified Boot would be at issue.  Thus, Vygon's attempt to distinguish this case from Tennessee has no basis in fact or law.

2.    **There Is No § 1404(a) Motion to Transfer Pending Here; The Issue of Transfer for Convenience Should Be Decided By the First-Filed Court.**

Where the first-to-file rule applies (as here), it is the role of the *first-filed* court to decide where the litigation should proceed. *See Daimler-Chrysler Corp. v. GMC*, 133 F. Supp. 2d 1041, 1044 (N.D. Ohio 2001) ("As a matter of comity among equals, the second judge to get a case should accede to the decision of the court of first filing, rather than vice versa."); *Bank of Am., N.A. v. S.I.P. Assets, LLC*, C.A. No. 07-159-GMS, 2007 U.S. Dist. LEXIS 67107, at *8 (D. Del. Sept. 11, 2007) (dismissing second-filed case: "With the institution of a separate action in this court, BANA essentially asks this court to substitute its judgment for that of the first-filed Florida court on the scope of the Florida court's jurisdiction. It would be presumptuous for this court to make such a determination, particularly while BANA's motion to transfer is still pending in the Florida Action."); *Time Warner Cable, Inc. v. USA Video Technology Corp.*, 520 F. Supp. 2d 579, (D. Del. 2007) (dismissing second-filed case in favor of first forum); *Miteq Inc.. v. Comtech Telecom. Corp.*, 2003 U.S. Dist. LEXIS 1015, *3 (D. Del. Jan. 23, 2003) (granting motion to transfer to first forum; "More than fifty years ago, the Third Circuit Court of Appeals adopted the 'first-filed rule' where 'in all cases of federal concurrent jurisdiction the court which first had possession of the subject must decide it.' *Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941))* (quoting *Smith v. M'Iver, 22 U.S. (9 Wheat.) 532, 6 L. Ed. 152 (1824))*. Consequently, the second filed action should be stayed or transferred to the court where the first filed action is pending."); *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County*, 542 F. Supp. 1317, 1321 (S.D.N.Y. 1982) ("[T]he court is of the opinion that the district court hearing the first-filed action should determine whether special circumstances dictate that the first action be dismissed in favor of a later-filed action. Absent such a rule, there exists the possibility of inconsistent rulings on discretionary matters as well as duplication of judicial effort."); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556 n.4 (S.D.N.Y. 2000) ("Indeed, it is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies."). The purpose of this concept is to prevent any "possibility of inconsistent rulings

on discretionary matters as well as duplication of judicial effort." *Donaldson*, 542 F. Supp. at 1321.

Thus, upon finding that the first-to-file rule applies, this Court should dismiss this action or transfer it to Tennessee so that the Middle District of Tennessee may decide how to proceed. It is the role of the Middle District of Tennessee, not this Court, to weigh convenience factors in a transfer analysis.[6] There is no motion to transfer this action for convenience pursuant to 28 U.S.C. § 1404(a) currently pending before this court. Thus, Vygon's lengthy discussion of the § 1404(a) transfer factors is irrelevant. *See* Vygon Opp. Brf. at 10-15.

Regardless, as detailed below, the convenience of the parties and witnesses, and the interests of justice weigh heavily against litigating in this dispute in Delaware over the first-filed action in Tennessee.

> **3.      The Convenience of the Parties and Witnesses and the Interests of Justice Favor Litigating This Dispute in Tennessee.**
>
>> **a.      The Facts Here Are Similar to *Micron*, Where The Federal Circuit Held It Would Be an Abuse of Discretion to Transfer the First-Filed Case to the Second-Filed Court.**

The first-filed forum is favored "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (quoting *Genentech*, 998 F.2d at 937). The first-filed court may consider the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, or considerations relating to the real party in interest as factors. *Id.* at 1348. There are boundaries, however, to the first-filed court's discretion as to whether it may dismiss or transfer a declaratory judgment action. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007). "The exercise of discretion

---

[6] Thus, the issue of transfer for convenience will be decided pursuant to Vygon's motion to transfer currently pending in the Middle District of Tennessee.

must be supported by a sound basis for refusing to adjudicate an actual controversy." *Id.* All of the relevant factors here support this dispute proceeding in the Middle District of Tennessee.

In particular, this action presents the same issue recently before the Federal Circuit in *Micron*. In *Micron*, 518 F.3d at 905, Micron filed a declaratory judgment action for non-infringement of a patent in the Northern District of California, the home district of the patentee MOSAID's United States operations. The patentee, MOSAID, filed a corresponding patent infringement suit on an overlapping but not identical set of the patents in the Eastern District of Texas against Micron and three other defendants *the very next day*. *Micron*, 518 F.3d at 900. MOSAID moved to dismiss the first-filed action for lack of declaratory judgment jurisdiction or transfer it for convenience to the Eastern District of Texas to be consolidated with the larger, second-filed Texas action. *Id.* The Northern District of California first-filed court dismissed the first-filed action (1) for lack of subject matter jurisdiction, and (2) in its discretion, to allow the second larger Texas action to proceed. *Id.* The Federal Circuit reversed, stating that declaratory judgment jurisdiction was proper under *MedImmune, Inc. v. Genentech Inc.*, 549 U.S. 118 (2007). *Id.* at 902.

Importantly, the Federal Circuit in *Micron* also held that "***it would be an abuse of discretion to transfer the action***" for the first-filed court to transfer the action to the second-filed forum. *Id.* at 905 (emphasis added). As in the present RyMed action, the second suit filed by the patent owner in the *Micron* case had just been filed. "[T]he record does not show any ongoing litigation requiring consolidation." *Id.* No significant activity has occurred in the Delaware *ICU* action. The Court has not yet issued a Scheduling Order. As with RyMed, the U.S. headquarters of the defendant in the *Micron* case was in the forum of the first-filed suit. *See Micron*, 518 F.3d at 905.

Further, as in this action and in the *Micron* case, "the record does not show that availability of witnesses or jurisdiction over desired parties favors" the second filed action, and that because "Micron and MOSAID do business both in California and Texas, the record does not weigh in favor of either forum." *See id.* Here, the argument for litigating the parties' dispute

8

in Tennessee is significantly stronger than that of the *Micron* case (where it was found that it would have been an abuse of discretion to transfer to the second filed forum). As discussed below, the availability of witnesses and RyMed's significant business operations in Tennessee strongly favor litigating in Tennessee.[7]

### b.     The Connections to Tennessee Are Far Stronger than the Connections to Delaware.

Contrary to Vygon's baseless assertion that "Tennessee is not the focus of [RyMed's] business operations" (Vygon Opp. Brf. at 11), RyMed's headquarters and corporate offices are in Franklin, Tennessee.[8]  Ryan Decl. ¶ 5.  RyMed's National Sales Manager, Eastern Division Manager, National Marketing Manager, and Tennessee Territory Sales Manager all reside in the Middle District of Tennessee. *Id.* RyMed carries out product designs in Tennessee. *Id.* Its corporate books and other corporate related documents are retained in Tennessee. *Id..* RyMed also has significant sales of the products at issue in the action in Tennessee. *Id.* It certainly is not inconvenient for RyMed to litigate in Tennessee. Indeed, RyMed prefers to litigate there.

Moreover, contrary to Vygon's assertion that RyMed has significant business in Delaware (Vygon Opp. Brf. at 11), RyMed has no meaningful connection to Delaware other than

_____

[7] Vygon attempts to sidestep the *Micron* Federal Circuit holding by arguing that (a) in *Micron,* a "related" case (such as the ICU case here – which has <u>not</u> been related in Delaware) was not pending in the second filed forum (*this is untrue – a case involving three other defendants and overlapping patents was being currently litigated in Texas in the Micron case*); (b) in *Micron,* the Federal Circuit "did not evaluate the inconvenience to a party [Rymed] that already is litigating in the same jurisdiction [DE] (*also untrue – the Federal Circuit in Micron analyzed and considered the second-filed action in which MOSAID was a part in Texas; moreover, the court can take judicial notice that RyMed is not inconvenience by litigating this action in Tennessee*); and (c) in *Micron,* the principal place of business for the U.S. operations of one of the parties was in the first-filed forum (*but the same is true here: RyMed's headquarters are in the Middle District of Tennessee*). *See* Vygon Opp. Brf. at 9 n.4. There is no meaningful basis to distinguish the *Micron* decision from the facts of this case.

[8] Vygon apparently focuses on RyMed's motion to transfer in the ICU action where it argued that California was more convenient than Delaware. RyMed's Tennessee operations were not emphasized in that motion because it was irrelevant to the decision to transfer from Delaware to California.

being incorporated here.[9] RyMed has no facilities or personnel in Delaware, it does not manufacture products in Delaware or sell them in Delaware, and it does not carry out any research or development in Delaware. Ryan Decl. ¶ 6. There are no relevant RyMed files, records, or other documents in Delaware. *Id.* ¶ 7. RyMed does not maintain storage facilities within the State of Delaware. *Id.* Nor does RyMed maintain business mail drops, bank accounts, or telephone numbers within the State of Delaware. *Id.*

As for Vygon, it is a French company headquartered in France. Vygon has not provided any evidence that there is any difference in hardship whether it must litigate in Delaware or in Tennessee. Vygon is not located in Delaware. The fora are not significantly different in terms of distance from Ecouen, France.

Vygon arbitrarily selects *a subsidiary* (Churchill Medical Systems, Inc. located in Pennsylvania) *of one of its subsidiaries* (Vygon USA) to support its argument that it would be more convenient for Vygon of France to litigate in Delaware instead of Tennessee. *See* Vygon Opp. Brf. at 5, 14. But Pennsylvania is not Delaware, and Churchill Medical Systems, Inc. is not Vygon of France. It is true that Pennsylvania is closer to Delaware than Tennessee, but Vygon has failed to provide any factual basis for asserting that Churchill Medical Systems, Inc.'s location in Pennsylvania has any bearing on the convenience of litigating in Delaware. Indeed, Vygon only recently purchased Churchill Medical Systems, Inc. in the last few months. Ryan Decl. ¶ 8.

### c.    Vygon Fails to Show that Judicial Economy Favors Delaware over Tennessee.

Finally, Vygon argues that judicial economy favors litigating this action in Delaware rather than Tennessee because (1) that the existence of the ICU case in Delaware creates judicial

---

[9] Vygon repeatedly states that RyMed has significant business activities in Delaware. *See, e.g.* Vygon Opp. Brf. at 11. However, Vygon provides no factual basis for its assertions. Nor can it. RyMed has no business in Delaware.

efficiency in litigating in Delaware, and (2) that by litigating in Delaware, the issue of infringement of the InVision-Plus® NEUTRAL® with Modified Boot product and the issue of jurisdiction regarding co-defendant Laboratoires Pharmaceutiques Vygon ("LPV) could somehow be avoided.  Vygon Opp. Brf. at 8-9.  Neither argument is persuasive, and they certainly do not override RyMed's choice of forum and the substantial ties this dispute has to the state of Tennessee.

Contrary to Vygon's characterization, the Delaware action between RyMed and Vygon is unrelated to the Delaware action between RyMed and ICU.  Vygon has provided no evidence that any issue in that case will overlap with the issues in the Vygon action.  Nor can it.  The parties and patents at issue in the ICU action are different than the Vygon Delaware action. Declaration of Farah Anthony in Support of Defendant RyMed Technologies, Inc.'s Reply Brief in Support of its Motion to Dismiss or in the Alternative to Transfer ("Anthony Decl.") Ex. 1 (Complaint filed by ICU).  The infringement determinations and validity determinations are entirely different.  Indeed, in Delaware, the plaintiff must include on the civil cover sheet an indication as to whether the action is related to any other civil action previously decided or currently pending.  Del. L.R. 3.1(b) (as amended June 30, 2007).  Vygon failed to allege this case was related to the ICU action in this district, nor can it.  Additionally, as in *Micron*, there have been no significant activities in the ICU Delaware action.  The court has not yet issued a scheduling order in *ICU* and thus "the record does not show any ongoing litigation requiring consolidation."  *See Micron*, 518 F.3d at 905.  Thus, as in *Micron*, there is no basis to move the Tennessee action to Delaware because of the existence of the *ICU* litigation.

Lastly, litigating this dispute in Delaware does not avoid litigating infringement of the InVision-Plus® NEUTRAL® product with Modified Boot or avoid a patent ownership dispute and jurisdictional issues with respect to co-defendant Laboratoires Pharmaceutiques Vygon ("LPV) in the Tennessee action.  As explained above, the InVision-Plus® NEUTRAL® product with Modified will be at issue in either action.

11

Regarding co-defendant LPV, after Vygon's brief was filed, the parties in Tennessee reached an oral agreement that would dismiss LPV out of the Tennessee action. Anthony Decl. Ex. 2 (Letter from Scott Wales to Maxim Waldbaum). Moreover, even if agreement had not been reached and the ownership issue was not resolved, it would continue to be an issue regardless of which court this action were litigated in. If litigated in the District of Delaware, RyMed would merely add LPV as a necessary patent owner plaintiff of the '306 patent under Fed. R. Civ. P. 19.

Thus, similar to the *Micron* Federal Circuit case, it would be an abuse of discretion for the first-filed court in Tennessee to transfer the dispute between the parties away from RyMed's home forum.[10]

## C. EQUITIES DO NOT FAVOR MAKING THIS CASE AN EXCEPTION TO THE FIRST-TO-FILE RULE

Vygon argues that equities make this case an exception to the first-to-file rule by attempting to paint RyMed as a bad actor. Vygon cites no authority for its proposition but more importantly, as addressed below, Vygon relies on baseless and/or knowingly false allegations.

---

[10] The District Court cases Vygon relies upon are either contrary to the Federal Circuit's holdings in *Micron* and *Genentech* and are not on point with the issue presented in this patent action. In *Servian v. Health Data Sciences Corp.*, Civ. A. No. 92-2693, 1992 WL 174705 (E.D. Pa. Jul. 21, 1992), the court discussed certain exceptions to the first-to-file rule, yet found that the first-to-file rule applied. This case does nothing to advance Vygon's arguments. In *Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F. Supp. 971, 974 (D. Del. 1992), the second-filed court departed from the first-to-file rule because the same patent had previously been litigated in that court, and the court determined it was in a better position than the first-filed court to conserve judicial resources. Vygon has not asserted that this Court has any familiarity with the patent at issue in this case, only that "information concerning the accused product will be available in this District." Vygon Opp. Brf. at 9. Therefore, *Optical Recording* carries little weight here. Likewise, *FMC Corp. v. AMVAC Chemical Group*, 379 F. Supp. 2d 733, 737 (D. Del. 2005), a copyright case, lends little support to Vygon's argument because in that case, the court found an exception to the first to file rule because, *inter alia*, the defendant had filed a declaratory action in another forum while it was still in negotiations with the plaintiff, in order to avoid litigating in the second forum. This case is distinguishable on its facts from *FMC Corp.*, because RyMed filed this case after Vygon expressly stated it had no interest in negotiating with RyMed.

- Vygon's claim that RyMed "<u>intentionally</u> sued the wrong defendant" (LPV) in Tennessee (Vygon Opp. Brf. at 9 n.4) is incorrect:
  - There are no facts on which Vygon could have based this allegation. RyMed filed the complaint in the Middle District of Tennessee on October 31, 2007, naming LPV as the defendant, believing it to be the name of the Vygon entity that owned the patent based on publicly available information. Declaration of Scott Wales in Support of Defendant RyMed Technologies, Inc.'s Motion to Dismiss or in the Alternative to Transfer ("Wales Decl.") ¶ 2. In particular, Vygon's website lists LPV as the only Vygon entity at the address listed on the '306 patent. Anthony Decl. Ex. 3 (Screenshot of Vygon website). Vygon (of France) itself is not listed on the list of Vygon companies on its website. Wales Decl. ¶ 2.

- Vygon's claim that Rymed "maintained its suit against the wrong party even after being given public records by Vygon's counsel demonstrating the error" (Vygon Opp. Brf. at 9 n.4) is incorrect:
  - Vygon knows this statement is incorrect, as Vygon has provided no public documents evidencing that LPV does not have an ownership interest in the '306 patent. The only allegedly public documents Vygon provided (in French) purports only to show that LPV's address is 6 Rue de Paris, 95440 Ecouen, France, *which is not the address listed on Vygon's own website for LPV* (5-11 rue Adeline, 95440 Ecouen, France). Anthony Decl. Ex. 4. Further, RyMed has indicated that it would withdraw LPV as a Defendant in Tennessee if LPV provided a binding declaration from an officer stating that it had no interest in the '306 patent. Wales Decl. ¶ 3; Anthony Decl. Ex. 2. LPV's counsel agreed to do so, but has yet to provide any declaration. *Id.*

- Vygon's claim that RyMed was "dilatory" in service of process of LPV in Tennessee (Vygon Opp. Brf. at 8) is incorrect:

13

   o  Vygon knows this statement is incorrect because Vygon is in possession of a declaration from RyMed regarding the steps taken for service process for LPV and a declaration from the organization who carried out service of LPV in France – both of which were filed on December 6, 2007 in the Tennessee case. *See* Anthony Decl. Exs. 5-6. Service of process of a defendant in France under the Hague Convention takes on average, four months, but can take up to eight months. Anthony Decl. Ex. 5 ¶ 9. After filing the complaint, RyMed diligently sought translations of the relevant documents and immediately began the service process. Anthony Decl. Ex. 6 ¶¶ 1-4. Service of LPV took *less than* four months.

- Vygon's claim that RyMed failed to disclose to the court that "RyMed has not advertised, promoted, sold or offered for sale [the InVision-Plus® NEUTRAL® with Modified Boot] product anywhere" (Vygon Opp. Brf. at 8) and similar claims (*see* Vygon Opp. Brf. at 1-4) are based on a false assumptions:

   o  Vygon's statements are incorrect, nor was there any factual basis for Vygon to assert them. The Modified Boot product has been sold and has been in advertising literature since June of 2006. Ryan Decl. ¶ 4.

- Vygon's assertion that RyMed "erroneously claims that the Tennessee Action is a 'mirror image' of this action" (Vygon Opp. Brf. at 2) is incorrect:
   o  RyMed has asserted that *the cause of action* here is the mirror image of *a cause of action* in the Tennessee action, which is true. *See infra* pp. 3-5. The Tennessee action subsumes this action, and thus the first-to-file rule applies.

- Vygon's repeated claim that RyMed failed to inform the court that "Tennessee is not the focus of [RyMed's] business operations" (*see, e.g.,* Vygon Opp. Brf. at 11, 3) is baseless:
   o  Vygon had no information to make this claim. Vygon conveniently focused on RyMed's motion to transfer in the ICU action where RyMed argued, and provided

substantial evidence, that California was more convenient than Delaware. Obviously, RyMed's Tennessee connections were not emphasized in that motion because it was irrelevant to the decision to California. As explained above, RyMed's headquarters and central business operations are in Tennessee. Ryan Decl. ¶ 5.

- Vygon's repeated claim RyMed has failed to inform the court that it sells its product and has significant business activity in Delaware (*see, e.g.,* Vygon Opp. Brf. at 3, 11) is baseless:
  - o Vygon provides no <u>factual</u> basis for these assertions. Nor can it. Other than incorporation, RyMed has no business activities in Delaware. Ryan Decl. ¶¶ 6-7.

In view of Vygon's baseless and false allegations, the equities (even if relevant, which they are not) certainly do not tip in Vygon's favor.

**III.      CONCLUSION**

For the foregoing reasons and those set forth in RyMed's opening papers, RyMed respectfully requests that this Court dismiss this case to avoid duplicative litigation and allow the first-filed action in the Middle District of Tennessee to proceed.  Alternatively, RyMed requests that the Court transfer this case to the Middle District of Tennessee, so that the first-filed court may determine how to proceed.


May 15, 2008                                           BAYARD, P.A.,



                                                      /s/ Richard D. Kirk (rk0922)
                                                      Richard D. Kirk (rk0922)
                                                      Stephen B. Brauerman (sb4952)
                                                      222 Delaware Avenue, Suite 900
                                                      Wilmington, Delaware 29899-4130
                                                      rkirk@bayardfirm.com
                                                      (302) 655-5000

                                                      Counsel for Defendant
                                                      RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry C. Bunsow, Esq.
K.T. Cherian, Esq.
Scott Wales, Esq.
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

16

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 15, 2008, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Josy W. Ingersoll, Esquire
Adam W. Poff, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899


The undersigned counsel further certifies that, on May 15, 2008, copies of the

foregoing document were sent by hand to the above local counsel and by first class mail

to the following non-registered participant:

Maxim H. Waldbaum, Esquire
Lori D. Greendorfer, Esquire
Henry L. Mann, Esquire`
Kelly L. Morron, Esquire
Schiff Hardin LLP
900 Third Avenue
New York, New York  10022

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

{BAY00817113v1}