IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VYGON,<br><br>       Plaintiff,<br><br>vs.<br><br>RYMED TECHNOLOGIES, INC.,<br><br>       Defendant. | C.A. No. 08-172-GMS |

**DECLARATION OF SCOTT WALES IN SUPPORT OF RYMED
TECHNOLOGIES, INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE
TO TRANSFER**

May 15, 2008

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen G. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
Telephone: (302) 655-5000

Counsel for Defendant
RYMED TECHNOLOGIES, INC.

I, Scott Wales, hereby declare that:

1. I am a partner in the law firm of Howrey LLP, counsel of record in this action. The facts set forth below in this declaration are based upon my personal knowledge, and if called as a witness, I could and would testify competently to those facts.

2. On October 31, 2007, RyMed filed the complaint in this action against Laboratoires Pharmaceutiques Vygon ("LPV"). Based on our investigation, and in particular our study of the website www.vygon.com, LPV was the only Vygon entity in the Vygon family of companies that was identified as being located within France. LPV was also the only Vygon entity in the Vygon family of companies listed on the website as having the same address as that listed on the '306 patent at issue in this litigation and in the U.S. Patent Office assignment records for the '306 patent. We were unable to locate any reference to "Vygon" of France on the website.

3. On May 7, 2008, I discussed the ownership issue regarding the '306 patent with Maxim Waldbaum, counsel for LPV and Vygon in this action. I indicated to Mr. Waldbaum that RyMed would be willing to stipulate to dismissing LPV out of the Tennessee action if LPV would be willing to provide a binding declaration from an LPV officer, rather than a "manager," stating that LPV does not have, and has never had, any right, title, or interest in U.S. Patent No. 5,380, 306. Mr. Waldbaum indicated that he would provide a declaration to this effect to resolve the patent ownership issues. No declaration has been provided.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in San Francisco, California on May 15, 2008.

_____
Scott Wales

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on May 15, 2008, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Josy W. Ingersoll, Esquire
Adam W. Poff, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on May 15, 2008, copies of the foregoing document were sent by hand to the above local counsel and by first class mail to the following non-registered participant:

Maxim H. Waldbaum, Esquire
Lori D. Greendorfer, Esquire
Henry L. Mann, Esquire`
Kelly L. Morron, Esquire
Schiff Hardin LLP
900 Third Avenue
New York, New York  10022

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

{BAY00817113v1}