# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VYGON, | |
| Plaintiff, | |
| vs. | C.A. No. 08-172-GMS |
| RYMED TECHNOLOGIES, INC., | |
| Defendant. | |

## DECLARATION OF FARAH ANTHONY IN SUPPORT OF DEFENDANT RYMED TECHNOLOGIES, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

May 15, 2008

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen G. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
Telephone:  (302) 655-5000

Counsel for Defendant
RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry C. Bunsow, Esq.
K.T. Cherian, Esq.
Scott Wales, Esq.
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone:  (415) 848-4900

I, Farah Anthony, hereby declare that:

1.    I am an attorney at Howrey LLP, counsel of record for Plaintiff RyMed Technologies, Inc. in this action.  I am a member in good standing of the California Bar. I make each of the statements below based on my own personal knowledge, and if called as a witness, I could and would competently testify as to their truthfulness.

2.    Attached hereto as Exhibit 1 is a true and correct copy of the Complaint for Patent Infringement, filed by ICU Medical, Inc. on July 27, 2007 in the United States District Court for the District of Delaware, *ICU Medical, Inc. v. RyMed Technologies, Inc.*, Civil Action No. 07-468-JJF, D.I. 1.

3.    Attached hereto as Exhibit 2 is a true and correct copy of correspondence from Scott Wales to Maxim Waldbaum dated May 7, 2008.

4.    Attached hereto as Exhibit 3 is a true and correct copy of a screenshot of the Vygon website taken on May 7, 2007.

5.    Attached hereto as Exhibit 4 is a true and correct copy of documents titled "Registre National du Commerce et des Sociétés" that were attached to an email sent from Lori Greendorfer to Scott Wales on March 25, 2008.

6.    Attached hereto as Exhibit 5 is a true and correct copy of the Declaration of Celeste Ingalls filed by RyMed Technologies, Inc. on December 12, 2007 in the United States District Court for the Middle District of Tennessee, Nashville Division, *RyMed Technologies, Inc. v. Laboratoires Pharmaceutiques Vygon*, Case No. 3-07-1077.

7.    Attached hereto as Exhibit 6 is a true and correct copy of the Declaration of Brett Jackson filed by RyMed Technologies, Inc. on December 12, 2007 in the United States District Court for the Middle District of Tennessee, Nashville Division, *RyMed Technologies, Inc. v. Laboratoires Pharmaceutiques Vygon*, Case No. 3-07-1077.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in San Francisco, California on May 15, 2008.

Farah Anthony

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ICU MEDICAL, INC.,                  )
                                    )
      Plaintiff,              )
                                    )
    v.                          )     C.A. No. _____
                                    )
RYMED TECHNOLOGIES, INC.,           )
                                    )     **JURY TRIAL DEMANDED**
      Defendant.              )
                                    )

## COMPLAINT FOR PATENT INFRINGEMENT

### PARTIES

1.      Plaintiff ICU Medical, Inc. ("ICU") is a corporation duly organized and exhibits under the laws of the State of Delaware having a principal place of business at 951 Calle Amanecer, San Clemente, California.

2.      On information and belief, Defendant RyMed Technologies, Inc. ("RyMed") is a corporation duly organized and existing under the laws of the State of Delaware, doing business in this judicial district, and having a principal place of business at 137 Third Avenue North, Franklin, Tennessee.

### JURISDICTION AND VENUE

3.      This is an action for damages and injunctive relief based upon patent infringement arising under Title 35 of the United States Code.

4.      Upon information and belief, Defendant Rymed has transacted business in this District, contracted to supply goods or services in this District, and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Delaware.  This Court has jurisdiction over RyMed because RyMed is a Delaware corporation and also because it has committed acts of patent infringement during the course of its business in this District.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391.

## THE PATENTS IN SUIT

7.      On November 11, 1997, United States Patent No. 5,865,866 ("the '866 patent) entitled "Medical valve and method of use" was duly and legally issued to ICU. ICU is the owner of the entire right, title, and interest in the and to the '866 patent. A true and correct copy of the '866 patent is attached hereto as Exhibit A to this Complaint.

8.      On February 23, 1999, United States Patent No. 5,873,862 ("the '862 patent) entitled "Medical valve and method of use" was duly and legally issued to ICU. ICU is the owner of the entire right, title, and interest in and to the '862 patent. A true and correct copy of the '862 patent is attached hereto as Exhibit B to this Complaint.

9.      On July 27, 1999, United States Patent No. 5,928,204 ("the '204 patent) entitled "Medical valve and method of use" was duly and legally issued to ICU. ICU is the owner of the entire right, title, and interest in and to the '204 patent. A true and correct copy of the '204 patent is attached hereto as Exhibit C to this Complaint.

10.     On June 3, 2003, United States Patent No. 6,572,592 ("the '592 patent) entitled "Medical valve and method of use" was duly and legally issued to ICU. ICU is the owner of the entire right, title, and interest in the and to the '592 patent. A true and correct copy of the '592 patent is attached hereto as Exhibit D to this Complaint.

## COUNT I

### DIRECT INFRINGEMENT OF THE '866 PATENT

11.     ICU realleges and incorporates herein by reference the allegations contained in paragraphs 1-10.

12.     On information and belief, RyMed has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '866 patent. RyMed's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to its InVision-Plus valve. Such products have no substantial non-infringing use. RyMed's infringing activities violate 35 U.S.C. § 271.

13.     On information and belief, RyMed's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to ICU.

14.     On information and belief, RyMed's infringement in violation of the federal patents laws will continue to injure ICU unless otherwise enjoined by this Court.

## COUNT II

### DIRECT, INDUCED, AND/OR CONTRIBUTORY INFRINGEMENT OF THE '862 PATENT

15.     ICU realleges and incorporates herein by reference the allegations contained in paragraphs 1-14.

16.     On information and belief, RyMed has infringed and continues to infringe has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement, literally or under the doctrine of equivalents, of one or more claims of the '862 patent. RyMed's infringing activites in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of

products, including but not limited to its InVision-Plus valve, and inducing others to do the same. Such products have no substantial non-infringing use. RyMed's infringing activities violate 35 U.S.C. § 271.

17.    On information and belief, RyMed's direct, induced, and/or contributory infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to ICU.

18.    On information and belief, RyMed's infringement in violation of the federal patents laws will continue to injure ICU unless otherwise enjoined by this Court.

## COUNT III

## DIRECT INFRINGEMENT OF THE '204 PATENT

19.    ICU realleges and incorporates herein by reference the allegations contained in paragraphs 1-18.

20.    On information and belief, RyMed has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '204 patent. RyMed's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to its InVision-Plus valve. Such products have no substantial non-infringing use. RyMed's infringing activities violate 35 U.S.C. § 271.

21.    On information and belief, RyMed's direct infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to ICU.

22.    On information and belief, RyMed's direct infringement in violation of the federal patents laws will continue to injure ICU unless otherwise enjoined by this Court.

## COUNT IV

## DIRECT, INDUCED, AND/OR CONTRIBUTORY INFRINGEMENT
## OF THE '592 PATENT

23.     ICU realleges and incorporates herein by reference the allegations contained in paragraphs 1-22.

24.     On information and belief, RyMed has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement, literally or under the doctrine of equivalents, of one or more claims of the '592 patent. RyMed's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to its InVision-Plus valve, and inducing others to do the same. Such products have no substantial non-infringing use. RyMed's infringing activities violate 35 U.S.C. § 271.

25.     On information and belief, RyMed's direct, induced, and/or contributory infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to ICU.

26.     On information and belief, RyMed's infringement in violation of the federal patents laws will continue to injure ICU unless otherwise enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

1.     A judgment that RyMed has directly infringed the '866 patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

2.     A judgment that RyMed has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, the '862 patent in violation of 35 U.S.C. § 271.

3.     A judgment that RyMed has infringed, literally or under the doctrine of equivalents, the '204 patent in violation of 35 U.S.C. § 271.

4.     A judgment that RyMed has infringed, induced infringement of, and/or contributorily infringed,  literally or under the doctrine of equivalents, the '592 patent in violation of 35 U.S.C. § 271.

5.     Preliminary and permanent injunctive relief enjoining defendant RyMed, its officers, agents, servants, employees, attorneys, and all other person in active concert or participation with them as follows:

    a.     from selling or offering to sell any product falling with the scope of the claims of the '866, '862, '204, and '592 patents;

    b.     from importing any product into the United States falling within the scope of the claims of the '866, '862, '204, and '592 patents;

    c.     from using any product or method falling with the scope of the claims of the '866, '862, '204, and '592 patents;

    d.     from actively inducing others to infringe any claims of the '862, and '592 patents;

    e.     from engaging in acts constituting contributory infringement of any of the claims of the '862 and '592 patents;

    f.     from all other acts of infringement of any of the claims of the '866, '862, '204, and '592 patents;

6.   A declaration that RyMed's infringement of the '866, '862, '204, and '592 patents was willful and deliberate and that this case is exceptional pursuant to 35 U.S.C. §§ 284 and 285;

7.   An award of damages adequate to compensate ICU for RyMed's infringement of the '866, '862, '204, and '592 patents;

8.   An award of treble damages resulting from RyMed's willful and deliberate infringement, and all other categories of damages allowed by 35 U.S.C. § 284;

9.   An award of ICU's costs, expenses, and attorneys' fee incurred in bringing and prosecuting this action, including pursuant to 35 U.S.C. § 285;

10.   An award of pre-judgment interest; and

11.   For such further relief as this Court deems ICU may be entitled to in law and in equity.

## JURY DEMAND

ICU demands a jury trial on all issues triable to a jury in this matter.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James Pooley
Marc Peters
Kimberly Van Voorhis
MORRISON & FOERSTER, LLP
755 Page Mill Rd.
Palo Alto, CA 94304
Tel:  (650) 813-5600

Dated:  July 27, 2007
809486 / 32116

By: _____
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Plaintiff ICU Medical, Inc.*

# EXHIBIT 2

# HOWREY LLP

525 Market Street
Suite 3600
San Francisco, CA 94105-2708
www.howrey.com

**Scott Wales**
Partner
**T** 415.848.4900
**F** 415.848.4999
waless@howrey.com
File 07462.0003.000000

May 7, 2008

**VIA E-MAIL**

Maxim H. Waldbaum
SCHIFF HARDIN LLP
900 Third Avenue
New York, NY 10022

      Re:    <u>Rymed Technologies, Inc. v. VyGon, et al.</u>

Dear Max:

      This letter is to confirm our conversation today regarding the ownership dispute over the '306 patent. I indicated to you that RyMed would be willing to stipulate to dismissing Laboratiores Pharmaceutiques Vygon (LPV) out of the Tennessee action if LPV would be willing to provide a binding declaration from an LPV officer that LPV does not have, and has never had, any right, title, or interest in U.S. Patent No. 5,380, 306. You indicated that you would provide a declaration to this effect to resolve the patent ownership issues.

      Very truly yours,

      Scott Wales

SW:dlk

AMSTERDAM    BRUSSELS    CHICAGO    EAST PALO ALTO    HOUSTON    IRVINE    LONDON    LOS ANGELES
MADRID    MUNICH    NEW YORK    NORTHERN VIRGINIA    PARIS    SALT LAKE CITY    SAN FRANCISCO    TAIPEI    WASHINGTON, DC

# EXHIBIT 3



EXHIBIT 4

■Informations RNCS

 # Registre National du
# Commerce et des Sociétés

**Fiche d'identité**
RCS : **325241750**
**VYGON**
**5-11 Rue Adeline**
**95440 ECOUEN**

Forme juridique : **SA à directoire**
Activité : **331B - Fabrication d'appareils médico-chirurgicaux**

Date de création : **1982**
Date d'immatriculation : **29/10/1987**
Greffe : **Pontoise**
N°de gestion : **87B01620**
Capital : **20 394 000 Euros**
Nationalité : **France**
Nombre d'établissements : **1**

**Les dirigeants**
■ **REGNAULT** Stephane Nicolas
   Né(e) le 07/12/1961 à LE RAINCY (93)
   Président du directoire

■ **PARKETR** Ambroise Athanase Edouard
   Né(e) le 16/08/1963 à UCCLE BELQIQUE
   Président du conseil de surveillance

**Les établissements**
■ 5-11 Rue Adeline
   **95440 ECOUEN**
   331B - Fabrication d'appareils médico-chirurgicaux

 **Registre National du Commerce et des Sociétés**

**Fiche d'identité**
RCS : **728202557**
**SOCIETE DES LABORATOIRES PHARMACEUTIQUES VYGON**
**6 Rue de Paris**
**95440 ECOUEN**
Forme juridique : **Société par actions simplifiée**
Activité : **851K - Laboratoires d'analyses médicales**

Date de création : **1972**
Greffe : **Pontoise**
N°de gestion : **72B00255**
Capital : **39 000 Euros**
Nationalité : **France**
Nombre d'établissements : **1**

**Les dirigeants**
▪ **HANANIA** Michel
  Né(e) le 06/11/1960 à MARSEILLE 01 (13)
  Président directeur général

**Les établissements**
▪ 6 Rue de Paris
  **95440 ECOUEN**
  851K - Laboratoires d'analyses médicales

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RYMED TECHNOLOGIES, INC., | ) | |
| | ) | Case No. 3-07-1077 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| LABORATOIRES | ) | Judge: Hon. Aleta A. Trauger |
| PHARMACEUTIQUES VYGON, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF CELESTE INGALLS

I, Celeste Ingalls, hereby declare:

1. I am a citizen of Oregon, over the age of twenty-one, and am not a party nor an attorney for any party in this action. I make each of the statements below based on my own personal knowledge, and if called as a witness, I could and would competently testify as to their truthfulness.

2. I am employed by Alan H. Crowe & Associates, Inc. dba Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, and I have specialized in the service of civil process in foreign countries for more than 11 years.

3. The United States and France are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, the Hague, November 15, 1965 ("Hague Service Convention").

4. The Ministère de la Justice, Direction des Affaires Civiles et du Sceau, in Paris, France has been designated as the entity authorized ("Central Authority") to receive and coordinate service of judicial documents from U.S. Courts in accordance with the Hague Service Convention.

1

5.  The Central Authority in Paris has stipulated that compulsory service of process in France must be accompanied by a French translation of all documents being served, unless the defendant is willing to voluntarily accept service in English only, and a properly completed Hague Request and Summary.

6.  Over the last 11 years, our experience, and correspondence with the French judicial authorities, has proved that the standard procedures for service of process through the Hague Service Convention in France through the Central Authority in Paris are:

    a.  documents are received and recorded by the French Central Authority;

    b.  documents are assigned and forwarded by the French Central Authority to the appropriate local judicial authority in the jurisdiction of the defendant's service address (usually the local Tribunal/Court, local Police/Sheriff, or assigned Huissier/Bailiff) with instructions to serve in accordance with French law;

    c.  the designated local judicial authority will assign an officer to effect personal service or send a judicial summons to the defendant instructing them to appear at the location of the local authority and retrieve the documents;

    d.  upon completion of the service, or service attempts, the assigned officer will prepare a proof of service/attempted service in the form of a "Proces Verbal", "Affirmation", or Certificate of Service and return, with a copy of the documents served/attempted served, to the local authority;

    e.  the local authority will return the documents to the Central Authority in Paris;

    f.  the Central Authority in Paris will return the documents to the requesting party.

2

7.  Although the Hague Service Convention provides for the ability of the sending country to indicate the method of service requested (such as personal service), ultimately the choice of what method of service to utilize is at the discretion of the designated local judicial authority.

8.  No article of the Hague Service Convention imposes an obligatory time frame.

9.  It has been my experience that the total time it takes to accomplish the above procedures is an average of 4 months, occasionally exceeding 8 months.

I declare under penalty of perjury under the laws of the United Sates of America that the foregoing is true and correct.  Executed on this 6th of December, 2007 in Portland, Oregon.

Celeste Ingalls

DM_US:20900073_1

EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RYMED TECHNOLOGIES, INC., | ) | |
| | ) | Case No. 3-07-1077 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| LABORATOIRES | ) | Judge: Hon. Aleta A. Trauger |
| PHARMACEUTIQUES VYGON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF BRETT C. JACKSON

I, Brett C. Jackson, hereby declare that I am an attorney at Howrey LLP, co-counsel for Plaintiff RyMed Technologies, Inc. in this action. I am a member in good standing of the California bar. I make each of the statements below based on my own personal knowledge, and if called as a witness, I could and would competently testify as to their truthfulness:

1. I contacted two translation services on November 1, 2007 about the translation from English to French of the Complaint and other documents in this action.

2. The documents translated for this action from English to French by the translation service include the civil cover sheet; Complaint (including exhibits A-C); the summons; the Notice of Setting of Initial Case Management Conference; and the Corporate Disclosure Statement.

3. The translation service completed translation on December 6, 2007.

4. On December 7, 2007 I sent a French and English version of the civil cover sheet, Complaint (including Exhibits A, B, and C), the summons, the Notice of Setting of Initial Case Management Conference, and the Corporate Disclosure Statement to Crowe Foreign Services for service of the documents on Defendant Laboratoires Pharmaceutiques Vygon in France.


EXHIBIT
B

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed in San Francisco, California on December 11, 2007.

Brett C. Jackson

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 15, 2008, he electronically filed

the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Josy W. Ingersoll, Esquire
Adam W. Poff, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899


The undersigned counsel further certifies that, on May 15, 2008, copies of the

foregoing document were sent by hand to the above local counsel and by first class mail

to the following non-registered participant:

Maxim H. Waldbaum, Esquire
Lori D. Greendorfer, Esquire
Henry L. Mann, Esquire`
Kelly L. Morron, Esquire
Schiff Hardin LLP
900 Third Avenue
New York, New York  10022


                              /s/ Richard D. Kirk (rk0922)
                              Richard D. Kirk