IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VYGON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-172-GMS |
| | ) | |
| | ) | |
| RYMED TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

1. On March 26, 2008, the plaintiff, Vygon, filed the above-captioned action for patent infringement against RyMed Technologies, Inc. ("RyMed"). (D.I. 1.) Vygon asks that the court declare that: (1) Vygon is the owner of United States Patent No. 5,380,306 (the "'306 patent"); (2) the '306 patent is valid and enforceable; and (3) RyMed has infringed one or more claims of the '306 patent. (D.I. 1, Wherefore Clause.)

2. Vygon filed the original complaint in the present action on March 26, 2008, nearly five months after RyMed filed a declaratory judgment action against Laboratoires Pharmaceutiques Vygon ("LPV") in the United States District Court for the Middle District of Tennessee (Case No. 3:07-cv-01077) (the "Tennessee Action").

3. RyMed later amended its complaint in the Tennessee Action, on March 25, 2008, to add Vygon as a defendant. Thereafter, all parties moved the court in the Tennessee Action to dismiss LPV from the suit, agreeing that LPV had no right, title or interest in the patent and was, therefore, not a proper party in that action. The Honorable Aleta A. Trauger, United States District Judge for the Middle District of Tennessee ("Judge Trauger"), granted the motions to dismiss LPV on December 18, 2008.

4.      Presently before this court is RyMed's motion to dismiss Vygon's action for patent infringement.  (D.I. 7.)

5.      The United States Patent and Trademark Office issued the '306 patent, entitled "Unitary Composite Connector for a Liquid Circuit, in Particular for Medical Applications," to Thierry Brinon ("Brinon"), of Ecouen, France, on January 10, 1995.  (D.I. 1 ¶ 7.)  Brinon assigned the '306 patent to Vygon, also of Ecouen, France, while the application was still pending, and the assignment was recorded on January 23, 1993.  (Id. ¶ 8.)

6.      On September 17, 2007, Vygon's counsel sent a letter to RyMed, claiming that RyMed's InVision-Plus® NEUTRAL® I.V. Connector System (the "Connector System"), and possibly other products, infringe the '306 patent.  (Id. ¶ 10.)  Vygon's counsel asked RyMed to cease its infringing activity, document its intention to cease the infringing activity, and produce sales data so the companies could calculate "mutually agreeable compensation."  (D.I. 1-2 at 20-21.)

7.      In a letter dated October 3, 2007, RyMed responded, stating its belief that the Connector System does not infringe, and that it would not cease the manufacture, sale, or, use of the product.  (Id. at 23.)  RyMed declared its willingness to cooperate in order to settle Vygon's concerns, and proposed that the two companies seek a mutually beneficial business arrangement.  (Id. at 25.)

8.      Vygon responded with an email dated October 18, 2007, in which it repeated its demand that RyMed cease the allegedly infringing activity.  (Id. at 27.)

9.      On October 31, 2007, RyMed filed the Tennessee Action seeking a declaratory judgment that RyMed does not infringe the '306 patent, and further asking the court to declare the '306 patent invalid.  RyMed brought the original action against LPV, believing that LPV was the actual owner of the '306 patent.

10.     On March 25, 2008, the parties participated in a telephone conference, in which Vygon's

counsel informed RyMed that Vygon was the proper defendant in the Tennessee Action, and that LPV had no right, title, or interest in the '306 patent. RyMed filed an amended complaint later that day to add Vygon as a defendant. The following day, March 26, 2008, Vygon filed this action.

11. On April 21, 2008, Vygon filed a Motion to Dismiss the Tennessee Action or, in the alternative, to transfer venue to this court. On December 18, 2008, the court denied Vygon's motion, keeping RyMed's action for declaratory judgment in the Middle District of Tennessee.

12. In denying the motion, the court considered whether hearing the case in Tennessee would "serve the objectives for which the Declaratory Judgment Act was created." (Tennessee Action, D.I. 75 at 13 (quoting *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008)). In so doing, the court conducted a detailed analysis of the relevant considerations a district court should undertake in determining whether to exercise jurisdiction over a first-filed declaratory judgment action – that is, the convenience factors that courts consider in determining whether to transfer venue under 28 U.S.C. § 1404(a). (Tennessee Action, D.I. 75 at 14.)

13. The court specifically found the following: (a) the Tennessee Action was the first-filed action by a wide margin, making Tennessee the favored forum in comparison to Delaware; (b) the first-filed rule applies as equally to declaratory judgment actions as one seeking "coercive relief"; (c) RyMed has connections to Tennessee, in that its corporate offices, books, documents, and a number of its managers reside in Tennessee; (d) the connection between the litigation and Delaware is tenuous; and (e) RyMed's established connections to Tennessee refute the notion that forum shopping alone underlay its decision to bring the suit in Tennessee. (Id. at 14-18.) Based on its findings, the court concluded that hearing RyMed's declaratory judgment action in Tennessee served the objectives for which the Declaratory Judgment Act was created and denied Vygon's motion.

14. RyMed's motion that is currently pending before this court seeks essentially the same

3

determination as Vygon's motion in the Tennessee Action. As discussed, the Tennessee court has issued a ruling on the motion, providing a detailed analysis of the factors to be considered. This court agrees with the findings made by the court in the Tennessee Action and will, therefore, adopt those findings in this Order.

15. Having adopted the findings made by the court in the Tennessee Action, all that remains for the court to determine is whether it should dismiss or transfer this action. The court concludes that dismissal is appropriate. The first-filed rule serves to eliminate "economic waste involved in duplicating litigation." *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475 (3d Cir. 1942). Specifically, courts are burdened by the cases they must take on, and "should therefore not be called upon to duplicate each other's work in cases involving the same issues." *Id.* Judicial and litigant resources currently are being expended in the Middle District of Tennessee in a suit involving the same patent, facts, and technology as this suit. Thus, it would create economic waste to duplicate this litigation in the District of Delaware. For the foregoing reasons, the court will grant RyMed's motion to dismiss.

Therefore, IT IS HEREBY ORDERED that:

1. RyMed's Motion to Dismiss (D.I. 7) is GRANTED.
2. The Clerk of Court is directed to close this case.

Dated: March 31, 2009          /s/ Gregory M. Sleet
                               CHIEF, UNITED STATES DISTRICT JUDGE